RECEIVED
JAN 09 2026
KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
SIXTH CIRCUIT

Case No. 25-2065

UNITED STATES OF AMERICA,
Plaintiff-~~Defendant~~ Appellee,
v.
SAMUEL ALEXANDER KUHL,
Defendant-Appellant.

: ON APPEAL FROM THE
: UNITED STATES DISTRICT
: COURT FOR THE WESTERN
: DISTRICT OF MICHIGAN
: *TIME-SENSITIVE*

**EXPEDITED CONSIDERATION REQUESTED**

MOTION FOR IMMEDIATE INJUNCTION

NOW COMES myself, Appellant Samuel Kuhl, humbly, urgently, and respectfully asking this Court to immediately issue injunctive relief in the form of Ordering the Warden of RGC, Troy Crisman, to transfer me to a regular facility or allow me to personally access the law library. The lack of personal access to the law library here at RGC, along with the excessively limited phone access, is severely impairing my ability to aid and communicate with my appellate counsel Sanford Schulman.

Immediate injunction is necessary and warranted under the circumstances. Due to the lack of law library access I cannot research the appropropriate Appellate Rule applicable to this motion. Thus, please forgive any improprieties herein and honor and entertain this motion.

RELEVANT FACTS

I have been at RGC since 11/25/2025, and I am through with the process here that must be completed before I can be

transferred to a general facility. However, the typical wait-time for level 2 transfers is currently 90 days. According to Mr. Schulman, my deadline to file my brief in this appeal is set for a date in February. Thus, I will not be able to access the law library personally at least until the end of February, far too late to effectively research, analyze, and discuss appellate issues with Mr. Sanford.

I recently received correspondence via the mail from Mr. Schuman. Part of those letters asked me to provide insight into any issues I feel should be raised on appeal. However, Mr. Schulman correctly notes that typically only issues that have been raised and properly preserved in the lower court are properly before this Court. Moreover, Mr. Schulman states he is going to draft a brief limited to the issues raised in the trial court. Due to the fact I was Pro se and the trial court's continued refusal to extend the pretrial motion deadline, the approach of Mr. Schulman extremely concerns me. Thus, I need to be able to research additional issues that may require a different standard of review, in order to effectively discuss with Mr. Schulman why additional certain issues must be raised.

Here at RGC, this requisite research and study of the law is essentially impossible. I have to send a request that specifically states the case citation or rule of law that applies to ~~what~~ the matter I'm trying to research. I do not know these specific

cases or rules by memory. Thus, I have to make broad requests that are either ignored or improperly responded to. For example, I've been asking for Fed. R. Crim. P. 12 and criminal federal appeals discussing pretrial motion deadlines and timeliness of filing - for weeks. However, the only response I got was a printout of Fed. R. Crim. P. 12.1, which was something entirely unrelated to what I was seeking.

Further, I am limited to make such requests due to the unit I am in being on outbreak risk quarantine. Basically, the facility has restricted us from going to law library callouts, in order to pickup materials requested, due to the staff having classified this unit as being at high risk of Covid outbreak - not actually being COVID positive.

Additionally, I can only access the phone 3-4 times per week for 15 minutes. And, there's no guarantee I will be able to use the phone then due to having to race over 100 inmates to 30 phones. RGC is only supposed to be a place for classification and used to be 30-45 days worth of wait. Due to the overcrowded MDOC, this time has basically tripled for level 2 and 4 inmates.

MDOC can allow me to access the law library here personally or transfer me to a general prison where law library access is available. They will suffer no harm by doing so because they have to transport me eventually and have people in the

law library already. If I'm continuously deprived of law library access, my appeal will not be addressed as it should be and I will not be able to communicate my concerns adequately to Mr. Schulman.

Such injunction is in the interest of all because it promotes protection of Due Process that should be afforded to all criminally accused with a right to appeal. Protecting Constitutional rights is always in the public interest. It will also ensure a full and effective review and analysis by this Court which ensures finality and interest of justice.

I am also unable to obtain all of the records, filings, and transcripts of the proceedings in the trial court due to the 12 page limit on mail here at RGC. Even if my family sends the documents in separate envelopes, the mail is not processed together. This causes a long delay in me receiving mail not sent by an attorney and it makes it impossible to receive the requisite voluminous materials for review. Thus, I need to discuss this issue with Mr. Schulman but have not been able to do so yet.

## CONCLUSION

Wherefore, I respectfully request this Court to order Troy Crisman to immediately transport me to a general facility or personally access the law library for at least 16 hours per week.

Respectfully, 

S. Kuhl 1/3/26

S. Kuhl 731991
3855 Cooper St.
Jackson, MI 49201

NAME: Kuhl
Number: 731991
Address: 3855 Cooper St.
Address: Jackson, MI 49201

RECEIVED
JAN 09 2026
KELLY L. STEPHENS, Clerk

U.S. Court of Appeals
Sixth Circuit
106 East Fifth Street
Room 540
Cincinnati, OH 45202

LEGAL MAIL

25-2065
JBD

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019