- ☐ **FEDERAL RULES OF APPELLATE PROCEDURE** [Last Amended December 1, 2025]

- ☐ **SIXTH CIRCUIT RULES**
  [Last Amended October 1, 2025]

- ☐ **SIXTH CIRCUIT INTERNAL OPERATING PROCEDURES**
  [Last Amended October 1, 2025]

- ☐ **SIXTH CIRCUIT GUIDE TO ELECTRONIC FILING**
  [Last Amended December 1, 2024]

December 1, 2025

# TABLE OF CONTENTS


**FRAP 1** **Scope of Rules; Definition; Title** .......... 1
6 Cir. R. 1 Scope of Rules and Title .......... 1
6 Cir. I.O.P. 1 Scope and Title .......... 1
**FRAP 2** **Suspension of Rules** .......... 2
6 Cir. R. 2 Suspension of Rules .......... 2
6 Cir. I.O.P. 2 [Reserved] .......... 2
**FRAP 3** **Appeal as of Right — How Taken** .......... 3
6 Cir. I.O.P. 3 Fees .......... 5
**FRAP 4** **Appeal as of Right — When Taken** .......... 5
6 Cir. R. 4 [Reserved] .......... 10
6 Cir. I.O.P. 4 [Reserved] .......... 11
**FRAP 5** **Appeal by Permission** .......... 11
**6 Cir. R. 5** **Filing of Petition and Subsequent Documents; Fee** .......... 12
6 Cir. I.O.P. 5 [Reserved] .......... 13
**FRAP 5.1** **Appeal by Leave Under 28 U.S.C. § 636(c)(5)** .......... 13
**FRAP 6** **Appeal in a Bankruptcy Case or Proceeding** .......... 13
6 Cir. R. 6 Appeal in Bankruptcy Case from a Final Judgment, Order, or Decree of a District Court or of the Bankruptcy Appellate Panel – Fees .......... 17
**6 Cir. I.O.P. 6** **[Reserved]** .......... 17
**FRAP 7** **Bond for Costs on Appeal in a Civil Case** .......... 17
**6 Cir. R. 7** **[Reserved]** .......... 17
**6 Cir. I.O.P. 7** **[Reserved]** .......... 18
**FRAP 8** **Stay or Injunction Pending Appeal** .......... 18
**6 Cir. R. 8** **Stay Pending Appeal in Death Penalty Cases** .......... 19
**6 Cir. I.O.P. 8** **[Reserved]** .......... 19
**FRAP 9** **Release in a Criminal Case** .......... 20
**6 Cir. R. 9** **Release in a Criminal Case** .......... 20
**6 Cir. I.O.P. 9** **Release in a Criminal Case** .......... 21
**FRAP 10** **The Record on Appeal** .......... 21
**6 Cir. R. 10** **The Record on Appeal** .......... 23
**6 Cir. I.O.P. 10** **The Record on Appeal — Exhibits** .......... 25
**FRAP 11** **Forwarding the Record** .......... 25
**6 Cir. R. 11** **Forwarding the Record** .......... 27
**6 Cir. I.O.P. 11** **Forwarding the Record** .......... 28
**FRAP 12** **Docketing the Appeal; Filing a Representation Statement; Filing the Record** .......... 29
**6 Cir. R. 12** **Filing a Representation Statement; Appearance of Counsel; Counsel's Representation in Criminal Cases** .......... 29
**6 Cir. I.O.P. 12** **Appearance** .......... 31
**FRAP 12.1** **Remand after an Indicative Ruling by the District Court on a Motion for**

| | | | |
|---|---|---|---|
| | Relief that is Barred by a Pending Appeal | | 31 |
| FRAP 13 | Appeals from the Tax Court | | 32 |
| | 6 Cir. R. 13 | Review of a Decision of the Tax Court | 33 |
| | 6 Cir. I.O.P. 13 | [Reserved] | 33 |
| FRAP 14 | Applicability of Other Rules to Appeals from the Tax Court | | 33 |
| | 6 Cir. R. 14 | Review of a Decision of the Tax Court | 33 |
| | 6 Cir. I.O.P. 14 | Review of a Decision of the Tax Court | 33 |
| FRAP 15 | Review or Enforcement of an Agency Order—How Obtained; Intervention | | 34 |
| | 6 Cir. R. 15 | Electronic Filing | 35 |
| | 6 Cir. I.O.P. 15 | Review or Enforcement of an Agency Order - Paper and Electronic Filing | 35 |
| FRAP 15.1 | Briefs and Oral Argument in a National Labor Relations Board Proceeding | | 36 |
| | 6 Cir. R. 15.1 | [Reserved] | 36 |
| | 6 Cir. I.O.P. 15.1 | [Reserved] | 36 |
| FRAP 16 | The Record on Review or Enforcement | | 36 |
| | 6 Cir. R. 16 | [Reserved] | 36 |
| | 6 Cir. I.O.P. 16 | [Reserved] | 36 |
| FRAP 17 | Filing the Record | | 36 |
| | 6 Cir. R. 17 | Filing the Record for an Immigration Review Petition | 37 |
| | 6 Cir. I.O.P. 17 | [Reserved] | 37 |
| FRAP 18 | Stay Pending Review | | 37 |
| | 6 Cir. R. 18 | Motion for Stay Pending Review | 38 |
| FRAP 19 | Settlement of a Judgment Enforcing an Agency Order in Part | | 39 |
| | 6 Cir. R. 19 | [Reserved] | 39 |
| | 6 Cir. I.O.P. 19 | Amendment, Correction or Settlement of a Judgment | 39 |
| FRAP 20 | Applicability of Rules to the Review or Enforcement of an Agency Order | | 39 |
| | 6 Cir. R. 20 | Applicability of Rules to the Review or Enforcement of an Agency Order | 39 |
| | 6 Cir. I.O.P. 20 | [Reserved] | 39 |
| FRAP 21 | Writs of Mandamus and Prohibition, and Other Extraordinary Writs | | 40 |
| | 6 Cir. R. 21 | Writs of Mandamus and Prohibition, and Other Extraordinary Writs - Filing Fee | 41 |
| | 6 Cir. I.O.P. 21 | Writ of Mandamus and Prohibition, and Other Extraordinary Writs | 41 |
| FRAP 22 | Habeas Corpus and Section 2255 Proceedings | | 42 |
| | 6 Cir. R. 22 | Habeas Corpus and Section 2255 Proceedings — Second or Successive Applications — Death Penalty Cases. | 43 |
| | 6 Cir. I.O.P. 22 | Habeas Corpus and Section 2255 Proceedings | 45 |
| FRAP 23 | Custody or Release of a Prisoner in a Habeas Corpus Proceeding | | 45 |
| | 6 Cir. R. 23 | [Reserved] | 46 |
| | 6 Cir. I.O.P. 23 | [Reserved] | 46 |
| FRAP 24 | Proceeding in Forma Pauperis | | 46 |
| | 6 Cir. R. 24 | Proceedings in Forma Pauperis - Application for Pauper | |

| | | | |
|---|---|---|---|
| | | Status on Appeal - Criminal | 48 |
| | 6 Cir. I.O.P. 24 | [Reserved] | 48 |
| FRAP 25 | Filing and Service | | 48 |
| | 6 Cir. R. 25 | Filing and Service; Electronic Case Filing | 51 |
| | 6 Cir. I.O.P. 25 | Filing and Service; Electronic Case Filing | 57 |
| FRAP 26 | Computing and Extending Time | | 57 |
| | 6 Cir. R. 26 | Extending Time; Failure to File or Untimely Filing | 59 |
| | 6 Cir. I.O.P. 26 | Extending Time | 60 |
| FRAP 26.1 | Disclosure Statement | | 60 |
| | 6 Cir. R. 26.1 | Corporate Disclosure Statement | 61 |
| | 6 Cir. I.O.P. 26.1 | [Reserved] | 61 |
| FRAP 27 | Motions | | 62 |
| | 6 Cir. R. 27 | Motions | 64 |
| | 6 Cir. I.O.P. 27 | Motions | 65 |
| FRAP 28 | Briefs | | 66 |
| | 6 Cir. R. 28 | Briefs | 68 |
| FRAP 28.1 | Cross-Appeals | | 70 |
| | 6 Cir. R. 28.1 | [Reserved] | 72 |
| | 6 Cir. I.O.P. 28.1 | [Reserved] | 72 |
| FRAP 29 | Brief of an Amicus Curiae | | 72 |
| | 6 Cir. R. 29 | Motion to Participate in Oral Argument. | 75 |
| | 6 Cir. I.O.P. 29 | [Reserved] | 75 |
| FRAP 30 | Appendix to the Briefs | | 75 |
| | 6 Cir. R. 30 | Appendix to the Briefs; Designation of Relevant Documents; Record in Lieu of Appendix | 77 |
| | 6 Cir. I.O.P. 30 | [Reserved] | 84 |
| FRAP 31 | Serving and Filing Briefs | | 84 |
| | 6 Cir. R. 31 | Serving and Filing Briefs | 84 |
| | 6 Cir. I.O.P. 31 | [Reserved] | 85 |
| FRAP 32 | Form of Briefs, Appendices, and Other Papers | | 86 |
| | 6 Cir. R. 32 | Form of Briefs | 89 |
| | 6 Cir. I.O.P. 32 | [Reserved] | 89 |
| FRAP 32.1 | Citing Judicial Dispositions | | 90 |
| | 6 Cir. R. 32.1 | Citing Judicial Dispositions; Effect of Published Decisions | 90 |
| | 6 Cir. I.O.P. 32.1 | Preparation and Release of Opinions; Publication of Decisions | 90 |
| FRAP 33 | Appeal Conferences | | 92 |
| | 6 Cir. R. 33 | Appeal Conferences - Mediation | 92 |
| | 6 Cir. I.O.P. 33 | [Reserved] | 94 |
| FRAP 34 | Oral Argument | | 94 |
| | 6 Cir. R. 34 | Oral Argument | 95 |
| | 6 Cir. I.O.P. 34 | Oral Argument - Calendaring; Panel Selection and Identity; Notice of Hearing, Postponement, and | |

Presentation of Oral Argument; Screening and Summary Decisions ........ 97

FRAP 35 (Transferred to Rule 40) ........ 99
6 Cir. R. 35 (Transferred to 6 Cir. R. 40) ........ 99
6 Cir. I.O.P. 35 (Transferred to 6 Cir. I.O.P. 40) ........ 99

FRAP 36 Entry of Judgment; Notice ........ 99
6 Cir. R. 36 Entry of Judgment ........ 99
6 Cir I.O.P. 36 [Reserved] ........ 100

FRAP 37 Interest on Judgment ........ 100
6 Cir. R. 37 [Reserved] ........ 100
6 Cir. I.O.P. 37 [Reserved] ........ 100

FRAP 38 Frivolous Appeals – Damages and Costs ........ 100
6 Cir. R. 38 [Reserved] ........ 100
6 Cir. I.O.P. 38 [Reserved] ........ 100

FRAP 39 Costs ........ 101
6 Cir. R. 39 Costs Recoverable for Filing Paper Briefs ........ 102
6 Cir. I.O.P. 39 Bill of Costs - Allowable Costs and Motion to Extend Time ........ 103

FRAP 40 Panel Rehearing; En Banc Determination ........ 103
6 Cir. R. 40 Panel Rehearing; En Banc Determination ........ 105
6 Cir. I.O.P. 40 Petitions for Rehearing ........ 106

FRAP 41 Mandate: Contents; Issuance and Effective Date; Stay ........ 108
6 Cir. R. 41 Issuance of Mandate; Stay of Mandate ........ 109
6 Cir. I.O.P. 41 Issuance of Mandate; Stay of Mandate – Right to Certiorari Not Affected ........ 110

FRAP 42 Voluntary Dismissal ........ 110
6 Cir. R. 42 Voluntary Dismissal ........ 111
6 Cir. I.O.P. 42 [Reserved] ........ 111

FRAP 43 Substitution of Parties ........ 111
6 Cir. R. 43 [Reserved] ........ 112
6 Cir. I.O.P. 43 [Reserved] ........ 112

FRAP 44 Cases Involving a Constitutional Question When the United States or the Relevant State Is Not a Party ........ 112
6 Cir. R. 44 [Reserved] ........ 113
6 Cir. I.O.P. 44 [Reserved] ........ 113

FRAP 45 Clerk's Duties ........ 113
6 Cir. R. 45 Duties of Clerks - Procedural Orders ........ 114
6 Cir. I.O.P. 45 Duties of Clerks – Clerk's Office ........ 115

FRAP 46 Attorneys ........ 115
6 Cir. R. 46 Attorneys - Admission of Attorneys, Attorney Discipline, Law Student Practice ........ 116
6 Cir. I.O.P. 46 [Reserved] ........ 123

FRAP 47 Local Rules by Court of Appeals ........ 123
6 Cir. R. 47 Rule Amendments ........ 124

6 Cir. I.O.P. 47 Advisory Committee On Rules ........ 124
FRAP 48 Masters ........ 125
6 Cir. R. 48 [Reserved] ........ 125
6 Cir. I.O.P. 48 [Reserved] ........ 125
6 Cir. R. 100 - Supplemental Procedural Rules ........ 126
6 Cir. R. 101 [Reserved] ........ 126
6 Cir. I.O.P. 101 [Reserved] ........ 126
6 Cir. R. 102 [Reserved] ........ 126
6 Cir. I.O.P. 102 [Reserved] ........ 126
6 Cir. R. 103 [Reserved] ........ 126
6 Cir. I.O.P. 103 [Reserved] ........ 126
6 Cir. R. 104 [Reserved] ........ 126
6 Cir. R. 105 [Reserved] ........ 126
6 Cir. I.O.P. 105 Complaints of Judicial Misconduct ........ 126
6 Cir. R. 200 - Administrative Rules ........ 127
6 Cir. R. 201 [Reserved] ........ 127
6 Cir. I.O.P. 201 [Reserved] ........ 127
6 Cir. R. 202 Sessions of Court ........ 127
6 Cir. I.O.P. 202 Sessions—Court Facilities and Personnel ........ 127
6 Cir. R. 203 Assignment of Judges; Quorum ........ 128
6 Cir. I.O.P. 203 [Reserved] ........ 128
6 Cir. R. 204 Court Library and Materials ........ 128
6 Cir. I.O.P. 204 Library Hours of Operation ........ 128
6 Cir. R. 205 Judicial Conference of the Sixth Circuit ........ 129
6 Cir. I.O.P. 205 [Reserved] ........ 132
6 Cir. R. 206 [Reserved] ........ 132
6 Cir. I.O.P. 206 [Reserved] ........ 132
SIXTH CIRCUIT GUIDE TO ELECTRONIC FILING ........ 133
Appendix: 141
Length Limits Stated in the ........ 141
Federal Rules of Appellate Procedure ........ 141

# TITLE I. APPLICABILITY OF RULES

## FRAP 1 Scope of Rules; Definition; Title

(a) **Scope of Rules.**

(1) These rules govern procedure in the United States Courts of Appeals.

(2) When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court.

(b) **Definition.** In these rules, 'state'[1] includes the District of Columbia and any United States commonwealth or territory.

(c) **Title**. These rules are to be known as the Federal Rules of Appellate Procedure.

## 6 Cir. R. 1 Scope of Rules and Title

Cite these rules as 6 Cir. R. ___.

## 6 Cir. I.O.P. 1 Scope and Title

**(a) Purpose.** The purpose of these internal operating procedures is to provide useful information about the court's procedures and facilities, as distinguished from requirements of practice and procedure. Although they include practices and procedures that the court and practitioners generally follow, the internal operating procedures are not rules and do not impose requirements of practice and procedure.

**(b) General Content.** These internal operating procedures describe the responsibilities, functions, organization, and procedures in the day-to-day administration of the court's operation. They also set out the work of the judges, bench assignments, calendaring, processing of opinions, and other operating procedures. The court may test and adopt new procedures that may not immediately be included in the internal operating procedures.

Cite these operating procedures as 6 Cir. I.O.P. ___.

1 So in original.

**FRAP 2 Suspension of Rules**

(a) **In a Particular Case.** On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b).

(b) **In an Appellate Rules Emergency.**

(1) **Conditions for an Emergency.** The Judicial Conference of the United States may declare an Appellate Rules emergency if it determines that extraordinary circumstances relating to public health or safety, or affecting physical or electronic access to a court, substantially impair the court's ability to perform its functions in compliance with these rules.

(2) **Content.** The declaration must:

(A) designate the circuit or circuits affected; and

(B) be limited to a stated period of no more than 90 days.

(3) **Early Termination.** The Judicial Conference may terminate a declaration for one or more circuits before the termination date.

(4) **Additional Declarations.** The Judicial Conference may issue additional declarations under this rule.

(5) **Proceedings in a Rules Emergency.** When a rules emergency is declared, the court may:

(A) suspend in all or part of that circuit any provision of these rules, other than time limits imposed by statute and described in Rule 26(b)(1)-(2); and

(B) order proceedings as it directs.

**6 Cir. R. 2 Suspension of Rules**

The court may suspend any provision of these rules to expedite its decision or for other good cause.

**6 Cir. I.O.P. 2 [Reserved]**

## TITLE II. APPEAL FROM A JUDGMENT OR ORDER OF A DISTRICT COURT

### FRAP 3 Appeal as of Right — How Taken

(a) **Filing the Notice of Appeal.**

(1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).

(2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.

(3) An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.

(4) An appeal by permission under 28 U.S.C. § 1292(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively.

(b) **Joint or Consolidated Appeals.**

(1) When two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

(2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

(c) **Contents of the Notice of Appeal.**

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment —or the appealable order —from which the appeal is taken; and

(C) name the court to which the appeal is taken.

(2) A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3) In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4) The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

(5) In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:

(A) an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

(B) an order described in Rule 4(a)(4)(A).

(6) An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

(7) An appeal must not be dismissed for informality of form or title of the notice of appeal, for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.

(8) Forms 1A and 1B in the Appendix of Forms are suggested forms of notices of appeal.

(d) **Serving the Notice of Appeal.**

(1) The district clerk must serve notice of the filing of a notice of appeal by sending a copy to each party's counsel of record excluding the appellant's or, if a party is proceeding pro se, to the party's last known address. When a defendant in a criminal case appeals, the clerk must also serve a copy of the notice of appeal on the defendant. The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice. The district clerk must note, on each copy, the date when the notice of appeal was filed.

(2) If an inmate confined in an institution files a notice of appeal in the manner provided by Rule 4(c), the district clerk must also note the date when the clerk docketed the notice.

(3) The district clerk's failure to serve notice does not affect the validity of the appeal. The clerk must note on the docket the names of the parties to whom the clerk sends copies, with the date of sending. Service is sufficient despite the death of a party or the party's counsel.

(e) **Payment of Fees.** Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

**6 Cir. R. 3 Dismissal for Nonpayment of Fees**

The court may dismiss an appeal if required fees are not paid.

**6 Cir. I.O.P. 3 Fees**

**(a) Generally.** A fee schedule is available on the court's web site and from the clerk's office.

**(b) Indigents.** Fed. R. App. P. 24 governs proceedings in forma pauperis.

**FRAP 4 Appeal as of Right — When Taken**

(a) **Appeal in a Civil Case.**

(1) **Time for Filing a Notice of Appeal.**

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;

(ii) a United States agency;

(iii) a United States officer or employee sued in an official capacity; or

(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf - including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) **Filing Before Entry of Judgment.** A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) **Multiple Appeals.** If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) **Effect of a Motion on a Notice of Appeal.**

(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

(B) (i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or

order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(iii) No additional fee is required to file an amended notice.

(5) **Motion for Extension of Time.**

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) **Entry Defined.**

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

(ii) if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

- the judgment or order is set forth on a separate document, or
- 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order.

(b) **Appeal in a Criminal Case.**

(1) **Time for Filing a Notice of Appeal.**

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

(B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:

(i) the entry of the judgment or order being appealed; or

(ii) the filing of a notice of appeal by any defendant.

(2) **Filing Before Entry of Judgment.** A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) **Effect of a Motion on a Notice of Appeal.**

(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last such remaining motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:

(i) for judgment of acquittal under Rule 29;

(ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 14 days after the entry of the judgment; or

(iii) for arrest of judgment under Rule 34.

(B) A notice of appeal filed after the court announces a decision, sentence, or order—but before it disposes of any of the motions referred to in Rule 4(b)(3)(A)—becomes effective upon the later of the following:

(i) the entry of the order disposing of the last such remaining motion; or

(ii) the entry of the judgment of conviction.

(C) A valid notice of appeal is effective—without amendment—to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A).

(4) **Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

(5) **Jurisdiction.** The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

(6) **Entry Defined.** A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.

(c) **Appeal by an Inmate Confined in an Institution.**

(1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) it is accompanied by:

(i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or
(ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

(B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

(2) If an inmate files the first notice of appeal in a civil case under this Rule 4(c), the 14-day period provided in Rule 4(a)(3) for another party to file a notice of appeal runs from the date when the district court dockets the first notice.

(3) When a defendant in a criminal case files a notice of appeal under this Rule 4(c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.

(d) **Mistaken Filing in the Court of Appeals.** If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.

**6 Cir. R. 4 [Reserved]**

**6 Cir. I.O.P. 4 [Reserved]**

**FRAP 5 Appeal by Permission**

(a) **Petition for Permission to Appeal.**

(1) To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action.

(2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

(b) **Contents of the Petition; Answer or Cross-Petition; Oral Argument.**

(1) The petition must include the following:

(A) the facts necessary to understand the question presented;

(B) the question itself;

(C) the relief sought;

(D) the reasons why the appeal should be allowed and is authorized by a statute or rule; and

(E) an attached copy of:

(i) the order, decree, or judgment complained of and any related opinion or memorandum; and

(ii) any order stating the district court's permission to appeal or finding that the necessary conditions are met.

(2) A party may file an answer in opposition or a cross-petition within 10 days after the petition is served.

(3) The petition and answer will be submitted without oral argument unless the court of appeals orders otherwise.

(c) **Form of Papers; Number of Copies; Length Limits.** All papers must conform to Rule 32(c)(2). An original and 3 copies must be filed unless the court requires a different number by local rule or by order in a particular case. Except by the court's permission, and excluding the accompanying documents required by Rule 5(b)(1)(E):

(1) a paper produced using a computer must not exceed 5,200 words; and

(2) a handwritten or typewritten paper must not exceed 20 pages.

(d) **Grant of Permission; Fees; Cost Bond; Filing the Record.**

(1) Within 14 days after the entry of the order granting permission to appeal, the appellant must:

(A) pay the district clerk all required fees; and

(B) file a cost bond if required under Rule 7.

(2) A notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules.

(3) The district clerk must notify the circuit clerk once the petitioner has paid the fees. Upon receiving this notice, the circuit clerk must enter the appeal on the docket. The record must be forwarded and filed in accordance with Rules 11 and 12(c).

**6 Cir. R. 5 Filing of Petition and Subsequent Documents; Fee**

A petition for permission to appeal and all subsequent documents shall be filed electronically as provided in 6 Cir. R. 25 and this court's Guide to Electronic Filing, unless otherwise ordered by the court. A fee is not required unless the court grants the petition.

**6 Cir. I.O.P. 5 [Reserved]**

**FRAP 5.1 Appeal by Leave Under 28 U.S.C. § 636(c)(5)**

**[Abrogated]**

**FRAP 6 Appeal in a Bankruptcy Case or Proceeding**

(a) **Appeal From a Judgment, Order, or Decree of a District Court Exercising Original Jurisdiction in a Bankruptcy Case or Proceeding.** An appeal to a court of appeals from a final judgment, order, or decree of a district court exercising original jurisdiction in a bankruptcy case or proceeding under 28 U.S.C. § 1334 is taken as any other civil appeal under these rules. But the reference in Rule 4(a)(4)(A) to the time allowed for motions under certain Federal Rules of Civil Procedure must be read as a reference to the time allowed for equivalent motions under the applicable Federal Rules of Bankruptcy Procedure, which may be shorter than the time allowed under the Civil Rules.

(b) **Appeal From a Judgment, Order, or Decree of a District Court or Bankruptcy Appellate Panel Exercising Appellate Jurisdiction in a Bankruptcy Case or Proceeding.**

(1) **Applicability of Other Rules.** These rules apply to an appeal to a court of appeals under 28 U.S.C. § 158(d)(1) from a final judgment, order, or decree of a district court or bankruptcy appellate panel exercising appellate jurisdiction in a bankruptcy case or proceeding under 28 U.S.C. § 158(a) or (b), but with these qualifications:

(A) Rules 4(a)(4), 4(b), 9, 10, 11, 12(c), 13B20, 22B23, and 24(b) do not apply;

(B) the reference in Rule 3(c) to "Forms 1A and 1B in the Appendix of Forms" must be read as a reference to Form 5;

(C) when the appeal is from a bankruptcy appellate panel, "district court," as used in any applicable rule, means "bankruptcy appellate panel"; and

(D) in Rule 12.1, "district court" includes a bankruptcy court or bankruptcy appellate panel.

(2) **Additional Rules.** In addition to the rules made applicable by Rule 6(b)(1), the following rules apply:

(A) **Motion for rehearing.**

(i) If a timely motion for rehearing under Bankruptcy Rule 8022 is filed, the time to appeal for all parties runs from the entry of the order disposing of the motion. A notice of appeal filed after the district court or bankruptcy appellate panel announces or enters a judgment, order, or decree—but before disposition of the motion for rehearing—becomes effective when the order disposing of the motion for rehearing is entered.

(ii) If a party intends to challenge the order disposing of the motion—or the alteration or amendment of a judgment, order, or decree upon the motion—then the party, in accordance with Rules 3(c) and 6(b)(1)(B), must file a notice of appeal or amended notice of appeal. The notice or amended notice must be filed within the time prescribed by Rule 4—excluding Rules 4(a)(4) and 4(b)—measured from the entry of the order disposing of the motion.

(iii) No additional fee is required to file an amended notice.

(B) **The record on appeal.**

(i) Within 14 days after filing the notice of appeal, the appellant must file with the clerk possessing the record assembled in accordance with Bankruptcy Rule 8009—and serve on the appellee—a statement of the issues to be presented on appeal and a designation of the record to be certified and made available to the circuit clerk.

(ii) An appellee who believes that other parts of the record are necessary must, within 14 days after being served with the appellant's designation, file with the clerk and serve on the appellant a designation of additional parts to be included.

(iii) The record on appeal consists of:

- the redesignated record as provided above;
- the proceedings in the district court or bankruptcy appellate panel; and
- a certified copy of the docket entries prepared by the clerk under Rule 3(d).

(C) **Making the Record Available.**

(i) When the record is complete, the district clerk or bankruptcy-appellate-panel clerk must number the documents constituting the record and promptly make it available to the circuit clerk. If the clerk makes the record available in paper form, the clerk will not send documents of unusual bulk or weight, physical exhibits other than documents, or other parts of the record designated for omission by local rule of the court of appeals, unless directed to do so by a party or the circuit clerk. If unusually bulky or heavy exhibits are to be made available in paper form, a party must arrange with the clerks in advance for their transportation and receipt.

(ii) All parties must do whatever else is necessary to enable the clerk to assemble the record and make it available. When the record is made available in paper form, the court of appeals may provide by rule or order that a certified copy of the docket entries be made available in place of the redesignated record. But at any time during the appeal's pendency, any party may request that the redesignated record be made available.

(D) **Filing the record.** When the district clerk or bankruptcy-appellate-panel clerk has made the record available, the circuit clerk must note that fact on the docket. The date as noted serves as the filing date of the record. The circuit clerk must immediately notify all parties of that date.

**(c) Direct Appeal from a Judgment, Order, or Decree of a Bankruptcy Court by Authorization Under 28 U.S.C. § 158(d)(2).**

(1) **Applicability of Other Rules.** These rules apply to a direct appeal from a judgment, order, or decree of a bankruptcy court by authorization under 28 U.S.C. § 158(d)(2), but with these qualifications:

(A) Rules 3-4, 5 (except as provided in this Rule 6(c)),6(a), 6(b), 8(a), 8(c), 9-12, 13-20, 22-23, and 24(b) do not apply; and

(B) as used in any applicable rule, "district court" or "district clerk" includes—to the extent appropriate—a bankruptcy court or bankruptcy appellate panel or its clerk;

(2) **Additional Rules.** In addition, to the rules made applicable by Rule 6(c)(1), the following rules apply:

(A) **Petition to Authorize a Direct Appeal.** Within 30 days after certification of a

bankruptcy court's order for direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2) becomes effective under Bankruptcy Rule 8006(a), any party to the appeal may ask the court of appeals to authorize a direct appeal by filing a petition with the circuit clerk under Bankruptcy Rule 8006(g).

(B) **Contents of the Petition.** The petition must include material required by Rule 5(b)(1) and an attached copy of:

(i) the certification; and

(ii) the notice of appeal of the bankruptcy court's judgment, order, or decree filed under Bankruptcy Rule 8003 or 8004.

(C) **Answer or Cross-Petition; Oral Argument.** Rule 5(b)(2) governs an answer or cross-petition. Rule 5(b)(3) governs oral argument.

(D) **Form of Papers; Number of Copies; Length Limits.** Rule 5(c) governs the required form, number of copies to be filed, and length limits applicable to the petition and any answer or cross-petition.

(E) **Notice of Appeal; Calculating Time.** A notice of appeal to the court of appeals need not be filed. The date when the order authorizing the direct appeal is entered serves as the date of the notice of appeal for calculating time under these rules.

(F) **Notification of the Order Authorizing Direct Appeal; Fees; Docketing the Appeal.**

(i) When the court of appeals enters the order authorizing the direct appeal, the circuit clerk must notify the bankruptcy clerk and the district court clerk or bankruptcy-appellate-panel clerk of the entry.

(ii) Within 14 days after the order authorizing the direct appeal is entered, the appellant must pay the bankruptcy clerk any unpaid required fee, including:

- the fee required for the appeal to the district court or bankruptcy appellate panel; and

- the difference between the fee for an appeal to the district court or bankruptcy appellate panel and the fee required for an appeal to the court of appeals.

(iii) The bankruptcy clerk must notify the circuit clerk once the appellant has paid all required fees. Upon receiving the notice, the circuit clerk must

enter the direct appeal on the docket.

(G) **Stay Pending Appeal.** Bankruptcy Rule 8007 governs any stay pending appeal.

(H) **The Record on Appeal.** Bankruptcy Rule 8009 governs the record on appeal. If a party has already filed a document or completed a step required to assemble the record for the appeal to the district court or bankruptcy appellate panel, the party need not repeat that filing or step.

(I) **Making the Record Available.** Bankruptcy Rule 8010 governs completing the record and making it available. When the court of appeals enters the order authorizing the direct appeal, the bankruptcy clerk must make the record available to the circuit clerk.

(J) **Duties of the Circuit Clerk.** When the bankruptcy clerk has made the record available, the circuit clerk must note that fact on the docket. The date as noted serves as the filing date of the record. The circuit clerk must immediately notify all parties of that date.

(K) **Filing a Representation Statement.** Unless the court of appeals designates another time, within 14 days after the order authorizing the direct appeal is entered, the attorney for each party to the appeal must file a statement with the circuit clerk naming the parties that the attorney represents on appeal.

## 6 Cir. R. 6 Appeal in Bankruptcy Case from a Final Judgment, Order, or Decree of a District Court or of the Bankruptcy Appellate Panel – Fees

6 Cir. R. 10(b) applies to exhibits in bankruptcy appeals, except that when the appeal is from a bankruptcy appellate panel, the terms "district court" and "district clerk" mean "appellate panel" and "appellate panel clerk."

## 6 Cir. I.O.P. 6 [Reserved]

## FRAP 7 Bond for Costs on Appeal in a Civil Case

In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

## 6 Cir. R. 7 [Reserved]

**6 Cir. I.O.P. 7 [Reserved]**

**FRAP 8 Stay or Injunction Pending Appeal**

(a) **Motion for Stay.**

(1) **Initial Motion in the District Court.** A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a bond or other security provided to obtain a stay of judgment; or

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

(2) **Motion in the Court of Appeals; Conditions on Relief.** A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

(A) The motion must:

(i) show that moving first in the district court would be impracticable; or

(ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

(B) The motion must also include:

(i) the reasons for granting the relief requested and the facts relied on;

(ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

(iii) relevant parts of the record.

(C) The moving party must give reasonable notice of the motion to all parties.

(D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

(E) The court may condition relief on a party's filing a bond or other security in the district court.

(b) **Proceeding Against a Security Provider.** If a party gives security with one or more security providers, each provider submits to the jurisdiction of the district court and irrevocably appoints the district clerk as its agent on whom any papers affecting its liability on the security may be served. On motion, a security provider's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly send a copy to each security provider whose address is known.

(c) **Stay in a Criminal Case.** Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case.

**6 Cir. R. 8 Stay Pending Appeal in Death Penalty Cases**

(a) **Direct Federal Appeals**

(1) **Time for Filing Motion.** An appellant moving for a stay must do so as soon as possible after filing the notice of appeal.

(2) **Review of Merits on Motion for Stay.** The court may conclude it can appropriately address the merits of the case on a motion for a stay. If so, the court will order the parties to address the merits in expedited briefs. The court may grant a temporary stay pending consideration of the merits to prevent mooting the case. Any oral argument of the merits will be as soon as practicable after briefs are filed.

(b) **State Cases.** 6 Cir. R. 22(c)(3) governs stays in state death penalty cases.

**6 Cir. I.O.P. 8 [Reserved]**

**FRAP 9 Release in a Criminal Case**

(a) **Release Before Judgment of Conviction.**

(1) The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.

(2) After reasonable notice to the appellee, the court of appeals must promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires. Unless the court so orders, briefs need not be filed.

(3) The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal.

(b) **Release After Judgment of Conviction.** A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

(c) **Criteria for Release.** The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c).

**6 Cir. R. 9 Release in a Criminal Case**

(a) **Review of a Release or Detention Order by Appeal.**

(1) In an appeal of a district court's release or detention order, the appellant must file a brief within 10 days after the circuit clerk dockets the appeal unless the clerk establishes a different schedule.

(2) The appellee may file a brief in response no more than 10 days after the appellant's brief is filed. The court may take action without a response.

(3) The appellant may file a reply brief no more than 7 days after appellee's brief.

(4) The parties' briefs shall comply with the form requirements of Fed. R. App. P. 28 and 32 and 6 Cir. R. 28 and 32. The appellant's and appellee's briefs should not exceed 20 pages if handwritten or typewritten or 5,200 words if produced using a computer, while any reply should not exceed 10 pages if handwritten or typewritten or 2,600 words if produced using a computer.

(b) **Review of a Release or Detention Order by Motion.**

(1) A party may file a motion seeking review of a district court's release or detention order when permitted by Fed. R. App. P. 9(b).

(2) The motion, as well as any response or reply, must comply with the form, length, and time requirements of Fed. R. App. P. 27 and 6 Cir. R. 27. The court may take action without a response.

(c) **Court May Change Requirements.** On motion of a party or on its own, the court may order different filings and a different schedule.

**6 Cir. I.O.P. 9 Release in a Criminal Case**

Review of district court orders on pretrial release or detention is by appeal, not motion.

**FRAP 10 The Record on Appeal**

(a) **Composition of the Record on Appeal.** The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;

(2) the transcript of proceedings, if any; and

(3) a certified copy of the docket entries prepared by the district clerk.

(b) **The Transcript of Proceedings.**

(1) **Appellant's Duty to Order.** Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A),whichever is later, the appellant must do either of the following:

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

(i) the order must be in writing;

(ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and

(iii) the appellant must, within the same period, file a copy of the order with the district clerk; or

(B) file a certificate stating that no transcript will be ordered.

(2) **Unsupported Finding or Conclusion.** If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

(3) **Partial Transcript.** Unless the entire transcript is ordered:

(A) the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;

(B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and

(C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so.

(4) **Payment.** At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

(c) **Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being

served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

(d) **Agreed Statement as the Record on Appeal.** In place of the record on appeal as defined in Rule 10(a), the parties may prepare, sign, and submit to the district court a statement of the case showing how the issues presented by the appeal arose and were decided in the district court. The statement must set forth only those facts averred and proved or sought to be proved that are essential to the courts resolution of the issues. If the statement is truthful, it—together with any additions that the district court may consider necessary to a full presentation of the issues on appeal—must be approved by the district court and must then be certified to the court of appeals as the record on appeal. The district clerk must then send it to the circuit clerk within the time provided by Rule 11. A copy of the agreed statement may be filed in place of the appendix required by Rule 30.

(e) **Correction or Modification of the Record.**

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

**6 Cir. R. 10 The Record on Appeal**

(a) **Transcripts.**

(1) **Transcript Order.** A party ordering a transcript or certifying that a transcript is unnecessary must:

(A) Use Form 6CA-30, which is available on the court's web site and from the clerk's office;

(B) File the form in the district court;

(C) File the form in this court;

(D) Serve the form on the other parties; and

(E) Send four copies to each reporter from whom a transcript is ordered.

(2) **Failure to Comply with Transcript Requirements.** The court may dismiss an appeal for failure to timely order a transcript, to make satisfactory arrangements with the reporter for paying the cost of the transcript, or to certify that no transcript will be ordered.

(b) **Exhibits.** Exhibits should ordinarily be made part of the district court's electronic record. This subrule (b) applies to non-electronic exhibits that are necessary for the court to understand the issues and decide the appeal. If a party is uncertain as to how certain exhibits should be handled, the party should contact the case manager.

(1) **Appendix of Certain Paper Exhibits.** For paper exhibits that are not part of the district court's electronic record and that are necessary for the court to understand the issues and decide the appeal, a party may file an appendix with:

- manageable paper exhibits; and
- excerpts from documents of unusual bulk or weight that the district court would normally not transmit to this court.

(2) **Documents of Unusual Bulk or Weight; Physical Exhibits.** This subrule (b)(2) applies to documents of unusual bulk or weight and physical exhibits that the district clerk would not normally forward to this court. When a party deems it necessary for the court to have such items to understand the issues and decide the appeal, a party must:

(A) designate the items to be forwarded;

(B) obtain the circuit clerk's written permission to forward them; and

(C) request the district clerk to forward them.

**6 Cir. I.O.P. 10 The Record on Appeal — Exhibits**

(a) **Non-electronic Exhibits.** Exhibits filed in the district court are part of the record on appeal. Fed. R. App. P. 10(a)(1). Generally, the district court does not send non-electronic exhibits to this court unless and until the circuit clerk requests them. 6 Cir. R. 10(b) gives guidance on handling non-electronic exhibits.

(b) **Bulky Exhibits.** 6 Cir. R. 10(b) distinguishes between "manageable paper exhibits" and "documents of unusual bulk or weight." The intent is (1) to allow parties to include in an appendix exhibits or exhibit excerpts without burdening the court with extremely voluminous exhibits and (2) to provide for forwarding of physical exhibits and documents of unusual bulk or weight when immediate availability to the court is important to the appeal.

(c) **Sealed Exhibits.** 6 Cir. R. 25 (h) governs sealed documents, including sealed exhibits.

(d) **Non-PDF Exhibits.** A party may file with the clerk of the court of appeals a video, audio, or other non-PDF exhibit which has been filed with the district court. If an exhibit is to be filed under seal, four copies must be provided unless directed otherwise by the clerk. Guidelines for filing video and audio exhibits are posted on the Court's website.

**FRAP 11 Forwarding the Record**

(a) **Appellant's Duty.** An appellant filing a notice of appeal must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record. If there are multiple appeals from a judgment or order, the clerk must forward a single record.

(b) **Duties of Reporter and District Clerk.**

(1) **Reporter's Duty to Prepare and File a Transcript**. The reporter must prepare and file a transcript as follows:

(A) Upon receiving an order for a transcript, the reporter must enter at the foot of the order the date of its receipt and the expected completion date and send a copy, so endorsed, to the circuit clerk.

(B) If the transcript cannot be completed within 30 days of the reporters receipt of the order, the reporter may request the circuit clerk to grant additional time to complete it. The clerk must note on the docket the action taken and notify the parties.

(C) When a transcript is complete, the reporter must file it with the district clerk and notify the circuit clerk of the filing.

(D) If the reporter fails to file the transcript on time, the circuit clerk must notify the district judge and do whatever else the court of appeals directs.

(2) **District Clerk's Duty to Forward.** When the record is complete, the district clerk must number the documents constituting the record and send them promptly to the circuit clerk together with a list of the documents correspondingly numbered and reasonably identified. Unless directed to do so by a party or the circuit clerk, the district clerk will not send to the court of appeals documents of unusual bulk or weight, physical exhibits other than documents, or other parts of the record designated for omission by local rule of the court of appeals. If the exhibits are unusually bulky or heavy, a party must arrange with the clerks in advance for their transportation and receipt.

(c) **Retaining the Record Temporarily in the District Court for Use in Preparing the Appeal.** The parties may stipulate, or the district court on motion may order, that the district clerk retain the record temporarily for the parties to use in preparing the papers on appeal. In that event the district clerk must certify to the circuit clerk that the record on appeal is complete. Upon receipt of the appellee's brief, or earlier if the court orders or the parties agree, the appellant must request the district clerk to forward the record.

(d) **[Abrogated]**

(e) **Retaining the Record by Court Order.**

(1) The court of appeals may, by order or local rule, provide that a certified copy of the docket entries be forwarded instead of the entire record. But a party may at any time during the appeal request that designated parts of the record be forwarded.

(2) The district court may order the record or some part of it retained if the court needs it while the appeal is pending, subject, however, to call by the court of appeals.

(3) If part or all of the record is ordered retained, the district clerk must send to the court of appeals a copy of the order and the docket entries together with the parts of the original record allowed by the district court and copies of any parts of the record designated by the parties.

(f) **Retaining Parts of the Record in the District Court by Stipulation of the Parties.** The parties may agree by written stipulation filed in the district court that designated parts of the record be retained in the district court subject to call by the court of appeals or request by a party. The parts of the record so designated remain a part of the record on appeal.

(g) **Record for a Preliminary Motion in the Court of Appeals.** If, before the record is forwarded, a party makes any of the following motions in the court of appeals:

- for dismissal;
- for release;
- for a stay pending appeal;
- for additional security on the bond on appeal or on a bond or other security provided to obtain a stay of judgment; or
- for any other intermediate order—

the district clerk must send the court of appeals any parts of the record designated by any party.

**6 Cir. R. 11 Forwarding the Record**

(a) **District Clerk's Duty to Forward.**

(1) **Electronic Record.** The district clerk does not forward the electronic record. This court directly accesses the district court's electronic record.

(2) **Non-Electronic Record.** The district court will forward non-electronic parts of the record only when the circuit clerk requests it.

(b) **Transcripts; Reporter's Duties.** This subrule applies to transcripts that a party orders or that the court directs to be transcribed for appeal.

(1) **Criminal Appeals.** The reporter must give priority to preparing transcripts in criminal appeals except for in-courtroom obligations. Where necessary to ensure timely resolution of a criminal appeal, this court may direct preparation of the transcript out of the order otherwise prescribed by rule.

(2) **Extension of Time.** A request for additional time to complete the transcript under Fed. R. App. P. 11(b)(1)(B) must include:

- the date of the notice of apeal;
- the reasons for the extension;
- when the transcript was ordered;
- when the party ordering the transcript made satisfactory financial arrangements with the reporter;

- the estimated number of pages;
- the number of pages completed;
- the estimated completion date; and
- in a criminal case, the dates of conviction and sentencing.

(3) **Reduction of Fees.**

(A) If the transcript is not completed within 45 days from the reporter's receipt of the order, the reporter must reduce the usual fee by 10%.

(B) If the transcript is not completed within 60 days from the reporter's receipt of the order, the reporter must:

- reduce the usual fee by a total of 20%; and
- discontinue courtroom duties until the transcript is completed and filed in the district court.

(C) The circuit clerk may waive the fee reductions for good cause.

(4) **Request to Suspend Preparation.** The reporter must not honor a party's request to suspend transcript preparation unless the court directs otherwise.

(c) **Sealed Documents.**

(1) **Documents Remain Sealed.** If the district court forwards a sealed document, this court will give the document the same confidential treatment.

(2) **Unsealing.** A sealed document will be unsealed and made part of the public record only on this court's or the district court's order. A person seeking to unseal a document sealed by the district court must move to unseal first in the district court.

### 6 Cir. I.O.P. 11 Forwarding the Record

(a) **Reporter's Duties; Extension of Time.** The circuit clerk monitors outstanding transcripts and delays in transcript preparation. Fed. R. App. P.11(b)(1)(B) and 6 Cir. R. 11(b)(2) govern a reporter's request for an extension of time.

(b) **Presentence Reports.** The circuit court will obtain any presentence report and objections to it and any pretrial services and supervised release revocation reports. The court will keep them confidential.

### FRAP 12 Docketing the Appeal; Filing a Representation Statement; Filing the Record

(a) **Docketing the Appeal.** Upon receiving the copy of the notice of appeal and the docket entries from the district clerk under Rule 3(d), the circuit clerk must docket the appeal under the title of the district-court action and must identify the appellant, adding the appellant's name if necessary.

(b) **Filing a Representation Statement.** Unless the court of appeals designates another time, the attorney who filed the notice of appeal must, within 14 days after filing the notice, file a statement with the circuit clerk naming the parties that the attorney represents on appeal.

(c) **Filing the Record, Partial Record, or Certificate.** Upon receiving the record, partial record, or district clerk's certificate as provided in Rule 11, the circuit clerk must file it and immediately notify all parties of the filing date.

### 6 Cir. R. 12 Filing a Representation Statement; Appearance of Counsel; Counsel's Representation in Criminal Cases

(a) **Required Appearance.** An attorney must file a Form for Appearance of Counsel, 6CA-68, to file documents or argue. A party represented by more than one attorney or firm must designate a single attorney as lead counsel. Counsel must update his or her PACER account to reflect changes in address telephone number, fax number, and e-mail address, and must advise the clerk as well. The court will provide notices only to counsel who has filed an appearance. Failure to file an appearance may result in dismissal of the case.

(b) **Exigent Circumstances.** 6 Cir. R. 46(a)(1)(A) requires most counsel to be admitted to this court's bar to appear. In exigent circumstances that require filing or argument before admission, counsel should contact the clerk for directions.

(c) **Counsel's Representation in Criminal Cases.**

(1) **Continued Representation on Appeal.** Trial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court.

(2) **Appointment of Trial Counsel as Appellate Counsel.** If the district court appointed trial counsel, this court will appoint trial counsel as appellate counsel when the notice of appeal is filed. Appellant need not provide further proof of indigence.

(3) **Appointment of Appellant's Counsel Under CJA.** When the court directs appointment of counsel for an appellant under the Criminal Justice Act, the clerk will select counsel as provided in the Sixth Circuit Criminal Justice Act Plan.

(4) **Withdrawal of Appellate Counsel.** A motion to withdraw as counsel on appeal in a criminal case must state reasons and be accompanied by one of the following:

(A) Proof that new counsel has been retained to represent the defendant, including a signed appearance by new counsel. If the defendant is indigent and seeks the appointment of counsel pursuant to the Criminal Justice Act application must first be made to the district court for leave for the defendant to proceed in forma pauperis.

(B) An affidavit or signed statement from the defendant stating:

- the defendant has been advised of the defendant's appellate rights; and
- the defendant withdraws the appeal.

(C) A brief following the procedure in *Anders v. California*, 386 US 738 (1967), and—in addition to service otherwise required—proof that counsel served the following on the defendant:

- a copy of the brief;
- a copy of the motion; and
- notice that the defendant has 21 days from the date of service to file a brief in support of reversal of the conviction.

(D) A detailed statement of reasons why it would be unethical, unfair, or unreasonable to require counsel to continue to represent defendant, and in addition to service otherwise required—proof that counsel served the following on the defendant:

- a copy of the motion, including this statement; and
- notice that the defendant has 14 days from service of the motion to file a response.

(5) **Petition for Rehearing or for Writ of Certiorari.**

(A) Appointed counsel must file a petition for rehearing in this court or for a writ of certiorari in the Supreme Court if the client requests it, and in counsel's considered judgment, there are grounds for seeking further review.

(B) The court shall accept a timely petition for rehearing filed pro se by a person represented by appointed counsel. If appointed counsel has not filed a motion to withdraw, the clerk shall serve counsel with notice of the pro se petition with a request that counsel take further action.

**6 Cir. I.O.P. 12 Appearance**

The appearance must be filed electronically. 6 Cir. R. 25(a)(1).

**FRAP 12.1 Remand after an Indicative Ruling by the District Court on a Motion for Relief that is Barred by a Pending Appeal**

(a) **Notice to the Court of Appeals.** If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

(b) **Remand after an Indicative Ruling.** If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

## TITLE III. APPEALS FROM THE UNITED STATES TAX COURT

### FRAP 13 Appeals from the Tax Court

(a) **Appeal as of Right.**

(1) **How Obtained; Time for Filing a Notice of Appeal.**

(A) An appeal as of right from the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d). If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.

(B) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

(2) **Notice of Appeal; How Filed.** The notice of appeal may be filed either at the Tax Court clerk's office in the District of Columbia or by sending it to the clerk. If sent by mail the notice is considered filed on the postmark date, subject to § 7502 of the Internal Revenue Code, as amended, and the applicable regulations.

(3) **Contents of the Notice of Appeal; Service; Effect of Filing and Service.** Rule 3 prescribes the contents of a notice of appeal, the manner of service, and the effect of its filing and service. Form 2 in the Appendix of Forms is a suggested form of a notice of appeal.

(4) **The Record on Appeal; Forwarding; Filing.**

(A) Except as otherwise provided under Tax Court rules for the transcript of proceedings, the appeal is governed by the parts of Rules 10, 11, and 12 regarding the record on appeal from a district court, the time and manner of forwarding and filing, and the docketing in the court of appeals.

(B) If an appeal is taken to more than one court of appeals, the original record must be sent to the court named in the first notice of appeal filed. In an appeal to any other court of appeals, the appellant must apply to that other court to make provision for the record.

(b) **Appeal by Permission.** An appeal by permission is governed by Rule 5.

**6 Cir. R. 13 Review of a Decision of the Tax Court**

The provisions in these rules for appeal from a judgment or order of a district court apply to appeals from the United States Tax Court, except as provided for appendices in 6 Cir. R. 30.

Comment

This rule is added to make clear that Tax Court appeals will generally be handled the same as district court appeals. However, the Tax Court's electronic records are not easily transferable to the court of appeals. Therefore, as set out in 6 Cir. R. 30, in Tax Court appeals there will be appendices instead of an electronic record on appeal.

**6 Cir. I.O.P. 13 [Reserved]**

**FRAP 14 Applicability of Other Rules to Appeals from the Tax Court**

All provisions of these rules, except Rules 4, 6-9, 15B20, and 22B23, apply to appeals from the Tax Court. References in any applicable rule (other than Rule 24(a)) to the district court and district clerk are to be read as referring to the Tax Court and its clerk.

**6 Cir. R. 14 Review of a Decision of the Tax Court**

The rules for appeals from a district court apply to appeals from the United States Tax Court, except that 6 Cir. R. 30(b)(3) governs the appendix.

**6 Cir. I.O.P. 14 Review of a Decision of the Tax Court**

The Tax Court's electronic records are not easily transferable to this court. Therefore, a Tax Court appeal has an appendix instead of an electronic record on appeal. The appendix and all other filings generally must be filed electronically.

## TITLE IV. REVIEW OR ENFORCEMENT OF AN ORDER OF AN ADMINISTRATIVE AGENCY, BOARD, COMMISSION, OR OFFICER

### FRAP 15 Review or Enforcement of an Agency Order—How Obtained; Intervention

(a) **Petition for Review; Joint Petition.**

(1) Review of an agency order is commenced by filing, within the time prescribed by law, a petition for review with the clerk of a court of appeals authorized to review the agency order. If their interests make joinder practicable, two or more persons may join in a petition to the same court to review the same order.

(2) The petition must:

(A) name each party seeking review either in the caption or the body of the petition using such terms as "et al.," "petitioners," or "respondents" does not effectively name the parties;

(B) name the agency as a respondent (even though not named in the petition, the United States is a respondent if required by statute); and

(C) specify the order or part thereof to be reviewed.

(3) Form 3 in the Appendix of Forms is a suggested form of a petition for review.

(4) In this rule "agency" includes an agency, board, commission, or officer; "petition for review" includes a petition to enjoin, suspend, modify, or otherwise review, or a notice of appeal, whichever form is indicated by the applicable statute.

(b) **Application or Cross-Application to Enforce an Order; Answer; Default.**

(1) An application to enforce an agency order must be filed with the clerk of a court of appeals authorized to enforce the order. If a petition is filed to review an agency order that the court may enforce, a party opposing the petition may file a cross-application for enforcement.

(2) Within 21 days after the application for enforcement is filed, the respondent must serve on the applicant an answer to the application and file it with the clerk. If the respondent fails to answer in time, the court will enter judgment for the relief requested.

(3) The application must contain a concise statement of the proceedings in which the order was entered, the facts upon which venue is based, and the relief requested.

(c) **Service of the Petition or Application.** The circuit clerk must serve a copy of the petition for review, or an application or cross-application to enforce an agency order, on each respondent as prescribed by Rule 3(d), unless a different manner of service is prescribed by statute. At the time of filing, the petitioner must:

(1) serve, or have served, a copy on each party admitted to participate in the agency proceedings, except for the respondents;

(2) file with the clerk a list of those so served; and

(3) give the clerk enough copies of the petition or application to serve each respondent.

(d) **Intervention.** Unless a statute provides another method, a person who wants to intervene in a proceeding under this rule must file a motion for leave to intervene with the circuit clerk and serve a copy on all parties. The motion—or other notice of intervention authorized by statute—must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention.

(e) **Payment of Fees.** When filing any separate or joint petition for review in a court of appeals, the petitioner must pay the circuit clerk all required fees.

**6 Cir. R. 15 Electronic Filing**

A petition for review of an agency order and all subsequent documents shall be filed electronically, in accordance with 6 Cir. R. 25 and this court's Guide to Electronic Filing, unless otherwise ordered by the court.

**6 Cir. I.O.P. 15 Review or Enforcement of an Agency Order - Paper and Electronic Filing**

(a) **Petition, Application.** A party seeking review or enforcement of an agency order must file the petition for review or application for enforcement electronically as provided in 6 Cir. R. 25(b)(1).

(b) **Motion for Stay.** A party filing a motion for a stay at the same time as the petition for review must file the motion in paper format with an electronic copy as provided in 6 Cir. R. 25(b)(1).

(c) **Other Documents.** All other documents must be filed electronically unless the court orders otherwise. 6 Cir. R. 25(a).

**FRAP 15.1 Briefs and Oral Argument in a National Labor Relations Board Proceeding**

In either an enforcement or a review proceeding, a party adverse to the National Labor Relations Board proceeds first on briefing and at oral argument, unless the court orders otherwise.

**6 Cir. R. 15.1 [Reserved]**

**6 Cir. I.O.P. 15.1 [Reserved]**

**FRAP 16 The Record on Review or Enforcement**

(a) **Composition of the Record.** The record on review or enforcement of an agency order consists of:

(1) the order involved;

(2) any findings or report on which it is based; and

(3) the pleadings, evidence, and other parts of the proceedings before the agency.

(b) **Omissions From or Misstatements in the Record.** The parties may at any time, by stipulation, supply any omission from the record or correct a misstatement, or the court may so direct. If necessary, the court may direct that a supplemental record be prepared and filed.

**6 Cir. R. 16 [Reserved]**

**6 Cir. I.O.P. 16 [Reserved]**

**FRAP 17 Filing the Record**

(a) **Agency to File; Time for Filing; Notice of Filing.** The agency must file the record with the circuit clerk within 40 days after being served with a petition for review, unless the statute authorizing review provides otherwise, or within 40 days after it files an application for enforcement unless the respondent fails to answer or the court orders otherwise. The court may shorten or extend the time to file the record. The clerk must notify all parties of the date when the record is filed.

(b) **Filing—What Constitutes.**

(1) The agency must file:

(A) the original or a certified copy of the entire record or parts designated by the parties; or

(B) a certified list adequately describing all documents, transcripts of testimony, exhibits, and other material constituting the record, or describing those parts designated by the parties.

(2) The parties may stipulate in writing that no record or certified list be filed. The date when the stipulation is filed with the circuit clerk is treated as the date when the record is filed.

(3) The agency must retain any portion of the record not filed with the clerk. All parts of the record retained by the agency are a part of the record on review for all purposes and, if the court or a party so requests, must be sent to the court regardless of any prior stipulation.

**6 Cir. R. 17 Filing the Record for an Immigration Review Petition**

See 6 Cir. R. 30(f)(2) for the requirements for filing the record in immigration cases.

**6 Cir. I.O.P. 17 [Reserved]**

**FRAP 18 Stay Pending Review**

(a) **Motion for a Stay.**

(1) **Initial Motion Before the Agency.** A petitioner must ordinarily move first before the agency for a stay pending review of its decision or order.

(2) **Motion in the Court of Appeals.** A motion for a stay may be made to the court of appeals or one of its judges.

(A) The motion must:

(i) show that moving first before the agency would be impracticable; or

(ii) state that, a motion having been made, the agency denied the motion or failed to afford the relief requested and state any reasons given by the agency for its action.

(B) The motion must also include:

(i) the reasons for granting the relief requested and the facts relied on;

(ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

(iii) relevant parts of the record.

(C) The moving party must give reasonable notice of the motion to all parties.

(D) The motion must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

(b) **Bond.** The court may condition relief on the filing of a bond or other appropriate security.

**6 Cir. R. 18 Motion for Stay Pending Review**

(a) **Electronic Filing**. A motion for stay must be filed electronically as provided in 6 Cir. R. 25(b)(1).

(b) **Motion for Stay of Removal**.

(1) **Notice by Petitioner**. When filing a motion for a stay of removal in immigration proceedings, a petitioner shall include any known information regarding the status and timing of the removal.

(2) **Notice by Respondent**. Within 24 hours of the docketing of a motion for a stay of removal, the respondent shall file with the court and serve on the petitioner a notice stating whether the respondent has scheduled the petitioner's removal and, if so, the earliest date upon which the petitioner will be removed. The respondent bears the continuing obligation to update the notice if that information changes. The court will decide whether, and to what degree, to expedite briefing and submission of the motion, and whether to administratively stay the order of removal pending resolution of the motion.

**FRAP 19 Settlement of a Judgment Enforcing an Agency Order in Part**

When the court files an opinion directing entry of judgment enforcing the agency's order in part, the agency must within 14 days file with the clerk and serve on each other party a proposed judgment conforming to the opinion. A party who disagrees with the agency's proposed judgment must within 10 days file with the clerk and serve the agency with a proposed judgment that the party believes conforms to the opinion. The court will settle the judgment and direct entry without further hearing or argument.

**6 Cir. R. 19 [Reserved]**

**6 Cir. I.O.P. 19 Amendment, Correction or Settlement of a Judgment**

The clerk refers the following matters to the panel that decided the case:

- a motion to amend or correct the judgment; and
- settlement of a judgment under Fed. R. App. P. 19.

**FRAP 20 Applicability of Rules to the Review or Enforcement of an Agency Order**

All provisions of these rules, except Rules 3–14 and 22–23, apply to the review or enforcement of an agency order. In these rules, "appellant" includes a petitioner or applicant, and "appellee" includes a respondent.

**6 Cir. R. 20 Applicability of Rules to the Review or Enforcement of an Agency Order**

The provisions of these rules, except 6 Cir. R. 3-14 and 22, apply to review or enforcement of an agency order. In these rules, "appellant" includes a petitioner or applicant, and "appellee" includes a respondent.

**6 Cir. I.O.P. 20 [Reserved]**

## TITLE V. EXTRAORDINARY WRITS

### FRAP 21 Writs of Mandamus and Prohibition, and Other Extraordinary Writs

(a) **Mandamus or Prohibition to a Court: Petition, Filing, Service, and Docketing.**

(1) A party petitioning for a writ of mandamus or prohibition directed to a court must file the petition with the circuit clerk and serve it on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes.

(2) (A) The petition must be titled "In re [name of petitioner]."

(B) The petition must state:

(i) the relief sought;

(ii) the issues presented;

(iii) the facts necessary to understand the issue presented by the petition; and

(iv) the reasons why the writ should issue.

(C) The petition must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.

(3) Upon receiving the prescribed docket fee, the clerk must docket the petition and submit it to the court.

(b) **Denial; Order Directing Answer; Briefs; Precedence.**

(1) The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time.

(2) The clerk must serve the order to respond on all persons directed to respond.

(3) Two or more respondents may answer jointly.

(4) The court of appeals may invite or order the trial-court judge to address the petition or may invite an amicus curiae to do so. The trial-court judge may request

permission to address the petition but may not do so unless invited or ordered to do so by the court of appeals.

(5) If briefing or oral argument is required, the clerk must advise the parties, and when appropriate, the trial-court judge or amicus curiae.

(6) The proceeding must be given preference over ordinary civil cases.

(7) The circuit clerk must send a copy of the final disposition to the trial-court judge.

(c) **Other Extraordinary Writs.** An application for an extraordinary writ other than one provided for in Rule 21(a) must be made by filing a petition with the circuit clerk and serving it on the respondents. Proceedings on the application must conform, so far as is practicable, to the procedures prescribed in Rule 21(a) and (b).

(d) **Form of Papers; Number of Copies; Length Limits.** All papers must conform to Rule 32(c)(2). An original and 3 copies must be filed unless the court requires the filing of a different number by local rule or by order in a particular case. Except by the court's permission, and excluding the accompanying documents required by Rule 21(a)(2)(C):

(1) a paper produced using a computer must not exceed 7,800 words; and

(2) a handwritten or typewritten paper must not exceed 30 pages.

**6 Cir. R. 21 Writs of Mandamus and Prohibition, and Other Extraordinary Writs - Filing Fee**

A fee schedule is available on the court's web site and from the clerk's office. The clerk will not docket the petition if the fee is not paid, or if the petitioner has not been granted leave to proceed in forma pauperis.

**6 Cir. I.O.P. 21 Writ of Mandamus and Prohibition, and Other Extraordinary Writs**

(a) A party seeking an extraordinary writ may file the petition in paper format with an electronic copy as provided in 6 Cir. R. 25(b)(1) and (3).

(b) Status Report from Respondent. When a petition seeks to expedite a district court or tax court case, this court will request a status report from the respondent judge and send a copy of the request to petitioner.

(c) Petition Raising Substantive Issues. When a petition raises substantive legal issues, this court may deny the petition without an answer or may request a preliminary response from any respondent and send a copy of the request to petitioner and to all respondents. No response is permitted absent such a request, and the petition will not be granted in the absence of such a request. Where a response is requested from any respondent, other respondents may respond jointly or separately on the same schedule.

## TITLE VI. HABEAS CORPUS; PROCEEDINGS IN FORMA PAUPERIS

### FRAP 22 Habeas Corpus and Section 2255 Proceedings

(a) **Application for the Original Writ.** An application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court. If a district court denies an application made or transferred to it, renewal of the application before a circuit judge is not permitted. The applicant may, under 28 U.S.C. § 2253, appeal to the court of appeals from the district court's order denying the application.

(b) **Certificate of Appealability.**

(1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any) along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.

(2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.

(3) A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.

**6 Cir. R. 22 Habeas Corpus and Section 2255 Proceedings — Second or Successive Applications — Death Penalty Cases.**

(a) **Certificate of Appealability.** A party seeking a certificate of appealability from this court must do so as soon as possible after the filing of the notice of appeal.

(b) **Motion to File a Second or Successive Application Under 28 U.S.C. § 2254 or § 2255.**

(1) **Scope.** This subrule (b) applies to motions in this court for authorization to file a second or successive application in the district court under 28 U.S.C. § 2254 or § 2255.

(2) **Motion.**

(A) **Information Sheet.** The clerk will provide an information sheet and motion form for an applicant who advises that he or she will move for authorization. The information sheet and motion form is also available on the court's web site.

(B) **What to File.**

(i) **Form.** The applicant must use the court's form. The form is available on the court's web site.

(ii) **Additional Documents.** The applicant must file with the motion the following documents from prior § 2254 or § 2255 proceedings if they are reasonably available. The court may request respondent to provide these documents:

- the magistrate judge's report and recommendation; and
- the district judge's opinion.

(C) **No Filing Fee.** A filing fee is not required.

(3) **Response.** The respondent may file a response within 14 days after the later of service of the motion or respondent's service of supporting documentation.

(4) **Court Action.**

(A) **Considering Response.** The court may consider an untimely response. The court need not await a response in a death penalty case where execution is imminent.

(B) **Forwarding Order.** The clerk will forward the court's order to the district clerk.

(c) **Death Penalty Cases.**

(1) **Scope.** This subrule (c) applies to applications under 28 U.S.C. § 2254 or § 2255 by a person under a sentence of death.

(2) **Contacting the Clerk.** Counsel must contact the clerk's office by telephone at the earliest possible time—before filing a notice of appeal if possible—to inform the clerk of the status of the case and determine the procedures that apply.

(3) **Stay of Execution.**

(A) **Time for Filing Motion.** An applicant moving for a stay must do so as soon as possible after filing the notice of appeal.

(B) **Review of Merits on Motion for Stay.** The court may conclude it appropriately can address the merits of the case on a motion for a stay. If so, the court will order the parties to address the merits in expedited briefs. The court may grant a temporary stay pending consideration of the merits to prevent mooting the case. Any oral argument of the merits will be held as soon as practicable after briefs are filed.

(4) **Emergency Motions.** Counsel with an emergency motion or application must file it with the clerk rather than with an individual judge. The court encourages telephone communication with the clerk as soon as it becomes evident that an applicant will seek emergency relief.

(5) **Required Documents for Certificate of Appealability or Stay of Execution.** This subrule (c)(5) applies to an application for a certificate of appealability and a motion for stay of execution. The application or motion must include the following documents if they are not part of the district court's electronic record:

- available transcripts of the district court proceedings; and
- all state and federal opinions or judgments involving any issue presented to this court or, if the ruling was not made in a written opinion or judgment, the relevant portions of the transcript.

**6 Cir. I.O.P. 22 Habeas Corpus and Section 2255 Proceedings**

(a) **Motion to File a Second or Successive Application Under 28 U.S.C. § 2254 or § 2255.** An applicant not represented by counsel seeking authorization to file a second or successive application in the district court under 28 U.S.C. § 2254 or § 2255 must file the motion in paper format. If an applicant is represented by counsel, the request for authorization to file the application should be filed electronically as provided in 6 Cir. R. 25 with an electronic copy as provided in 6 Cir. R. 25(b)(1).

(b) **Death Penalty Cases.**

(1) **Panel Assignment.** The court maintains a roster of active judges and those senior judges who so elect for making panel assignments in all death penalty cases, including direct appeals in federal death penalty cases. The clerk assigns the panel as soon as the case is docketed. The panel handles all matters in the case, including second or successive petitions, incidental and collateral matters, and separate proceedings questioning the conviction or sentence. An active judge assigned to a panel continues as a member after taking senior status.

(2) **Scheduling and Briefing.** Special scheduling and briefing requirements apply to death penalty cases. See 6 Cir. R. 31(c)(3) and 32(b)(2).

(c) **Appointment of Counsel.** When a pro se applicant is the appellee in a 28 U.S.C. §§ 2241, 2254, or 2255 case, the clerk will appoint counsel if the applicant is indigent.

(d) **Single Judge Stay.** The panel decision is the court's decision unless the en banc court changes it. However, it is the court's policy that an active judge—whether or not a member of the assigned panel—or a senior judge who is a member of the panel, may issue a stay for no longer than necessary to allow the court to rule on a petition for en banc review or a judge's request for en banc review. This policy is consistent with the authority granted a single judge by Rule 8 of the Federal Rules of Appellate Procedure to rule on motions in exceptional circumstances.

**FRAP 23 Custody or Release of a Prisoner in a Habeas Corpus Proceeding**

(a) **Transfer of Custody Pending Review.** Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

(b) **Detention or Release Pending Review of Decision Not to Release.** While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:

(1) detained in the custody from which release is sought;

(2) detained in other appropriate custody; or

(3) released on personal recognizance, with or without surety.

(c) **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

(d) **Modification of the Initial Order on Custody.** An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

**6 Cir. R. 23 [Reserved]**

**6 Cir. I.O.P. 23 [Reserved]**

**FRAP 24 Proceeding in Forma Pauperis**

(a) **Leave to Proceed in Forma Pauperis.**

(1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

(3) **Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

(4) **Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

(A) denies a motion to proceed on appeal in forma pauperis;

(B) certifies that the appeal is not taken in good faith; or

(C) finds that the party is not otherwise entitled to proceed in forma pauperis.

(5) **Motion in the Court of Appeals.** A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

(b) **Leave to Proceed in Forma Pauperis on Appeal from the United States Tax Court or on Appeal or Review of an Administrative-Agency Proceeding.** A party may file in the court of appeals a motion for leave to proceed on appeal in forma pauperis with an affidavit prescribed by Rule 24(a)(1):

(1) in an appeal from the United States Tax Court; and

(2) when an appeal or review of a proceeding before an administrative agency, board, commission, or officer proceeds directly in the court of appeals.

(c) **Leave to Use Original Record.** A party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without reproducing any part.

**6 Cir. R. 24 Proceedings in Forma Pauperis - Application for Pauper Status on Appeal - Criminal**

If a convicted defendant did not qualify to proceed in forma pauperis in the district court but appears to qualify on appeal, trial counsel must see that the defendant completes CJA Form 23 (for an incarcerated defendant) or Fed. R. App. P. Form 4 (for a defendant not incarcerated) and files it in the district court. The forms are available from the district court clerk and this court's web site.

COMMITTEE NOTE: Former 6th Cir. R. 12(c). See also 6 Cir. R. 101.

**6 Cir. I.O.P. 24 [Reserved]**

**TITLE VII. GENERAL PROVISIONS**

**FRAP 25 Filing and Service**

(a) **Filing.**

(1) **Filing with the Clerk.** A paper required or permitted to be filed in a court of appeals must be filed with the clerk.

(2) **Filing: Method and Timeliness.**

**(A) Nonelectronic Filing.**

i. **In General.** For a paper not filed electronically, filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing.

ii. **A Brief or Appendix.** A brief or appendix not filed electronically is timely filed, however, if on or before the last day for filing, it is:

- mailed to the clerk by first-class mail, or other class of mail that is at least as expeditious, postage prepaid; or

- dispatched to a third-party commercial carrier for delivery to the clerk within 3 days.

iii. **Inmate Filing.** If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 25(a)(2)(A)(iii). A paper not filed electronically by an inmate is timely if it is deposited in the institution's internal mail system on or before the last day for filing and**:**

- it is accompanied by: a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid; or the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 25(a)(2)(A)(iii).

**(B) Electronic Filing and Signing.**

(i) **By a Represented Person — Generally Required; Exceptions.** A person represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for good cause or is allowed or required by local rule.

(ii) **By an Unrepresented Person — When Allowed or Required.** A person not represented by an attorney:

- may file electronically only if allowed by court order or by local rule; and
- may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions.

(iii) **Signing.** A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.

(iv) **Same as a Written Paper.** A paper filed electronically is a written paper for purposes of these rules.

(3) **Filing a Motion with a Judge.** If a motion requests relief that may be granted by a single judge, the judge may permit the motion to be filed with the judge; the judge must note the filing date on the motion and give it to the clerk.

(4) **Clerk's Refusal of Documents.** The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice.

(5) **Privacy Protection.** An appeal in a case whose privacy protection was governed by Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, or Federal Rule of Criminal Procedure 49.1 is governed by the same rule on appeal. In all other proceedings, privacy protection is governed by Federal Rule of Civil Procedure 5.2, except that Federal Rule of Criminal Procedure 49.1 governs when an extraordinary writ is sought in a criminal case. The provisions on remote electronic access in Federal Rule of Civil Procedure 5.2(c)(1) and (2) apply in a petition for review of a benefits decision of the Railroad Retirement Board under the Railroad Retirement Act.

(b) **Service of All Papers Required.** Unless a rule requires service by the clerk, a party must, at or before the time of filing a paper, serve a copy on the other parties to the appeal or review. Service on a party represented by counsel must be made on the party's counsel.

(c) **Manner of Service.**

(1) Nonelectronic service may be any of the following:

(A) personal, including delivery to a responsible person at the office of counsel;

(B) by mail; or

(C) by third-party commercial carrier for delivery within 3 days.

(2) Electronic service of paper may be made (A) by sending it to a registered user by filing it with the court's electronic-filing system or (B) by sending it by other electronic means that the person to be served consented to in writing.

(3) When reasonable considering such factors as the immediacy of the relief sought, distance, and cost, service on a party must be by a manner at least as expeditious as the manner used to file the paper with the court.

(4) Service by mail or by commercial carrier is complete on mailing or delivery to the carrier. Service by electronic means is complete on filing or sending, unless the party making service is notified that the paper was not received by the party served.

(d) **Proof of Service.**

(1) A paper presented for filing must contain either of the following if it was served other than through the court's electronic-filing system:

(A) an acknowledgment of service by the person served; or

(B) proof of service consisting of a statement by the person who made service certifying:

(i) the date and manner of service;

(ii) the names of the persons served; and

(iii) their mail or electronic addresses, facsimile numbers, or the addresses of the places of delivery, as appropriate for the manner of service.

(2) When a brief or appendix is filed by mailing or dispatch in accordance with Rule 25(a)(2)(A)(ii), the proof of service must also state the date and manner by which the document was mailed or dispatched to the clerk.

(3) Proof of service may appear on or be affixed to the papers filed.

(e) **Number of Copies.** When these rules require the filing or furnishing of a number of copies, a court may require a different number by local rule or by order in a particular case.

**6 Cir. R. 25 Filing and Service; Electronic Case Filing**

(a) **Electronic Filing Required.**

(1) **Requirement.** All documents must be filed electronically using the Electronic Case Filing (ECF) system unless these rules or a court order provide otherwise. These rules and the Guide to Electronic Filing govern electronic filing.

(2) **Form of Electronic Filing.** Electronically filed documents must be in PDF format and must conform to technical requirements established by the Judicial Conference or the court. When possible, documents must be in Native PDF format and not created by scanning.

(3) **Paper Filings Not Accepted.** When these rules require electronic filing, the clerk will not accept a paper filing.

(b) **Exceptions to Electronic Filing.**

(1) **Case Initiating Documents - Exceptions to Electronic Filing.**

(A) **Definition.** The following are "case initiating documents" governed by this subrule (b)(1):

(i) A petition for permission to appeal under Fed. R. App. P. 5;

(ii) A petition for review or application for enforcement of an agency order under Fed. R. App. P. 15;

(iii) A motion for a stay filed with a petition for review of an agency order;

(iv) A petition for a writ of mandamus or prohibition or other extraordinary writ under Fed. R. App. P. 21;

(v) A motion to authorize filing in the district court of a second or successive application for a writ of habeas corpus under 6 Cir. R. 22(b); and

(vi) Any other document initiating an original action in this court.

(B) **Manner of Filing.** A party represented by counsel must file a case initiating document electronically, as either a PDF file attached to an e-mail directed to the clerk's office or in CD format, as provided in the Guide to Electronic Filing.

(2) **Other Exceptions.** The following must be filed in such electronic format as directed by the court or provided for in the Guide to Electronic Filing or in paper format:

(A) **Pro Se Filings.** A document filed by a non-incarcerated party in a civil action who is not represented by counsel, also referred to as a *pro se* or in *pro per* party, may file in paper format or by submitting permissible documents to an email box designated for that purpose.

(B) **Attorney Misconduct Proceedings.** Documents involving complaints of attorney misconduct should be transmitted in paper format, or such means as authorized by the clerk.

(C) **CJA Representation.** Documents involving compensation or expense reimbursement for representation under the Criminal Justice Act must be

submitted in the e-Voucher system.

(D) **Large Documents.** A document that exceeds the limit for the size of electronic filing, as specified in the electronic case filing section of the court's web site, should be provided electronically as directed by the court.

(3) **Filing in Paper Format.** Unless these rules require otherwise, a party filing in paper format must file only a signed original.

(4) **Proof of Filing in Paper Format.** When the court allows or requires filing in paper format, the filer may obtain a file-stamped copy at the time of filing in person or by providing the clerk with a preaddressed stamped envelope and an extra copy of the document.

(c) **ECF Registration and Use.**

(1) **Requirements for ECF Registration.** To use the ECF system, an attorney must register. To register, an attorney must:

(A) be permitted to practice in this court and be in good standing;

(B) have a valid Public Access to Court Electronic Records (PACER) account or be a member of an office that has a valid PACER account;

(C) register for appellate court electronic filing at the PACER Service Center; and

(D) have a valid e-mail address.

(2) **Registration Is Consent to Electronic Service.** An attorney's registration is written consent:

(A) to electronic service of documents as provided by the Federal Rules of Appellate Procedure and these rules, and

(B) to receive electronic correspondence, orders, and opinions from the court.

(3) **Login Name and Password.** The clerk will issue a login name and password to an attorney who registers. The attorney may change the password after receiving it. Use of an attorney's login name and password by another, with the attorney's authorization, is deemed the attorney's use. If a login name or password is compromised, the attorney must notify the court as provided in the Guide to Electronic Filing.

(4) **Changes in Information.**

(A) **Requirement to Give Notice.** An attorney whose email address, mailing address, telephone number, or fax number has changed must change the information in his or her PACER account accordingly, and must file a notice of the change with the clerk and serve the notice on the parties in cases in which the attorney entered an appearance.

(B) **Service on Obsolete Address.** Service on an obsolete email address is valid service if the attorney failed to give notice of a change.

(d) **Signatures.**

(1) **Attorney Signature.** An attorney's use of the attorney's login name and password to submit a document electronically serves as that attorney's signature on the document. The attorney must use a signature block in substantially the following form, without a graphic or electronic signature:

/s/ Attorney Name
Attorney Name
ABC Law Firm
1234 First Street
Cincinnati, Ohio 45202
Telephone: (513) 987-6543
E-mail: AttorneyName@abclawfirm.com
Attorney for ______________

(2) **Multiple Attorney Signatures.** The filer of a document with multiple signatures (such as a stipulation) must file in one of the following forms:

(A) Use an "/s/ Attorney Name" signature block for each attorney. By submitting the document, the filer certifies that the other attorneys expressly agreed to the form and substance of the document and authorized the filer to submit it electronically.

(B) Submit a scanned document with the signatures.

(3) **Pro Se Filers Signatures.** Pro Se filers must provide a written signature on documents submitted via electronic or paper means.

(4) **Clerk and Deputy Clerks; Court-Issued Documents.** The clerk's or a deputy clerk's filing of a document using that individual's login and password is the filing of a signed original. An order, opinion, judgment, or other court-issued document filed electronically without the signature of the judge, clerk, or deputy

clerk has the same effect as if it were signed.

(e) **Filing; Entry; Official Record.**

(1) **Filing and Entry – ECF – Filed Documents.**

(A) **Filing by Party.**

(i) **Filing and Entry.** Electronic transmission of a document and transmission of the Notice of Docket Activity (NDA) from the court constitute filing the document under the Federal Rules of Appellate Procedure and entry of that document in the docket under Fed. R. App. P. 45(b)(1).

(ii) **Time of Filing.** An electronically-filed document is filed at the time shown on the NDA. Electronic filing does not alter a filing deadline. Where the deadline is a specific time of day, the electronic filing must be completed by that time.

(B) **Filing by Court.**

(i) Electronic filing of an order, decree, notice, opinion, or judgment constitutes entry in the docket under Fed. R. App. P. 36 and 45(b)(1) and (c).

(ii) The filing by the court of documents electronically transmitted to the clerk by a pro se party will constitute entry in the docket. An electronically transmitted document filed via email pursuant to § (b)(2) of this rule will be deemed filed at the time it is received by the court via email.

(2) **Official Record.** The electronic version of filed documents—including those originally filed in paper format—is the official record. Modification of a filed document or docket entry is not permitted unless the court authorizes it.

(3) **Disposal of Paper Filings.** The clerk will discard paper documents once they have been made a part of the electronic record, unless the electronic copy is incomplete or of questionable quality or unless the court orders otherwise.

(f) **Service of Documents Filed Electronically.**

(1) **Method of Service.**

(A) **NDA Constitutes Service.** The ECF system sends a Notice of Docket Activity (NDA) to registered attorneys in the case. This constitutes

service on them and no other service is necessary.

(B) **Service on Unregistered Parties and Attorneys.** The filer must serve parties not represented by counsel and attorneys not registered for electronic filing by other means under Fed. R. App. P. 25(c).

(2) **Certificate of Service.** A document presented for filing must contain a proof of service. Fed. R. App. P. 25(d). The NDA does not replace the proof of service.

(g) **ECF Technical Failures.**

(1) **Extension of Time.** There is a technical failure in the ECF system if the clerk finds that the system is unable to accept filings continuously or intermittently for more than one hour after 12:00 noon Eastern time. In that case, filings due that day that were not filed because of that technical failure are due the next business day. A delayed filing must include a declaration or affidavit attesting to the filer's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay because of the technical failure.

(2) **Help Desk.** A filer experiencing difficulty with electronic filing should contact the ECF help desk, as provided on the court's website and in the Guide to Electronic Filing.

(h) **Sealed Documents.**

(1) **Sealing or Limiting Access to Orders and Opinions.** An order or opinion is generally part of the public record. A party that seeks to seal or restrict access to an order or opinion must do so by motion.

(2) **Motion.** A motion to file sealed documents may be filed electronically unless prohibited by law, local rule, or court order. At the same time as filing the motion, the movant must provide the court and other parties a copy of the documents at issue. The movant must consult with the clerk before submitting the documents. The movant may provide the court's copy by sending a CD or an email to the clerk's office with a PDF file as provided in the Guide to Electronic Filing.

(3) **Order.** If the court grants the motion, the order authorizing filing of sealed documents may be filed electronically unless prohibited by law.

(4) **Filing.** Upon this court's entry of an order granting a motion to seal documents, those documents are to be filed via the court's electronic filing system (ECF).

(5) **Sealed Documents From Lower Court or Agency.** Documents sealed in the lower court or agency must continue to be filed under seal in this court. The filing must comply with the requirements of the court or agency that originally ordered or authorized the documents to be sealed.

**6 Cir. I.O.P. 25 Filing and Service; Electronic Case Filing**

The court cautions parties in criminal cases not to include in briefs or other filings information regarding a defendant's or other witness's cooperation with the government, if that information has not previously been disclosed on the public record and if disclosure might create a risk to the defendant's or other witness's safety. If a party deems it necessary to include such information, the party should move to seal or redact the filings under 6 Cir. R. 25 and Sixth Circuit Guide to Electronic Filing §§ 7 and 12.

**FRAP 26 Computing and Extending Time**

(a) **Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) **Period Stated in Days or a Longer Unit.** When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(2) **Period Stated in Hours.** When the period is stated in hours:

(A) begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and

(C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

(3) **Inaccessibility of the Clerk's Office.** Unless the court orders otherwise, if the clerk's office is inaccessible:

(A) on the last day for filing under Rule 26(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or

(B) during the last hour for filing under Rule 26(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

(4) **"Last Day" Defined.** Unless a different time is set by a statute, local rule, or court order, the last day ends:

(A) for electronic filing in the district court, at midnight in the court's time zone;

(B) for electronic filing in the court of appeals, at midnight in the time zone of the circuit clerk's principal office;

(C) for filing under Rules 4(c)(1), 25(a)(2)(A)(ii), and 25(a)(2)(A)(iii)—and filing by mail under Rule 13(a)(2)—at the latest time for the method chosen for delivery to the post office, third-party commercial carrier, or prison mailing system; and

(D) for filing by other means, when the clerk's office is scheduled to close.

(5) **"Next Day" Defined.** The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

(6) **"Legal Holiday" Defined.** "Legal holiday" means:

(A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Juneteenth National Independence Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;

(B) any day declared a holiday by the President or Congress; and

(C) for periods that are measured after an event, any other day declared a holiday by the state where either of the following is located: the district court that rendered the challenged judgment or order, or the circuit clerk's principal office.

(b) **Extending Time.** For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may not extend the time to file:

(1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal; or

(2) a notice of appeal from or a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law.

(c) **Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after being served, and the paper is not served electronically on the party or delivered to the party on the date stated in the proof of service, 3 days are added after the period would otherwise expire under Rule 26(a).

**6 Cir. R. 26 Extending Time; Failure to File or Untimely Filing**

(a) **Extending Time.**

(1) **How Sought.** A party seeking an extension of time must do so by written motion. The fact that the opposing party does not oppose the extension or previously received an extension is not dispositive of the motion. The court disfavors applications for extensions of time for the filing of briefs.

(2) **Extension of Time to File Brief in Criminal Appeal.** A motion to extend a briefing deadline in a criminal appeal must state whether the defendant is in custody or on bail.

(3) **Late Documents.** If a party files a document after the filing deadline, the party must also file a motion to extend the time for filing explaining the circumstances. If a party files without the required motion, the court will notify the party of the need to file the motion and await receipt of the motion before acting on the late-filed document.

(b) **Failure to File or Untimely Filing.** If the appellant does not timely process the appeal—including not timely filing a brief or required appendix or not meeting other deadlines—the court may dismiss the appeal for want of prosecution, impose sanctions, or both.

**6 Cir. I.O.P. 26 Extending Time**

**(a) Briefing Extensions Not Favored.** The court does not favor motions to extend briefing deadlines.

**(b) No Extension Until Granted.** A party seeking a filing deadline extension should assume that there is no extension unless the clerk advises otherwise.

**FRAP 26.1 Disclosure Statement**

(a) **Nongovernmental Corporations.** Any nongovernmental corporation that is a party to a proceeding in a court of appeals must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The same requirement applies to a nongovernmental corporation that seeks to intervene.

(b) **Organizational Victims in Criminal Cases.** In a criminal case, unless the government shows good cause, it must file a statement that identifies any organizational victim of the alleged criminal activity. If the organizational victim is a corporation, the statement must also disclose the information required by Rule 26.1(a) to the extent it can be obtained through due diligence.

(c) **Bankruptcy Cases.** In a bankruptcy cases, the debtor, the trustee, or, if neither is a party, the appellant must file a statement that:

(1) identifies each debtor not named in the caption; and

(2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).

(d) **Time for Filing; Supplemental Filing.** The Rule 26.1 statement must:

(1) be filed with the principal brief or upon filing a motion, response, petition, or answer in the court of appeals, whichever occurs first, unless a local rule requires earlier filing;

(2) be included before the table of contents in the principal brief; and

(3) be supplemented whenever the information required under Rule 26.1 changes.

(e) **Number of Copies.** If the Rule 26.1 statement is filed before the principal brief, or if a supplemental statement is filed, an original and 3 copies must be filed unless the court requires a different number by local rule or by order in a particular case.

**6 Cir. R. 26.1 Corporate Disclosure Statement**

(a) **Parties Required to Make Disclosure.** With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement. A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed.**

(1) Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal. A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure.** The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this court, whichever first occurs.

COMMITTEE NOTE: Former 6th Cir. R. 25.

**6 Cir. I.O.P. 26.1 [Reserved]**

**FRAP 27 Motions**

(a) **In General.**

(1) **Application for Relief.** An application for an order or other relief is made by motion unless these rules prescribe another form. A motion must be in writing unless the court permits otherwise.

(2) **Contents of a Motion.**

(A) **Grounds and relief sought.** A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

(B) **Accompanying documents.**

(i) Any affidavit or other paper necessary to support a motion must be served and filed with the motion.

(ii) An affidavit must contain only factual information, not legal argument.

(iii) A motion seeking substantive relief must include a copy of the trial court'scourt's opinion or agency's decision as a separate exhibit.

(C) **Documents barred or not required.**

(i) A separate brief supporting or responding to a motion must not be filed.

(ii) A notice of motion is not required.

(iii) A proposed order is not required.

(3) **Response.**

(A) **Time to file.** Any party may file a response to a motion; Rule 27(a)(2) governs its contents. The response must be filed within 10 days after service of the motion unless the court shortens or extends the time. A motion authorized by Rules 8, 9, 18, or 41 may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner.

(B) **Request for affirmative relief.** A response may include a motion for affirmative relief. The time to respond to the new motion, and to reply to that response, are governed by Rule 27(a)(3)(A) and (a)(4). The title of the response must alert the court to the request for relief.

(4) **Reply to Response.** Any reply to a response must be filed within 7 days after service of the response. A reply must not present matters that do not relate to the response.

(b) **Disposition of a Motion for a Procedural Order.** The court may act on a motion for a procedural order—including a motion under Rule 26(b)—at any time without awaiting a response, and may, by rule or by order in a particular case, authorize its clerk to act on specified types of procedural motions. A party adversely affected by the court's, or the clerk's, action may file a motion to reconsider, vacate, or modify that action. Timely opposition filed after the motion is granted in whole or in part does not constitute a request to reconsider, vacate, or modify the disposition; a motion requesting that relief must be filed.

(c) **Power of a Single Judge to Entertain a Motion.** A circuit judge may act alone on any motion, but may not dismiss or otherwise determine an appeal or other proceeding. A court of appeals may provide by rule or by order in a particular case that only the court may act on any motion or class of motions. The court may review the action of a single judge.

(d) **Form of Papers; Length Limits; Number of Copies.**

(1) **Format.**

(A) **Reproduction.** A motion, response, or reply may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

(B) **Cover.** A cover is not required, but there must be a caption that includes the case number, the name of the court, the title of the case, and a brief descriptive title indicating the purpose of the motion and identifying the party or parties for whom it is filed. If a cover is used, it must be white.

(C) **Binding.** The document must be bound in any manner that is secure, does not obscure the text, and permits the document to lie reasonably flat when open.

(D) **Paper size, line spacing, and margins.** The document must be on 8 1/2 by 11 inch paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and

footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

(E) **Typeface and type styles.** The document must comply with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6).

(2) **Length Limits.** Except by the court's permission, and excluding the accompanying documents authorized by Rule 27(a)(2)(B):

(A) a motion or response to a motion produced using a computer must not exceed 5,200 words;

(B) a handwritten or typewritten motion or response to a motion must not exceed 20 pages;

(C) a reply produced using a computer must not exceed 2,600 words; and

(D) a handwritten or typewritten reply to a response must not exceed 10 pages.

(3) **Number of Copies.** An original and 3 copies must be filed unless the court requires a different number by local rule or by order in a particular case.

(e) **Oral Argument.** A motion will be decided without oral argument unless the court orders otherwise.

**6 Cir. R. 27 Motions**

(a) **Where to File.** All motions—including emergency motions and single judge motions—must be filed with the clerk. In an emergency when time does not permit this, counsel must contact the clerk's office by telephone to explain the situation and seek guidance.

(b) **Service of Paper Motions.** When a paper motion is allowed, the filer must serve one copy on each other party.

(c) **Emergency Motions.**

(1) **Notifying the Clerk.** When a party knows in advance that an emergency motion may be needed, the party must make every reasonable effort to notify the clerk at the earliest possible time that an emergency motion may be filed, the nature of the motion, and the relief to be sought.

(2) **Required Attachments.** Emergency motions must have the following copies attached:

the notice of appeal;

the order appealed from; and

any other parts of the record necessary to decide the motion.

(d) **Motion to Dismiss.** A party may file a motion to dismiss asserting lack of jurisdiction or threshold procedural grounds. Ordinarily, the court will not grant other motions to dismiss.

(e) **Motion to Affirm.** The court will not consider a motion to affirm the judgment appealed from.

(f) **Motion to Expedite.** A party may move to expedite the appeal. The motion must show good cause to expedite.

(g) **Motion for Reconsideration.** A party may seek rehearing of a judgment of this court pursuant to Fed. R. App. P. 40. A party may file a motion for reconsideration of any other action of a panel, of a single judge or of the clerk. See 6 Cir. R. 45. A panel may reconsider its own action or may review the action of a single judge or of the clerk, but the panel reviewing a single judge's action shall not include that judge. When a party moves for reconsideration of a panel's or single judge's action, no response on the motion is permitted unless the court requests a response. Ordinarily, reconsideration will not be granted in the absence of such a request.

**6 Cir. I.O.P. 27 Motions**

(a) **Motion Assignment.**

(1) **Before Assignment to the Merits Panel. Composition of Motion Panels.** In cases not yet assigned to a merits panel, substantive motions are assigned to randomly assembled panels drawn from among active and senior circuit judges and visiting judges designated to sit with the court. Motions panels sit together for a calendar quarter and are assigned motions throughout that period. One member of the panel is designated the lead judge of each motions panel, to coordinate the actions of the panel.

(2) **After Assignment to the Oral Argument Calendar.** In cases assigned to the oral argument calendar, the court assigns motions to the merits panel rather than to a motions panel. The senior active judge on the panel initiates the panel's action.

(3) **Review of Single Judge Decision.** A panel reviewing a single judge's decision will not include that judge.

(b) **Emergency Motions.** Hearings on emergency motions, as with other motions, are extremely unusual. Parties should not expect that there will be a hearing and need not move for one. The clerk will inform the parties of the hearing time if the court decides to hold one.

**FRAP 28 Briefs**

(a) **Appellant's Brief.** The appellant's brief must contain, under appropriate headings and in the order indicated:

(1) a disclosure statement if required by Rule 26.1;

(2) a table of contents, with page references;

(3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

(4) a jurisdictional statement, including:

(A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(C) the filing dates establishing the timeliness of the appeal or petition for review; and

(D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;

(5) a statement of the issues presented for review;

(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (see Rule 28(e));

(7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(8) the argument, which must contain:

(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(9) a short conclusion stating the precise relief sought; and

(10) the certificate of compliance, if required by Rule 32(g)(1).

(b) **Appellee's Brief.** The appellee's brief must conform to the requirements of Rule 28(a)(1)-(8) and (10), except that none of the following need appear unless the appellee is dissatisfied with the appellant's statement:

(1) the jurisdictional statement;

(2) the statement of the issues;

(3) the statement of the case; and

(4) the statement of the standard of review.

(c) **Reply Brief.** The appellant may file a brief in reply to the appellee's brief. Unless the court permits, no further briefs may be filed. A reply brief must contain a table of contents, with page references, and a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the reply brief where they are cited.

(d) **References to Parties.** In briefs and at oral argument, counsel should minimize use of the terms "appellant" and "appellee." To make briefs clear, counsel should use the parties' actual names or the designations used in the lower court or agency proceeding, or such descriptive terms as "the employee," "the injured person," "the taxpayer," "the ship," "the stevedore."

(e) **References to the Record.** References to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix. If the appendix is prepared after the briefs are filed, a party referring to the record must follow

one of the methods detailed in Rule 30(c). If the original record is used under Rule 30(f) and is not consecutively paginated, or if the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. For example:

- Answer p. 7;
- Motion for Judgment p. 2;
- Transcript p. 231.

Only clear abbreviations may be used. A party referring to evidence whose admissibility is in controversy must cite the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected.

(f) **Reproduction of Statutes, Rules, Regulations, etc.** If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form.

(g) **[Reserved]**

(h) **[Reserved]**

(i) **Briefs in a Case Involving Multiple Appellants or Appellees.** In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

(j) **Citation of Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

**6 Cir. R. 28 Briefs**

(a) **References to the Record.** A brief must direct the court to the parts of the record it refers to.

(1) **District Court Appeals.** In an appeal from the district court, a brief must cite the "Page ID #" shown on the header or footer of the page(s) of the original record

being referenced, along with a brief title and the record entry number of the document referenced. It is the responsibility of counsel to ensure that all documents referred to in the addendum provided for in 6 Cir. R. 30(g) have either been filed initially in digital format in the district court by way of ECF or, if not, have been scanned into digital format and then filed in the record in that format so that they bear the "Page ID #" designation referred to above. Counsel's failure to do so may result in rejection of the brief. The description of relevant district court documents in the addendum shall include (i) a brief description of the document, (ii) the docket entry number of the document, and (iii) the "Page ID #" range for the relevant pages.

(2) **Other Appeals - References to the Record.** If there is an appendix or consecutively-numbered administrative record, the brief must also refer to the page number of the appendix or administrative record. For example, the brief should refer to "Record [or Appendix], pp. 69-70." Suitable abbreviations in these record references are acceptable.

(b) **Additional Contents.** The requirements of this subrule (b) are in addition to those in Fed. R. App. P. 28(a) and (b).

(1) **Principal Briefs.**

(A) **Required Contents.** Each principal brief must include:

(i) **Designation of Relevant Lower Court Documents.** A designation of relevant documents from the lower court record shall be included in an addendum to the brief; 6 Cir. R. 30(g)(1).

(ii) **Designation of Record Items in Immigration Review Petitions.** In cases where the government files the administrative record under 6 Cir. R. 30(f)(2), a designation of relevant record items under 6 Cir. R. 30(g)(2).

(B) **Permitted Contents.** A principal brief may include - before the jurisdictional statement - a statement of reasons why the court should hear oral argument under 6 Cir. R. 34(a).

(2) **Unpublished Dispositions.** When Fed. R. App. P. 32.1(b) or 6 Cir. R. 32.1(a) requires copies of unpublished opinions, the party must include the copies as an addendum to the brief.

(c) **Attachments.** A party may not attach documents to an electronically filed brief that are in an electronic record on appeal or are in a permitted appendix.

(d) **Briefs as Public Record.** Briefs filed with the court are public records. A brief that refers to sealed information is not automatically sealed. A party seeking to have a brief sealed in whole or in part must file a motion seeking such relief.

**6 Cir. I.O.P. 28 Briefs**

(a) **Length.** Briefs in excess of the lengths provided by the rules are seldom permitted.

(b) **Sample Briefs.** The clerk's office will not distribute sample briefs. However, copies are available for inspection in the clerk's office.

(c) **Expedited Cases.** In the following cases, this court directs the parties to file briefs on an expedited basis and then schedules an oral hearing or submission on briefs as soon as possible: recalcitrant witnesses under 28 U.S.C. § 1826 and grand jury contempt appeals. Issuance of a routine briefing schedule and expedited argument or submission on briefs is directed in the following cases: appeals from orders denying or granting preliminary or temporary injunctions; interlocutory appeals under 28 U.S.C. § 1292(b); direct criminal appeals; and appeals in cases filed pursuant to 28 U.S.C. §§ 2241, 2254 and 2255. See also Fed. R. App. P. 45(b).

Any other case may be expedited upon this court's granting of a motion under 6 Cir. R. 27(f). If an appeal is ordered expedited, the clerk will fix a briefing schedule which will permit the appeal to be set for oral argument at an early date, unless an earlier hearing date is directed by a judge. The clerk will usually have some idea of the approximate date of the hearing and will so advise counsel when the order is issued.

**FRAP 28.1 Cross-Appeals**

(a) **Applicability.** This rule applies to a case in which a cross-appeal is filed. Rules 28(a)-(c), 31(a)(1), 32(a)(2), and 32(a)(7)(A)-(B) do not apply to such a case, except as otherwise provided in this rule.

(b) **Designation of Appellant.** The party who files a notice of appeal first is the appellant for the purposes of this rule and Rules 30 and 34. If notices are filed on the same day, the plaintiff in the proceeding below is the appellant. These designations may be modified by the parties' agreement or by court order.

(c) **Briefs.** In a case involving a cross-appeal:

(1) **Appellant's Principal Brief.** The appellant must file a principal brief in the appeal. That brief must comply with Rule 28(a).

(2) **Appellee's Principal and Response Brief.** The appellee must file a principal brief in the cross-appeal and must, in the same brief, respond to the principal brief in the appeal. That appellee's brief must comply with Rule 28(a), except that the brief need not include a statement of the case unless the appellee is dissatisfied with the appellant's statement.

(3) **Appellant's Response and Reply Brief.** The appellant must file a brief that responds to the principal brief in the cross-appeal and may, in the same brief, reply to the response in the appeal. That brief must comply with Rule 28(a)(2)-(8) and (10), except that none of the following need appear unless the appellant is dissatisfied with the appellee's statement in the cross-appeal:

(A) the jurisdictional statement;

(B) the statement of the issues;

(C) the statement of the case; and

(D) the statement of the standard of review.

(4) **Appellee's Reply Brief.** The appellee may file a brief in reply to the response in the cross-appeal. That brief must comply with Rule 28(a)(2)B(3) and (10) and must be limited to the issues presented by the cross-appeal.

(5) **No Further Briefs.** Unless the court permits, no further briefs may be filed in a case involving a cross-appeal.

(d) **Cover.** Except for filings by unrepresented parties, the cover of the appellant's principal brief must be blue; the appellee's principal and response brief, red; the appellant's response and reply brief, yellow; the appellee's reply brief, gray; and intervenor's or amicus curiae's brief, green; and any supplemental brief, tan. The front cover of a brief must contain the information required by Rule 32(a)(2).

(e) **Length.**

(1) **Page Limitation.** Unless it complies with Rule 28.1(e)(2), the appellant's principal brief must not exceed 30 pages; the appellee's principal and response brief, 35 pages; the appellant's response and reply brief, 30 pages; and the appellee's reply brief, 15 pages.

(2) **Type-Volume Limitation.**

(A) The appellant's principal brief or the appellant's response and reply brief is acceptable if it:

(i) contains no more than 13,000 words; or

(ii) uses a monospaced face and contains no more than 1,300 lines of text.

(B) The appellee's principal and response brief is acceptable if it:

(i) contains no more than 15,300 words; or

(ii) uses a monospaced face and contains no more than 1,500 lines of text.

(C) The appellee's reply brief is acceptable if it contains no more than half of the type volume specified in Rule 28.1(e)(2)(A).

(f) **Time to Serve and File a Brief.** Briefs must be served and filed as follows:

(1) the appellant's principal brief, within 40 days after the record is filed;

(2) the appellee's principal and response brief, within 30 days after the appellant's principal brief is served;

(3) the appellant's response and reply brief, within 30 days after the appellee's principal and response brief is served; and

(4) the appellee's reply brief, within 21 days after the appellant's response and reply brief is served, but at least 7 days before argument unless the court, for good cause, allows a later filing.

**6 Cir. R. 28.1 [Reserved]**

**6 Cir. I.O.P. 28.1 [Reserved]**

**FRAP 29 Brief of an Amicus Curiae**

(a) **During Initial Consideration of a Case on the Merits.**

(1) **Applicability.** This Rule 29(a) governs amicus filings during a court's initial consideration of a case on the merits.

(2) **When Permitted.** The United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing, but a court of appeals may prohibit the filing of or may strike an amicus brief that would result in a judge's disqualification.

(3) **Motion for Leave to File.** The motion must be accompanied by the proposed brief and state:

(A) the movant's interest; and

(B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

(4) **Contents and Form.** An amicus brief must comply with Rule 32. In addition to the requirements of Rule 32, the cover must identify the party or parties supported and indicate whether the brief supports affirmance or reversal. An amicus brief need not comply with Rule 28, but must include the following:

(A) if the amicus curiae is a corporation, a disclosure statement like that required of parties by Rule 26.1;

(B) a table of contents, with page references;

(C) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

(D) a concise statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file;

(E) unless the amicus curiae is one listed in the first sentence of Rule 29(a)(2), a statement that indicates whether:

(i) a party's counsel authored the brief in whole or in part;

(ii) a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and

(iii) a person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief and, if so, identifies each such person;

(F) an argument, which may be preceded by a summary and which need not include a statement of the applicable standard of review; and

(G) a certificate of compliance, under Rule 32(g)(1), if length is computed using a word or line limit.

(5) **Length.** Except by the court's permission, an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief. If the court grants a party permission to file a longer brief, that extension does not affect the length of an amicus brief.

(6) **Time for Filing.** An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. A court may grant leave for later filing, specifying the time within which an opposing party may answer.

(7) **Reply Brief.** Except by the court's permission, an amicus curiae may not file a reply brief.

(8) **Oral Argument.** An amicus curiae may participate in oral argument only with the court's permission.

**(b) During Consideration of Whether to Grant Rehearing.**

(1) **Applicability.** The Rule 29(b) governs amicus filings during a court's consideration of whether to grant panel rehearing or rehearing en banc, unless a local rule or order in a case provides otherwise.

(2) **When Permitted.** The United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court.

(3) **Motion for Leave to File.** Rule 29(a)(3) applies to a motion for leave.

(4) **Contents, Form, and Length.** Rule 29(a)(4) applies to the amicus brief. The brief must not exceed 2,600 words.

(5) **Time for Filing.** An amicus curiae supporting the petition for rehearing or supporting neither party must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the petition is filed. An amicus curiae opposing the petition must file its brief, accompanied by a motion for filing when necessary, no later than the date set by the court for the response.

**6 Cir. R. 29 Motion to Participate in Oral Argument.**

An amicus curiae may request to participate in oral argument by motion stating the reason oral argument will aid the court.

**6 Cir. I.O.P. 29 [Reserved]**

**FRAP 30 Appendix to the Briefs**

(a) **Appellant's Responsibility.**

(1) **Contents of the Appendix.** The appellant must prepare and file an appendix to the briefs containing:

(A) the relevant docket entries in the proceeding below;

(B) the relevant portions of the pleadings, charge, findings, or opinion;

(C) the judgment, order, or decision in question; and

(D) other parts of the record to which the parties wish to direct the court's attention.

(2) **Excluded Material.** Memoranda of law in the district court should not be included in the appendix unless they have independent relevance. Parts of the record may be relied on by the court or the parties even though not included in the appendix.

(3) **Time to File; Number of Copies.** Unless filing is deferred under Rule 30(c), the appellant must file 10 copies of the appendix with the brief and must serve one copy on counsel for each party separately represented. An unrepresented party proceeding in forma pauperis must file 4 legible copies with the clerk, and one copy must be served on counsel for each separately represented party. The court may by local rule or by order in a particular case require the filing or service of a different number.

(b) **All Parties' Responsibilities.**

(1) **Determining the Contents of the Appendix.** The parties are encouraged to agree on the contents of the appendix. In the absence of an agreement, the appellant must, within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review. The appellee may, within 14 days after receiving the designation, serve on the appellant a designation of additional parts to which it wishes to direct the court's attention. The appellant must include the designated parts in the appendix. The parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court. This paragraph applies also to a cross-appellant and a cross-appellee.

(2) **Costs of Appendix.** Unless the parties agree otherwise, the appellant must pay the cost of the appendix. If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts. The cost of the appendix is a taxable cost. But if any party causes unnecessary parts of the record to be included in the appendix, the court may impose the cost of those parts on that party. Each circuit must, by local rule, provide for sanctions against attorneys who unreasonably and vexatiously increase litigation costs by including unnecessary material in the appendix.

(c) **Deferred Appendix.**

(1) **Deferral Until After Briefs Are Filed.** The court may provide by rule for classes of cases or by order in a particular case that preparation of the appendix may be deferred until after the briefs have been filed and that the appendix may be filed 21 days after the appellee's brief is served. Even though the filing of the appendix may be deferred, Rule 30(b) applies; except that a party must designate the parts of the record it wants included in the appendix when it serves its brief, and need not include a statement of the issues presented.

(2) **References to the Record.**

(A) If the deferred appendix is used, the parties may cite in their briefs the pertinent pages of the record. When the appendix is prepared, the record pages cited in the briefs must be indicated by inserting record page numbers, in brackets, at places in the appendix where those pages of the record appear.

(B) A party who wants to refer directly to pages of the appendix may serve and file copies of the brief within the time required by Rule 31(a), containing

appropriate references to pertinent pages of the record. In that event, within 14 days after the appendix is filed, the party must serve and file copies of the brief, containing references to the pages of the appendix in place of or in addition to the references to the pertinent pages of the record. Except for the correction of typographical errors, no other changes may be made to the brief.

(d) **Format of the Appendix.** The appendix must begin with a table of contents identifying the page at which each part begins. The relevant docket entries must follow the table of contents. Other parts of the record must follow chronologically. When pages from the transcript of proceedings are placed in the appendix, the transcript page numbers must be shown in brackets immediately before the included pages. Omissions in the text of papers or of the transcript must be indicated by asterisks. Immaterial formal matters (captions, subscriptions, acknowledgments, etc.) should be omitted.

(e) **Reproduction of Exhibits.** Exhibits designated for inclusion in the appendix may be reproduced in a separate volume, or volumes, suitably indexed. Four copies must be filed with the appendix, and one copy must be served on counsel for each separately represented party. If a transcript of a proceeding before an administrative agency, board, commission, or officer was used in a district-court action and has been designated for inclusion in the appendix, the transcript must be placed in the appendix as an exhibit.

(f) **Appeal on the Original Record Without an Appendix.** The court may, either by rule for all cases or classes of cases or by order in a particular case, dispense with the appendix and permit an appeal to proceed on the original record with any copies of the record, or relevant parts, that the court may order the parties to file.

**6 Cir. R. 30 Appendix to the Briefs; Designation of Relevant Documents; Record in Lieu of Appendix**

(a) **When an Appendix is Required.** An appendix is required only in the following cases, unless the court directs otherwise. In other cases, an appendix is unnecessary and must not be filed. The court will have the district court electronic record available.

(1) **District Court Appeal.** An appeal from a district court where 6 Cir. R. 30(b)(2) requires certain documents that are not part of the district court's electronic record to be included in an appendix—except social security cases (where the administrative record is filed instead of an appendix).

(2) **Tax Court Appeal.** An appeal from the United States Tax Court.

(3) **Agency Appeal.** A petition to review or application to enforce the decision of a federal administrative agency - except immigration review petitions described in 6 Cir. R. 30(f)(2) (where the administrative record is filed instead of an appendix).

(b) **Appendix Contents.**

(1) **General Requirement.** The parties and the court may rely on parts of the record not included in the appendix, except as provided in 6 Cir. R. 30(b)(5)(A). When required, the appendix is limited to parts of the record necessary for the court to understand the issues and decide the appeal. Inclusion of unnecessary parts or omission of necessary parts may result in sanctions under 6 Cir. R. 30(h).

(2) **District Court Appeals.** In an appeal from the district court, the appendix, when required, must include the current district court docket sheet and those items listed below that are not part of the district court's electronic record:

(A) in appeals in cases under 28 U.S.C. § 2254:

(i) all unpublished state court opinions in previous proceedings related to the issues raised in the petition;

(ii) the trial transcript;

(iii) the transcription of the state court record if required by 6 Cir. R. 30(b)(5); and

(iv) a transcript of any post-conviction state court hearing, if previously transcribed and available.

(B) other parts of the record - including all or part of exhibits or transcript pages - necessary for the court to understand the issues and decide the appeal, in chronological order; and

(C) certification that the documents in the appendix are properly part of the record.

(3) **Tax Court Appeals.** In an appeal from the Tax Court, the appendix must include:

(A) the current Tax Court docket sheet;

(B) the complaint;

(C) other pleadings or motions relevant to the arguments on appeal;

(D) the judgment from which the appeal is taken;

(E) relevant memorandum opinions, opinions from the bench, and findings of fact and conclusions of law;

(F) the notice of appeal;

(G) other parts of the record—including all or part of exhibits or transcript pages—necessary for the court to understand the issues and decide the appeal, in chronological order; and

(H) certification that the documents in the appendix are properly part of the record.

(4) **Agency Appeals.** In an agency appeal, the appendix must include:

(A) the order sought to be reviewed or enforced;

(B) supporting opinions, findings of fact, and conclusions of law;

(C) the petition for review or application for enforcement;

(D) other parts of the record—including all or part of exhibits or transcript pages—necessary for the court to understand the issues and decide the appeal, in chronological order; and

(E) certification that the documents in the appendix are properly part of the record.

(5) **State Habeas Corpus Appeals; Transcript Where There Is No Written State Court Record.**

(A) **Transcript Required.** Where the state court record is not in writing, the appendix must also include a written transcript of the parts of the state court record that each party deems necessary for the court to understand the issues and decide the appeal. The transcript may be prepared by any method that provides an adequate written record. A party may not rely on a part of the state court record not reduced to written form.

(B) **Appellant's Duty to Provide Transcript.** The appellant must provide the transcript to the appellee within 30 days of filing the notice of appeal. The circuit clerk may grant an additional 30 days. Where, because of the length of the record, more than 60 days are required, the appellant must request additional time by motion within the 60-day period.

(C) **Appellee May Provide Additional Transcript.** An appellee who believes that a transcript of other parts of the state court record is necessary must provide the transcript to the appellant within 30 days of the appellant's filing the transcript. The time may be extended as under subrule (b)(5)(B).

(D) **Dispute About Accuracy of the Transcript.** The parties must resolve disputes about accuracy of the transcript under Fed. R. App. P. 10(e).

(c) **Who Must File the Appendix and When.**

(1) **Generally.** This subrule (c)(1) applies in all cases where an appendix is required except those in subrules (c)(2)-(3).

(A) **Appellant.** The appellant must file and serve the appendix with its principal brief.

(B) **Appellee.** If the appellee determines that the appellant did not include a necessary part of the record, the appellee may file and serve the omissions as a separate appendix with its brief. The pagination must be consecutive, beginning with the next page number after the last page of the appellant's appendix.

(2) **State Habeas Corpus Appeals.** In a state habeas corpus appeal where the plaintiff is pro se and in forma pauperis, the defendant respondent must file the appendix with defendant's brief.

(3) **Black Lung Appeals.** In an appeal from an administrative decision on a claim for black lung benefits, where the appellant is pro se and in forma pauperis, the director must file the appendix with the director's brief.

(d) **Manner of Filing.**

(1) **Electronic Filing Required.** The appendix must be filed electronically, except as provided in subrule (d)(2).

(2) **Exceptions to Electronic Filing.** Five copies of the appendix must be filed in paper format in the following instances:

(A) **In Pro Per Filings.** An appendix filed by a party not represented by counsel.

(B) **Large Documents.** An appendix that exceeds the limit for the size of electronic filing, as specified in the electronic case filing section of the court's web site.

(C) **State Death Penalty Cases.** A case involving a state prisoner under a death sentence where the district court record includes parts of the state court record.

(e) **Form.**

(1) **Pagination and Transcript Identification.** The appendix must be paginated. The original pagination of a transcript must be placed in brackets.

(2) **Order of Items.** The appendix must contain the following items in the following order:

(A) **Table of Contents.** A table of contents at the beginning. For each document, the table must:

- describe the document;
- include the record entry number from the court or agency below, where available; and
- identify the appendix page where the document appears.

(B) **Index.** If the appendix contains a transcript of testimony, an alphabetical list of witnesses, with the date, the proceeding (such as trial, hearing, or deposition), and the appendix page where the testimony begins.

(C) **Other items.** The items in the order set out in 6 Cir. R. 30(b).

(D) **Proof of Service.** The proof of service required by Fed. R. App. P. 25(d). The appendix will not be considered filed unless it includes the proof of service.

(3) **Multi-Volume Appendix.** Transcripts and exhibits may appear at the end of the appendix or in a separate volume or volumes. If the appendix has more than one volume, each volume must be consecutively paginated and must contain the full table of contents and index required by 6 Cir. R. 30(e)(2)(A) and (B). The table of contents and index in each volume must include the contents of all appendix volumes.

(f) **Administrative Record Filed Instead of Appendix.** The administrative record must be filed and no appendix is required in the following cases.

(1) **Social Security Cases.** In appeals from a district court on review of a decision of the Commissioner of Social Security, counsel for the Commissioner must file with the Commissioner's brief four paginated copies of the administrative record.

(2) **Immigration Review Petitions.** This subrule (f)(2) applies to a petition for review of a final order of exclusion, deportation, or removal under 8 U.S.C. § 1252. The government must file and serve the administrative record as provided below. The court will not accept a paper copy of the record unless it orders otherwise. The court will issue a scheduling notice specifying the time to file and serve the record and briefs.

(A) **BIA Orders.** In a case where the Board of Immigration Appeals issued the final order of exclusion, deportation, or removal, the Executive Office of Immigration Review must file four text-searchable, paginated copies of the certified administrative record on CD-ROM.

(B) **ICE Orders.** In a case where U.S. Immigration and Customs Enforcement issued the final order of exclusion, deportation, or removal—where the Department of Homeland Security maintains the administrative record—the Attorney General must file the certified administrative record in one of the following ways:

(i) file one text-searchable, paginated copy on CD-ROM; or

(ii) file it using the electronic case filing system.

(C) **Service.** Service of the record is as follows, unless the court orders otherwise:

(i) **Represented Petitioner.** When petitioner is represented, service is by mailing a copy of the CD-ROM filed with the court or, when the record is filed using the electronic case filing system, by service as provided in 6 Cir. R. 25(f)(1).

(ii) **Unrepresented Petitioner.** Service on an unrepresented petitioner is by mailing one paper copy of the record.

(g) **Designation of Relevant Documents in Certain Cases.**

(1) **District Court Appeals.** A party may not include documents from the district court's electronic record in an appendix. To facilitate the court's reference to the

electronic record, each party must include in its principal brief a designation of documents.

(A) **Documents to Be Designated.** The designation must include the following:

(i) the complaint or indictment;

(ii) other pleadings or motions relevant to the arguments on appeal;

(iii) the judgment from which the appeal is taken;

(iv) relevant memorandum opinions or opinions from the bench, findings of fact and conclusions of law, and reports and recommendations of a magistrate judge and objections to the reports and recommendations;

(v) the notice of appeal; and

(vi) other parts of the record - including all or part of exhibits or transcript pages - necessary for the court to understand the issues and decide the appeal, in chronological order.

(B) **Form of Designation.** The designation must be at the end of the brief as an addendum and include for each document:

the district court's record entry number;

a description of the document; and

the page number of the consecutively-paginated electronic record.

(C) Counsel shall ensure that all documents included in the designation have been included in the electronic district court record and bear the "Page ID #" of the consecutively paginated record referred to above.

(2) **Immigration Review Petitions.** In cases where the government files the administrative record under 6 Cir. R. 30(f)(2), each party must include in its principal brief a designation of the documents in 6 Cir. R. 30(b)(4). The designation must be at the end of the brief as an addendum and include for each document:

- a description of the document; and

- the page number of the administrative record where the document is located.

(h) **Sanctions.** The court may dismiss the appeal or impose other sanctions for failing to file an appendix when required, filing an appendix substantially out of compliance with this rule, or otherwise violating this rule.

**6 Cir. I.O.P. 30 [Reserved]**

**FRAP 31 Serving and Filing Briefs**

(a) **Time to Serve and File a Brief.**

(1) The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served. The appellant may serve and file a reply brief within 21 days after service of the appellee's brief but a reply brief must be filed at least 7 days before argument, unless the court, for good cause, allows a later filing.

(2) A court of appeals that routinely considers cases on the merits promptly after the briefs are filed may shorten the time to serve and file briefs, either by local rule or by order in a particular case.

(b) **Number of Copies.** Twenty-five copies of each brief must be filed with the clerk and 2 copies must be served on each unrepresented party and on counsel for each separately represented party. An unrepresented party proceeding in forma pauperis must file 4 legible copies with the clerk, and one copy must be served on each unrepresented party and on counsel for each separately represented party. The court may by local rule or by order in a particular case require the filing or service of a different number.

(c) **Consequence of Failure to File.** If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal. An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.

**6 Cir. R. 31 Serving and Filing Briefs**

(a) **Electronic Briefs.** When a party is required to file a brief electronically, the clerk will not accept a paper copy. Fed. R. App. P. 25(c) and 6 Cir. R. 25(f) govern service of a brief filed electronically.

(b) **Paper Briefs.** A party filing a paper brief must file a signed original and serve two copies on each other party.

(c) **Time to File.**

(1) **Generally.** The court will set a briefing schedule specifying the due dates for briefs. Except as specified in subrules (c)(2)-(3), the time limits in Fed. R. App. P. 31(a)(1) apply except that the time limit for the filing of the brief of the appellant is as indicated by the clerk, since the electronic record is no longer "filed" as that term was formerly construed.

(2) **Expedited Briefing.**

(A) **Generally.** The court schedules expedited briefing in the following cases:

- appeals from orders denying or granting preliminary injunctions,
- recalcitrant witness appeals under 28 U.S.C. § 1826,
- direct criminal appeals in which the sentence is 15 months or less, and
- grand jury contempt appeals.

(B) **On Motion.** A party may move to expedite other cases. See 6 Cir. R. 27(f).

(3) **Death Penalty Cases.** In an application under 28 U.S.C. § 2254 or § 2255 by a person under a death sentence and in an appeal from a federal sentence of death:

(A) **Appellant.** The appellant must serve and file a brief by the deadline set by the clerk.

(B) **Appellee.** The appellee must serve and file a brief within 60 days after the appellant's brief is served.

(C) **Reply Brief.** The appellant may serve and file a reply brief within 14 days after the appellee's brief is served, but at least 7 days before argument. The court may, for good cause, allow a later filing.

**6 Cir. I.O.P. 31 [Reserved]**

**FRAP 32 Form of Briefs, Appendices, and Other Papers**

(a) **Form of a Brief.**

(1) **Reproduction.**

(A) A brief may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

(B) Text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

(C) Photographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original; a glossy finish is acceptable if the original is glossy.

(2) **Cover.** Except for filings by unrepresented parties, the cover of the appellant's brief must be blue; the appellee's, red; an intervenor's or amicus curiae's, green; any reply brief, gray and any supplemental brief, tan. The front cover of a brief must contain:

(A) the number of the case centered at the top;

(B) the name of the court;

(C) the title of the case (see Rule 12(a));

(D) the nature of the proceeding (e.g., Appeal, Petition for Review) and the name of the court, agency, or board below;

(E) the title of the brief, identifying the party or parties for whom the brief is filed; and

(F) the name, office address, and telephone number of counsel representing the party for whom the brief is filed.

(3) **Binding.** The brief must be bound in any manner that is secure, does not obscure the text, and permits the brief to lie reasonably flat when open.

(4) **Paper Size, Line Spacing, and Margins.** The brief must be on 8 ½ by 11 inch paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-

spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

(5) **Typeface.** Either a proportionally spaced or a monospaced face may be used.

(A) A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

(B) A monospaced face may not contain more than 10 ½ characters per inch.

(6) **Type Styles.** A brief must be set in a plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

(7) **Length.**

(A) **Page Limitation.** A principal brief may not exceed 30 pages, or a reply brief 15 pages, unless it complies with Rule 32(a)(7)(B).

(B) **Type-Volume Limitation.**

(i) A principal brief is acceptable if it:

- contains no more than 13,000 words; or
- uses a monospaced face and contains no more than 1,300 lines of text.

(ii) A reply brief is acceptable if it contains no more than half of the type volume specified in Rule 32(a)(7)(B)(i).

(b) **Form of an Appendix.** An appendix must comply with rule 32(a)(1), (2), (3), and (4), with the following exceptions:

(1) The cover of a separately bound appendix must be white.

(2) An appendix may include a legible photocopy of any document found in the record or of a printed judicial or agency decision.

(3) When necessary to facilitate inclusion of odd-sized documents such as technical drawings, an appendix may be a size other than 8 ½ by 11 inches, and need not lie reasonably flat when opened.

(c) **Form of Other Papers.**

(1) **Motion.** The form of a motion is governed by Rule 27(d).

(2) **Other Papers.** Any other paper, including a petition for panel rehearing and a petition for hearing or rehearing en banc, and any response to such a petition, must be reproduced in the manner prescribed by Rule 32(a), with the following exceptions:

(A) A cover is not necessary if the caption and signature page of the paper together contain the information required by Rule 32(a)(2). If a cover is used, it must be white.

(B) Rule 32(a)(7) does not apply.

(d) **Signature.** Every brief, motion, or other paper filed with the court must be signed by the party filing the paper or, if the party is represented, by one of the party's attorneys.

(e) **Local Variation.** Every court of appeals must accept documents that comply with the form requirements of this rule and the length limits set by these rules. By local rule or order in a particular case a court of appeals may accept documents that do not meet all the form requirements of this rule or the length limits set by these rules.

(f) **Items Excluded from Length.** In computing any length limit, headings, footnotes, and quotations count toward the limit but the following items do not:

- cover page;
- disclosure statement;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificates of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

(g) **Certificate of Compliance.**

(1) **Briefs and Papers That Require a Certificate.**
A brief submitted under Rules 28.1(e)(2), 29(b)(4), or 32(a)(7)(B)—and a paper submitted under Rules 5(c)(1), 21(d)(1), 27(d)(2)(A), 27(d)(2)(C), or 40(d)(3)(A)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The person

preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number or words—or the number of lines of monospaced type—in the document.

(2) **Acceptable Form.** Form 6 in the Appendix of Forms meets the requirements for a certificate of compliance.

**6 Cir. R. 32 Form of Briefs**

(a) **Certificate of Compliance with Type-Volume Limitation.** The certificate of compliance under Fed. R. App. P. 32(a)(7)(C) must immediately follow the signature at the end of the brief.

(b) **Length.**

(1) **Exclusions from Length Limits.** The following items do not count toward the length limitations in Fed. R. App. P. 32(a)(7)(A) and (B):

- the corporate disclosure statement required under Fed. R. App. P. 26.1;
- the designation of relevant district court documents required under 6 Cir. R. 28(b)(1)(A)(i) and 30(g)(1);
- the designation of relevant administrative record items required under 6 Cir. R. 28(b)(1)(A)(ii) and 30(g)(2);
- the statement of reasons for oral argument permitted under 6 Cir. R. 28(b)(1)(B); and
- copies of unpublished opinions required under Fed. R. App. P. 32.1(b) or 6 Cir. R. 32.1(a).

(2) **Death Penalty Cases.** In an application under 28 U.S.C. § 2254 or § 2255 by a person under a death sentence and in an appeal from a federal sentence of death, the briefs may not exceed one-and-a-half times the length allowed by Fed. R. App. P. 32(a)(7)(A) and (B).

**6 Cir. I.O.P. 32 [Reserved]**

**FRAP 32.1 Citing Judicial Dispositions**

(a) **Citation Permitted.** A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been:

(i) designated as "unpublished," "not for publication," "nonprecedential," "not precedent," or the like; and

(ii) issued on or after January 1, 2007.

(b) **Copies Required.** If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

**6 Cir. R. 32.1 Citing Judicial Dispositions; Effect of Published Decisions**

(a) **Citing Unpublished Dispositions.** The court permits citation of any unpublished opinion, order, judgment, or other written disposition. The limitations of Fed. R. App. P. 32.1(a) do not apply. If a party cites such an item that is not available in a publicly accessible electronic database, the party must file and serve a copy as an addendum to the brief or other paper in which it is cited.

(b) **Binding Effect of Published Decisions.** Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.

**6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions**

(a) **Preparation and Release of Opinions.**

(1) **Case Conferences; Writing Assignments; Conference Reports.** At the conclusion of each day's arguments, the panel usually holds a conference concerning the cases submitted that day. The panel discusses a tentative decision. The presiding judge assigns opinion-writing responsibility.

(2) **Circulating Opinions to Panel Members.** After the proposed opinion is prepared, the opinion-writing judge circulates it to the other two panel judges to obtain their concurrence, dissent, or special concurrence. The panel gives high priority to review of a judge's proposed opinion.

(3) **Circulating Opinions to Non-Panel Members.** All judges receive copies of proposed published opinions.

(4) **Filing and Release of Decisions.** The clerk's office files and releases all decisions. The clerk sends copies to counsel and makes them available to the public on the date of filing. The clerk's office does not receive advance notice of when a decision will be rendered.

(b) **Publication of Decisions.**

(1) **Criteria for Publication.** When determining whether a decision will be published in the Federal Reporter, panels consider whether the decision:

(A) Establishes a new rule of law, modifies an existing rule of law, or applies an established rule to a novel factual situation.

(B) Creates or resolves a conflict of authority within this circuit or between this circuit and another.

(C) Discusses a legal or factual issue of continuing public interest.

(D) Is accompanied by a concurring or dissenting opinion.

(E) Reverses the decision below, unless:

(i) the reversal was because of an intervening change in law or fact; or

(ii) the reversal is a remand to the lower court or agency—without further comment—of a case reversed or remanded by the United States Supreme Court;

(F) Addresses a published lower court or agency decision; or

(G) Has been reviewed by the United States Supreme Court.

(2) **Designation for Publication.** Any panel member may request that a decision be published. The court may also publish on motion.

(3) **Unpublished Decisions.** Decisions not designated for publication are listed in table form in the Federal Reporter.

**FRAP 33 Appeal Conferences**

The court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

**6 Cir. R. 33 Appeal Conferences - Mediation**

(a) **Civil Appeal Statement of Parties and Issues.** The appellant, petitioner, or applicant in a civil case must file with the court and serve on all parties a Civil Appeal Statement of Parties and Issues.

(1) **When to File.** The Civil Appeal Statement must be filed as directed by the court.

(2) **What to File.**

(A) In an appeal from the district court or Tax Court, the Civil Appeal Statement must be filed on Form 6CA-53.

(B) In an appeal from or application for enforcement of an administrative agency order, the Civil Appeal Statement must be filed on Form 6CA-54.

(C) The forms are available on the court's website.

(3) **Exception.** A pro se appellant, petitioner, or applicant is not required to file a Civil Appeal Statement.

(4) **Response.** No response to the Civil Appeal Statement is permitted.

(b) **Mediation Procedures.**

(1) **Selection of Cases for Mediation.** The Office of the Circuit Mediators reviews civil appellate cases to determine whether mediation would be appropriate. If so, a mediation conference is scheduled. In addition, counsel may contact the mediation administrator and request a mediation conference. Requests will remain confidential unless counsel instructs otherwise.

(2) **Notice of Mediation Conference.** When a case is selected for mediation, counsel will receive a mediation conference notice stating the date and time of the conference and other relevant information about the process.

(3) **Submission of Confidential Mediation Background Information Form.** Counsel must submit the Confidential Mediation Background Information Form as directed in the mediation conference notice. The form is submitted directly to the mediation office and shall not be filed or otherwise disclosed to the court or other parties.

(4) **Mediation Conferences.**

(A) **General.** A Circuit Mediator conducts the conference. The clerk, at the direction of the mediator, may enter orders controlling the course of the proceedings.

(B) **Purposes.** The primary purpose of the conference is to explore, in depth, possibilities for settlement, including the parties' interests, objectives, and possible bases for resolution of the appeal. Procedural issues may also be addressed.

(C) **Attendance/Participation.** Lead counsel and any other attorney with primary authority on behalf of each party must participate in the conference. Co-counsel or other attorneys whose participation would be beneficial are welcome to participate as well. The mediator may conduct more than one conference. Clients' attendance in the initial conference is not mandatory but is welcome. The decision regarding client participation in the initial conference is left to counsel. The mediator may direct that clients participate in subsequent conferences.

(D) **Confidentiality.** Communications in mediation conferences or in connection with the mediation process are confidential. They may not be disclosed or otherwise used by any mediation participant, except as agreed in advance by all participants.

(c) **Non-Compliance; Sanctions.**

(1) **Failure to File Civil Appeal Statement.** The clerk may assess sanctions if the appellant, petitioner, or applicant fails to properly file the Civil Appeal Statement.

(2) **Failure to Submit the Confidential Mediation Background Information Form.** The clerk may assess sanctions if a party fails to properly submit the Confidential Mediation Background Information form.

(3) **Other Sanctions.** If an attorney or party fails to comply with a provision of this rule or a mediation order, the court may take any or all of the following actions:

(A) Remove the case from mediation;

(B) Assess reasonable expenses caused by the failure, including attorney's fees;

(C) Assess all or a portion of the appellate costs;

(D) Dismiss the appeal; and

(E) Impose further sanctions as the court deems appropriate.

**6 Cir. I.O.P. 33 [Reserved]**

**FRAP 34 Oral Argument**

(1) **In General.**

(1) **Party's Statement.** Any party may file, or a court may require by local rule, a statement explaining why oral argument should, or need not, be permitted.

(2) **Standards.** Oral argument must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary for any of the following reasons:

(A) the appeal is frivolous;

(B) the dispositive issue or issues have been authoritatively decided; or

(C) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

(b) **Notice of Argument; Postponement.** The clerk must advise all parties whether oral argument will be scheduled, and, if so, the date, time, and place for it, and the time allowed for each side. A motion to postpone the argument or to allow longer argument must be filed reasonably in advance of the hearing date.

(c) **Order and Contents of Argument.** The appellant opens and concludes the argument. Counsel must not read at length from briefs, records, or authorities.

(d) **Cross-Appeals and Separate Appeals.** If there is a cross-appeal, Rule 28.1(b) determines which party is the appellant and which is the appellee for purposes of oral argument. Unless the court directs otherwise, a cross-appeal or separate appeal must be argued when the initial appeal is argued. Separate parties should avoid duplicative argument.

(e) **Nonappearance of a Party.** If the appellee fails to appear for argument, the court must hear appellant's argument. If the appellant fails to appear for argument, the court may hear the appellee's argument. If neither party appears, the case will be decided on the briefs, unless the court orders otherwise.

(f) **Submission on Briefs.** The parties may agree to submit a case for decision on the briefs, but the court may direct that the case be argued.

(g) **Use of Physical Exhibits at Argument; Removal.** Counsel intending to use physical exhibits other than documents at the argument must arrange to place them in the courtroom on the day of the argument before the court convenes. After the argument, counsel must remove the exhibits from the courtroom, unless the court directs otherwise. The clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them.

## 6 Cir. R. 34 Oral Argument

(a) **Requesting Oral Argument.** A party desiring oral argument must include a statement in the brief explaining why the court should hear oral argument. The statement must not exceed one page.

(b) **Waiver of Oral Argument.** The court may deem oral argument to have been waived:

(1) if a party fails to request it in the brief; or

(2) if the parties stipulate to waive it.

(c) **Expedited Argument.**

(1) **Generally.** The court may expedite oral argument, even if the time to file briefs has not expired by the date of the expedited hearing. The court may do so on its own or on motion of a party.

(2) **Expedited Cases.** Where the court determines that a case of one of the types listed below is to be orally argued, argument will generally be expedited.

- recalcitrant witness appeals under 28 U.S.C. § 1826;

- grand jury contempt appeals;
- appeals from orders denying or granting preliminary or temporary injunctions;
- interlocutory appeals under 28 U.S.C. § 1292(b);
- direct criminal appeals; and
- appeals in cases under 28 U.S.C. §§ 2241, 2254, and 2255.

(3) **Procedure.** When the court grants a motion to expedite, the clerk will schedule oral argument at an early date. A judge may direct an earlier hearing.

(d) **Postponement of Hearing.** After a case is set for hearing, the court will not postpone the hearing without good cause. A motion for postponement must be made immediately after notice of the hearing date. It must include notice to all counsel and state where possible the consent or objection of other counsel. It must also indicate whether counsel has previously filed a Counsel Unavailability Form that included the court's scheduled hearing date. If not, counsel must identify any reasons (such as an emergency) why counsel could not have notified the court of counsel's unavailability at an earlier time.

(e) **Argument by Intervening Party.** An intervening party may request oral argument. The request must

- be in writing;
- state whether the named parties have consented; and
- state the reason separate argument is needed.

(f) **Time for Oral Argument.**

(1) **Generally.** Each side has 15 minutes for oral argument unless the notice of oral argument provides otherwise.

(2) **Additional Time.** A party may move for additional time. The motion must be filed within 14 days of submission of the last brief, but not later than 7 days before the hearing.

(3) **En Banc.** In cases argued before the en banc court, each side will generally have 20 minutes for oral argument, unless the court directs otherwise.

(g) **Presentation of Argument.**

(1) **Purpose.** The purpose of oral argument is to emphasize and clarify the argument in the briefs.

(2) **Divided Argument.** The court may—in exceptional circumstances—permit divided arguments.

(3) **Teleconference.** The court may conduct oral argument by teleconference.

(4) **Cross-Appeals.** An appeal and cross-appeal will be argued together as one case in the time allotted for one case.

**6 Cir. I.O.P. 34 Oral Argument - Calendaring; Panel Selection and Identity; Notice of Hearing, Postponement, and Presentation of Oral Argument; Screening and Summary Decisions**

(a) **Calendaring.**

(1) **Annual Schedule.** The court generally sits over one or two-week periods scheduled so as to afford all judges at least five weeks between sittings. Active judges are generally scheduled to sit four days during one of the sitting weeks. At least six active judges are assigned to one of the two sitting weeks at random; the balance of the court's active judges are assigned to the other sitting week. Judges are later assigned to panels during the sitting weeks using an automated routine which randomizes the creation of panels based on the judges assigned to the sitting week.

(2) **Argument Calendars.** The clerk prepares the calendar for a session before the composition of panels is determined.

(3) **Case Typing.** The clerk balances the calendars by dividing the cases as evenly as possible among the panels according to three case types: civil, criminal, and other.

(4) **Oral Argument.** Panels determine which of the cases assigned to them will receive oral argument and which do not require oral argument. Although there will generally be four panels hearing argument Tuesday through Friday of a sitting week, this will vary according to individual panels' preferences.

(b) **Panel Selection and Identity.**

(1) **Subsequent Appeals Returned to Original Panel.** In appeals after this court returns a case to the lower court or agency for further proceedings, or after the Supreme Court of the United States remands a case to this court, the original panel

will determine whether to hear the appeal or whether it should be assigned to a panel at random.

(2) **Replacement Judge.** Where it is necessary to bring in a new judge to complete a panel, the clerk will randomly draw a name from among the active and senior judges not already on the panel. That judge will sit on the panel regardless of whether the judge is scheduled to sit during the same weeks as the other panel members. The random drawing will be witnessed by the Circuit Executive.

(3) **Remands with Jurisdiction Retained.** Where the court remands and retains jurisdiction, the case will be assigned to the panel that ordered the retention of jurisdiction. The chief judge may order the case assigned to another panel.

(4) **Identity of Panels.** The names of the judges who will hear the case are posted on the court's web site and are available from the clerk's office on the first business day of the week two weeks before oral argument.

**(c) Counsel Unavailability Form, Notice of Hearing, Postponement, and Presentation of Oral Argument.**

(1) **Counsel Unavailability Form**. In scheduling appeals for oral argument, the court will try to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit. The court's sitting schedule can be found on its website. Because cases are set for calendar early in the case, counsel should provide any dates of unavailability during the next nine months no later than the filing of appellee's brief. Counsel should use the "Counsel Unavailability Form" located on the court's website. If later conflicts arise, counsel should notify the court as soon as possible of those conflicts by filing an updated form.

(2) **Notice of Hearing**. The court seeks to give at least six weeks' advance notice of oral argument. The notice of hearing will remind counsel that 6 Cir. R. 36 allows the court to announce disposition of a case in open court following oral argument.

(3) **Request for Postponement**. Counsel's engagement in other courts is not necessarily good cause for postponement.

(4) **Checking in with Clerk's Office on Date of Hearing**. Counsel should check in with the clerk's office at least 15 minutes before court convenes. The clerk's office is open at 8:00 a.m. for check in.

(5) **Presenting Oral Argument**. Counsel should prepare for oral argument with

the knowledge that the judges have already studied the briefs. Reading from briefs, decisions, or the record is disfavored and permitted only in unusual circumstances. Counsel should be prepared to answer questions from the court.

(6) **Additional Time**. The court rarely permits additional time for oral argument.

(d) **Absence of Quorum; Adjournment.** If less than a quorum is present, a judge in attendance may adjourn the court. If no judge is present, the clerk may adjourn the court.

**FRAP 35 (Transferred to Rule 40)**

**6 Cir. R. 35 (Transferred to 6 Cir. R. 40)**

**6 Cir. I.O.P. 35 (Transferred to 6 Cir. I.O.P. 40)**

**FRAP 36 Entry of Judgment; Notice**

(a) **Entry.** A judgment is entered when it is noted on the docket. The clerk must prepare, sign, and enter the judgment:

(1) after receiving the court's opinion but if settlement of the judgment's form is required, after final settlement; or

(2) if a judgment is rendered without an opinion, as the court instructs.

(b) **Notice.** On the date when judgment is entered, the clerk must serve on all parties a copy of the opinion-or the judgment, if no opinion was written-and a notice of the date when the judgment was entered.

**6 Cir. R. 36 Entry of Judgment**

(1) **Dispositions through Written Opinions or Orders.** The court may announce its decision in an opinion or order. The clerk will enter a signed written judgment in accordance with the opinion or order.

(2) **Dispositions in Open Court.** The court may announce its decision in open court when

the decision is unanimous and each judge of the panel believes that a written opinion would serve no jurisprudential purpose. The clerk will enter a signed written judgment in accordance with the panel's decision from the bench.

**6 Cir I.O.P. 36 [Reserved]**

**FRAP 37 Interest on Judgment**

(a) **When the Court Affirms.** Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.

(b) **When the Court Reverses.** If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

**6 Cir. R. 37 [Reserved]**

**6 Cir. I.O.P. 37 [Reserved]**

**FRAP 38 Frivolous Appeals – Damages and Costs**

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

**6 Cir. R. 38 [Reserved]**

COMMITTEE NOTE: No corresponding 6 Cir. R. For rules regarding attorney discipline generally, see FRAP 46 and 6 Cir. R. 46.

**6 Cir. I.O.P. 38 [Reserved]**

**FRAP 39 Costs**

(a) **Allocating Costs Among the Parties.** The following rules apply to allocating taxable costs among the parties unless the law provides, the parties agree, or the court orders otherwise:

(1) if an appeal is dismissed, costs are allocated against the appellant;

(2) if a judgment is affirmed, costs are allocated against the appellant;

(3) if a judgment is reversed, costs are allocated against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, each party bears its own costs.

(b) **Reconsideration.** Once the allocation of costs is established by the entry of judgment, a party may seek reconsideration of that allocation by filing a motion in the court of appeals within 14 days after the entry of judgment. But issuance of the mandate under Rule 41 must not be delayed awaiting a determination of the motion. The court of appeals retains jurisdiction to decide the motion after the mandate issues.

(c) **Costs Governed by Allocation Determination.** The allocation of costs applies both to costs taxable in the court of appeals under Rule 39(e) and to costs taxable in district court under Rule 39(f).

(d) **Costs For and Against the United States.** Costs for or against the United States, its agency, or officer will be allocated under Rule 39(a) only if authorized by law.

(e) **Costs on Appeal Taxable in the Court of Appeals.**

(1) **Costs Taxable.** The following costs on appeal are taxable in the court of appeals for the benefit of the party entitled to costs:

(A) the production of necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f);

(B) the docketing fee; and

(C) a filing fee paid in the court of appeals.

(2) **Costs of Copies.** Each court of appeals must, by local rule, set the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f). The rate must not exceed that generally

charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(3) **Bill of Costs: Objections; Insertion in Mandate.**

(A) A party who wants costs taxed in the court of appeals must-within 14 days after judgment is entered—file with the circuit clerk and serve an itemized and verified bill of those costs.

(B) Objections must be filed within 14 days after the bill of costs is served, unless the court extends the time.

(C) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must—upon the circuit clerk's request—add the statement of costs, or any amendment of it, to the mandate.

(f) **Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a bond or other security to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

**6 Cir. R. 39 Costs Recoverable for Filing Paper Briefs**

(a) **Reproduction Costs.** Costs are not available for electronic filings. For paper filings, costs are taxed at the lesser of the actual cost or 25 cents per page, including covers, index, and table of authorities, regardless of the reproduction process used.

(b) **Number of Briefs.** When the court allows or requires paper briefs or appendices to be filed, costs may be taxed for two copies for each party required to be served.

(c) **Number of Appendices.** When the court allows or requires a paper appendix, costs may be taxed for one copy for each party required to be served.

## 6 Cir. I.O.P. 39 Bill of Costs - Allowable Costs and Motion to Extend Time

(a) **Bills of Costs.** Costs may include the court of appeals docket fee (where applicable) and production of the briefs and appendix, as limited by 6 Cir. R. 39. The court does not favor commercial printing or other expensive methods of producing the briefs and appendix. Therefore, 6 Cir. R. 39 limits the recoverable costs for production or reproduction of those documents. Generally, the court does not consider attorney fees costs of appeal.

(b) **Motion to Extend Time to File Bill of Costs.** The clerk decides uncontested motions to extend time to file a bill of costs. A single judge decides contested motions.

## FRAP 40 Panel Rehearing; En Banc Determination

(a) **A Party's Options.** A party may seek rehearing of a decision through a petition for panel rehearing, a petition for rehearing en banc, or both. Unless a local rule provides otherwise, a party seeking both forms of rehearing must file the petitions as a single document. Panel rehearing is the ordinary means of reconsidering a panel decision; rehearing en banc is not favored.

(b) **Content of a Petition.**

(1) **Petition for Panel Rehearing.** A petition for panel rehearing must:

(A) state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended; and

(B) argue in support of the petition.

(2) **Petition for Rehearing En Banc**. A petition for rehearing en banc must begin with a statement that:

(A) the panel decision conflicts with a decision of the court to which the petition is addressed (with citation to the conflicting case or cases) and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions;

(B) the panel decision conflicts with a decision of the United States Supreme Court (with citation to the conflicting case or cases);

(C) the panel decision conflicts with an authoritative decision of another United States court of appeals (with citation to the conflicting case or cases); or

(D) the proceeding involves one or more questions of exceptional importance, each concisely stated.

(c) **When Rehearing En Banc May Be Ordered.** On their own or in response to a party's petition, a majority of the circuit judges who are in regular active service and who are not disqualified may order that an appeal or other proceeding be reheard en banc. Unless a judge calls for a vote, a vote need not be taken to determine whether the case will be so reheard. Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)-(D) is met.

(d) **Time to File; Form; Length; Response; Oral Argument.**

(1) **Time.** Unless the time is shortened or extended by order or local rule, any petition for panel rehearing or rehearing en banc must be filed within 14 days after judgment is entered—or, if the panel later amends its decision (on rehearing or otherwise), within 14 days after the amended decision is entered. But in a civil case, unless an order shortens or extends the time, the petition may be filed by any party within 45 days after entry of judgment or of an amended decision if one of the parties is:

(A) the United States;

(B) a United States agency;

(C) a United States officer or employee sued in an official capacity; or

(D) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf—including all instances in which the United States represents that person when the court of appeals' judgment is entered or files that person's petition.

(2) **Form of Petition**. The petition must comply in form with Rule 32. Copies must be filed and served as Rule 31 prescribes, except that the number of filed copies may be prescribed by local rule or altered by order in a particular case.

(3) **Length**. Unless the court or a local rule allows otherwise, the petition (or a single document containing a petition for panel rehearing and a petition for rehearing en banc) must not exceed:

(A) 3,900 words if produced using a computer; or

(B) 15 pages if handwritten or typewritten.

(4) **Response.** Unless the court so requests, no response to the petition is permitted. Ordinarily, the petition will not be granted without such a request. If a response is requested, the requirements of Rule 40(d)(2)-(3) apply to the response.

(5) **Oral Argument.** Oral argument on whether to grant the petition is not permitted.

(e) **If a Petition Is Granted.** If a petition for panel rehearing or rehearing en banc is granted, the court may:

(1) dispose of the case without further briefing or argument;

(2) order additional briefing or argument; or

(3) issue any other appropriate order.

(f) **Panel's Authority After a Petition for Rehearing En Banc.** The filing of a petition for rehearing en banc does not limit the panel's authority to take action described in Rule 40(e).

(g) **Initial Hearing En Banc.** On its own or in response to a party's petition, a court may hear an appeal or other proceeding initially en banc. A party's petition must be filed no later than the date when its principal brief is due. The provisions of Rule 40(b)(2), (c), and (d)(2)-(5) apply to an initial en banc. But initial hearing en banc is not favored and ordinarily will not be ordered.

**6 Cir. R. 40 Panel Rehearing; En Banc Determination**

(a) **Petition Content.** A petition for panel rehearing containing a petition for rehearing en banc must so state plainly on the cover and in the title of the document. A petition that does not plainly request en banc rehearing will be presumed to seek only panel rehearing and will not be circulated to the en banc court for review. A copy of the opinion or final order sought to be reviewed must accompany the petition.

(b) **Expedited Relief.** A petition for panel rehearing or for rehearing en banc should state whether the court has previously expedited the matter for review. If either party seeks expedited review or relief for the first time upon rehearing, the party should file a separate motion that shows good cause to expedite.

(c) **Extension of Time.** The court will grant a motion to extend the time to file a petition for panel rehearing or for rehearing en banc only for the most compelling reasons. If an untimely petition for panel rehearing or for rehearing en banc is not accompanied by a motion to extend the filing time, the court will return the petition, unfiled, to the sending party.

(d) **Effect of Granting a Petition for Rehearing En Banc.** A decision to grant rehearing en banc vacates the previous opinion and judgment or order of the court, stays the mandate, and restores the case on the docket as a pending appeal.

**6 Cir. I.O.P. 40 Petitions for Rehearing**

(a) **Panel Rehearing**

(1) **When Necessary.**

(A) **Purpose.** The purpose of a petition for panel rehearing is to bring a claimed error of fact or law in the opinion to the panel's attention. It is not to be used for re-argument of issues previously presented.

(B) **Not a Prerequisite to Supreme Court Filing.** A party is not required to petition for rehearing—with or without a petition for rehearing en banc—as a prerequisite to a petition for a writ of certiorari in the Supreme Court of the United States.

(2) **Review.** Only the original panel members will review petitions for panel rehearing that are unaccompanied by a petition for rehearing en banc.

(3) **Briefing, Reargument, and Disposition.** If a petition for panel rehearing is granted, the court will usually make a final disposition without additional briefing or reargument.

(4) **Extension of Time or Leave to File Out-of-Time.** The court will refer a motion for additional time to file a petition for panel rehearing or for permission to file out of time to the original panel members. Counsel should not presume that the motion will be granted.

(b) **Rehearing En Banc**

(1) **Extraordinary Nature of Petition for Rehearing En Banc.** A petition for rehearing en banc is an extraordinary request intended to bring to the attention of the entire court a precedent-setting error of exceptional public importance or an opinion that directly conflicts with Supreme Court or Sixth Circuit precedent. Counsel fully discharges his or her duty in a case without filing a petition for rehearing en banc unless the case meets the rigid standards of Fed. R. App. P. 40(b)(2). Alleged errors in the determination of state law or in the facts of the case (including sufficient evidence), or errors in the application of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc.

(2) **Voting to Sit En Banc.** Only Sixth Circuit judges in regular active service who have not recused themselves from the case may vote in a poll on an en banc petition. See 28 U.S.C. § 46(c).

(3) **Composition of En Banc Court.** The en banc court is composed of all judges in regular active service at the time of a hearing or rehearing, any senior judge of the court who sat on the original panel, and, if no oral argument en banc is held, any judge in regular active service at the time that the en banc court agreed to decide the case without oral argument.

(4) **General Procedure.**

(A) A petition for rehearing en banc will first be treated as a petition for rehearing before the original panel. The original panel has 14 days to submit comments on the petition to the clerk.

(1) If the panel changes the substance of its decision, it will provide its modified decision to the clerk. The modified decision will be filed and counsel notified. Counsel will then have 14 days to withdraw, modify, or maintain the pending petition for rehearing en banc or to file a new petition.

(2) If the panel does not substantially modify its decision, the clerk will then circulate the petition and the panel's comments to the en banc court.

(B) Any active judge or any member of the panel whose decision is the subject of the rehearing petition may request a poll. If a poll is requested, 14 days are allowed for voting. Voting on a poll will not commence until a response to the petition has been requested and filed.

(5) **When a Poll Can Be Requested.**

(A) Poll After Petition is Filed. Any active judge or any member of the original hearing panel whose decision is under review may request a poll within 14 days from the date of circulation of the petition and the panel's comments.

(B) Sua Sponte Poll. Notwithstanding subsection (A), any member of the en banc court may sua sponte request a poll for hearing or rehearing en banc before a party files an en banc petition. Following a request for a sua sponte poll, the clerk will immediately circulate voting forms to the en banc court.

(6) **Response to Petition.** When a poll is requested, or if a judge requests a response, the clerk will ask for a response to the petition if none has been previously requested.

**FRAP 41 Mandate: Contents; Issuance and Effective Date; Stay**

(a) **Contents.** Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.

(b) **When Issued.** The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order.

(c) **Effective Date.** The mandate is effective when issued.

(d) **Staying the Mandate Pending a Petition for Certiorari.**

(1) **Motion to Stay.** A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay.

(2) **Duration of Stay; Extensions.** The stay must not exceed 90 days, unless:

(A) the period is extended for good cause; or

(B) the party who obtained the stay notifies the circuit clerk in writing within the period of the stay:

i. that the time for filing a petition has been extended, in which case the stay continues for the extended period; or

ii. that the petition has been filed, in which case the stay continues until the Supreme Court's final disposition.

(3) **Security.** The court may require a bond or other security as a condition to granting or continuing a stay of the mandate.

(4) **Issuance of Mandate.** The court of appeals must issue the mandate immediately on receiving a copy of a Supreme Court order denying the petition, unless extraordinary circumstances exist.

**6 Cir. R. 41 Issuance of Mandate; Stay of Mandate**

(a) **Stay of Mandate.** In the interest of minimizing unnecessary delay in the administration of justice, the issuance of the mandate will not be stayed simply upon request beyond the time necessary for disposition of a motion seeking a stay. The mandate ordinarily will issue pursuant to Fed. R. App. P. 41(b) unless there is a showing, or an independent determination by this court, that a petition for writ of certiorari would present a substantial question and that there is good cause for a stay.

(b) **Time for Filing Motion to Stay.** A motion to stay the mandate must be received in the clerk's office within 7 days after the time to file a petition for rehearing expires or seven days from entry of an order on petition for rehearing.

(c) **Duration of Stay Pending Application for Certiorari.** A stay of the mandate pending application to the Supreme Court for a writ of certiorari shall not be effective later than the date on which the movant's application for a writ of certiorari must be filed pursuant to 28 U.S.C. § 2101 or Rule 13 of the Supreme Court Rules, as applicable. If during the period of the stay there is filed with the clerk a notice from the clerk of the Supreme Court that the party who has obtained the stay has filed a petition for the writ in that Court, the stay shall continue until final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for writ of certiorari, the mandate shall issue immediately.

COMMITTEE NOTE: Former 6th Cir. R. 15.

**6 Cir. I.O.P. 41 Issuance of Mandate; Stay of Mandate – Right to Certiorari Not Affected**

**(a) Issuing a Mandate.**

(1) **Purpose.** A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment.

(2) **Distribution.** This court will distribute copies of the mandate to all parties and to the lower court or agency clerk. This court will then return the record to the lower court.

(b) **Presiding Judge.** The clerk will refer a motion for stay or recall of the mandate, as a single-judge matter, to the judge who wrote the opinion.

(c) **Staying a Mandate.** The court will not stay a mandate beyond the date on which the movant's application is due under 28 U.S.C. § 2101 or Rule 13 of the Supreme Court Rules.

(d) **Right to Seek Certiorari.** The issuance of a mandate does not affect a party's right to seek a writ of certiorari.

**FRAP 42 Voluntary Dismissal**

(a) **Dismissal in the District Court.** Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties.

(1) **Dismissal in the Court of Appeals.**

(1) **Stipulated Dismissal.** The circuit clerk must dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any court fees that are due.

(2) **Appellant's Motion to Dismiss.** An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

(3) **Other Relief.** A court order is required for any relief under Rule 42(b)(1) or (2) beyond the dismissal of an appeal–including approving a settlement, vacating an action of the district court or an administrative agency, or remanding the case to either of them.

**(2)** **Court Approval.** This Rule 42 does not not alter the legal requirements governing court approval of a settlement, payment, or other consideration.

**(3)** **Criminal Cases.** A court may, by local rule, impose requirements to confirm that a defendant has consented to the dismissal of an appeal in a criminal case.

**6 Cir. R. 42 Voluntary Dismissal**

A voluntary motion to dismiss a criminal appeal or an appeal in a post-conviction proceeding must contain a statement, signed by the appellant, demonstrating knowledge of the right to appeal and expressly electing to withdraw the appeal. If the statement is not included, counsel must show that exceptional circumstances prevented its inclusion. Proof of service must include service on the appellant him or herself.

**6 Cir. I.O.P. 42 [Reserved]**

**FRAP 43 Substitution of Parties**

(a) **Death of a Party.**

(1) **After Notice of Appeal Is Filed.** If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party. A party's motion must be served on the representative in accordance with Rule 25. If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.

(2) **Before Notice of Appeal Is Filed—Potential Appellant.** If a party entitled to appeal dies before filing a notice of appeal, the decedent's personal representative—or, if there is no personal representative, the decedent's attorney of record—may file a notice of appeal within the time prescribed by these rules. After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).

(3) **Before Notice of Appeal Is Filed—Potential Appellee.** If a party against whom an appeal may be taken dies after entry of a judgment or order in the district court, but before a notice of appeal is filed, an appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).

(b) **Substitution for a Reason Other Than Death.** If a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) applies.

(c) **Public Officer: Identification; Substitution.**

(1) **Identification of Party.** A public officer who is a party to an appeal or other proceeding in an official capacity may be described as a party by the public officer's official title rather than by name. But the court may require the public officer's name to be added.

(2) **Automatic Substitution of Officeholder.** When a public officer who is a party to an appeal or other proceeding in an official capacity dies, resigns, or otherwise ceases to hold office, the action does not abate. The public officer's successor is automatically substituted as a party. Proceedings following the substitution are to be in the name of the substituted party, but any misnomer that does not affect the substantial rights of the parties may be disregarded. An order of substitution may be entered at any time, but failure to enter an order does not affect the substitution.

**6 Cir. R. 43 [Reserved]**

**6 Cir. I.O.P. 43 [Reserved]**

**FRAP 44 Cases Involving a Constitutional Question When the United States or the Relevant State Is Not a Party**

(a) **Constitutional Challenge to Federal Statute.** If a party questions the constitutionality of an Act of Congress in a proceeding in which the United States or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the Attorney General.

(b) **Constitutional Challenge to State Statute.** If a party questions the constitutionality of a statute of a State in a proceeding in which that State or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the attorney general of the State.

**6 Cir. R. 44 [Reserved]**

**6 Cir. I.O.P. 44 [Reserved]**

**FRAP 45 Clerk's Duties**

(a) **General Provisions.**

(1) **Qualifications.** The circuit clerk must take the oath and post any bond required by law. Neither the clerk nor any deputy clerk may practice as an attorney or counselor in any court while in office.

(2) **When Court Is Open.** The court of appeals is always open for filing any paper, issuing and returning process, making a motion, and entering an order. The clerk's office with the clerk or a deputy in attendance must be open during business hours on all days except Saturdays, Sundays, and legal holidays. A court may provide by local rule or by order that the clerk's office be open for specified hours on Saturdays or on legal holidays other than New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Juneteenth National Independence Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, and Christmas Day.

(b) **Records.**

(1) **The Docket.** The circuit clerk must maintain a docket and an index of all docketed cases in the manner prescribed by the Director of the Administrative Office of the United States Courts. The clerk must record all papers filed with the clerk and all process, orders, and judgments.

(2) **Calendar.** Under the court's direction, the clerk must prepare a calendar of cases awaiting argument. In placing cases on the calendar for argument, the clerk must give preference to appeals in criminal cases and to other proceedings and appeals entitled to preference by law.

(3) **Other Records.** The clerk must keep other books and records required by the Director of the Administrative Office of the United States Courts, with the approval of the Judicial Conference of the United States, or by the court.

(c) **Notice of an Order or Judgment.** Upon the entry of an order or judgment, the circuit clerk must immediately serve a notice of entry on each party, with a copy of any opinion, and must note the date of service on the docket. Service on a party represented by counsel must be made on counsel.

(d) **Custody of Records and Papers.** The circuit clerk has custody of the court's records and papers. Unless the court orders or instructs otherwise, the clerk must not permit an original record or paper to be taken from the clerk's office. Upon disposition of the case, original papers constituting the record on appeal or review must be returned to the court or agency from which they were received. The clerk must preserve a copy of any brief, appendix, or other paper that has been filed.

**6 Cir. R. 45 Duties of Clerks - Procedural Orders**

(a) **Orders That the Clerk May Enter.** The clerk may prepare, sign, and enter orders or otherwise dispose of the following matters without submission to the court or a judge, unless otherwise directed:

(1) Procedural motions;

(2) Motions involving production or filing of the appendix or briefs on appeal;

(3) Orders for voluntary dismissal of appeals or petitions, or for consent judgments in National Labor Relations Board cases;

(4) Orders for dismissal for want of prosecution;

(5) Orders appointing counsel under the Criminal Justice Act of 1984, as amended, in criminal cases in which the appellant is entitled to the appointment of counsel under the Sixth Circuit Plan for the Implementation of the Criminal Justice Act and in any other case in which an order directing the clerk to appoint counsel has been entered;

(6) Bills of costs under Fed. R. App. P. 39(e);

(7) Orders granting remands and limited remands where the motion includes a notice under Fed. R. App. P. 12.1(a); and

(8) Orders dismissing a second appeal as duplicative, where the court has docketed a jurisdictionally sound appeal from the same judgment or final order.

(b) **Notice.** A clerk's order must show that it was authorized under 6 Cir. R. 45(a).

(c) **Reconsideration.** A party adversely affected by a clerk's order may move for reconsideration by a judge or judges. The motion must be filed within 14 days of service of notice of entry of the order.

(d) **Remand from the Supreme Court.** The clerk refers remands from the Supreme Court of the United States to the panel that decided the case. Counsel need not file a motion concerning the remand - it is referred when the clerk receives a certified copy of the judgment. The clerk's office will advise counsel of further proceedings.

## 6 Cir. I.O.P. 45 Duties of Clerks – Clerk's Office

(a) **Location and Hours.** The clerk's office is the public business office for the court. It is at 100 E. Fifth Street, Cincinnati, Ohio, 45202. The clerk's business office (Room 540 of the Potter Stewart U.S. Courthouse) is open Monday through Friday, 8:30 a.m. to 5:00 p.m. On days when the court is sitting to hear oral argument, the clerk's office will open at 8:00 a.m. to allow counsel to check in.

(b) **Function.** All filings of documents and entry of decisions or other rulings of the court are made at the clerk's office. Questions regarding practice in the court or case status information can be directed to the clerk's office by telephone, (513) 564-7000, or letter.

(c) **Telephone Inquiries.** The clerk's office welcomes telephone inquiries from counsel regarding rules and procedures. The clerk and the chief deputy are available to confer with counsel on special problems and matters of rule interpretation. They can be reached at (513) 564-7000.

(d) **Web Site.** The court maintains an Internet web site for access to docket information, Sixth Circuit Rules, Internal Operating Procedures, recently issued opinions, and other items of interest including the Sixth Circuit Guide to Electronic Filing and other related information. The address is http://www.ca6.uscourts.gov. The court charges a fee for access to docket information.

## FRAP 46 Attorneys

(a) **Admission to the Bar.**

(1) **Eligibility.** An attorney is eligible for admission to the bar of a court of appeals if that attorney is of good moral and professional character and is admitted to practice before the Supreme Court of the United States, the highest court of a state, another United States Court of Appeals, or a United States District Court (including the district courts for Guam, the Northern Mariana Islands, and the Virgin Islands).

(2) **Application.** An applicant must file an application for admission, on a form approved by the court that contains the applicant's personal statement showing eligibility for membership. The applicant must subscribe to the following oath or affirmation:

"I, __________________________, do solemnly swear [or affirm] that I will conduct myself as an attorney and counselor of this court, uprightly and according to law; and that I will support the Constitution of the United States."

(3) **Admission Procedures.** On written or oral motion of a member of the court's bar, the court will act on the application. An applicant may be admitted by oral motion in open court. But, unless the court orders otherwise, an applicant need not appear before the court to be admitted. Upon admission, an applicant must pay the clerk the fee prescribed by local rule or court order.

(b) **Suspension or Disbarment.**

(1) **Standard.** A member of the court's bar is subject to suspension or disbarment by the court if the member:

(A) has been suspended or disbarred from practice in any other court; or

(B) is guilty of conduct unbecoming a member of the court's bar.

(2) **Procedure.** The member must be given an opportunity to show good cause, within the time prescribed by the court, why the member should not be suspended or disbarred.

(3) **Order.** The court must enter an appropriate order after the member responds and a hearing is held, if requested, or after the time prescribed for a response expires, if no response is made.

(c) **Discipline.** A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule. First, however, the court must afford the attorney reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing.

**6 Cir. R. 46 Attorneys - Admission of Attorneys, Attorney Discipline, Law Student Practice**

(a) **Admission of Attorneys.**

(1) **Prerequisite to Practice.**

(A) **Generally.** Except as provided in 6 Cir. R. 46(a)(1)(B), (C), and (D), an attorney must be admitted to the bar of this court and must file appearance Form 6CA-68 to file documents or participate in oral argument.

(B) **Government Attorneys.** An attorney representing the United States or its officer or agency may participate in the case without being admitted to the bar of this court.

(C) Attorneys employed by the Federal Public Defenders Office may participate in the case without being admitted to the bar of this court.

(D) **Attorneys for Amici Curiae.** An attorney for an amicus curiae may participate in the case without being admitted to the bar of this court.

(2) **Admission Fee.** Applicants for admission to the bar of this court must pay a fee. The amount is listed on the court's web site. No admission fee is required from:

- attorneys appointed by this court to represent a party in forma pauperis;
- attorneys employed by a federal public defender organization created under 18 U.S.C. § 3006A(g)(2)(A); and
- attorneys presently employed by a United States court.

(3) **Application Procedures.** Admissions are made on the motion of a member of the bar of this court. Application for admission is made by filing the form prescribed by the clerk. The form is available on the court's web site.

(4) **Failure to Secure Admission or File Notice of Appearance.** If counsel for the appellant fails to secure admission and file a notice of appearance within the time the clerk specifies, the court may dismiss the appeal.

(b) **Code of Conduct.** An attorney admitted to practice in this court is subject to the rules of professional conduct or other equivalent rules of the state where the attorney's principal office is located.

(c) **Attorney Discipline.**

(1) **Conduct Subject to Discipline.** This court may impose discipline on a member who:

(A) engages in conduct violating the Canons of Ethics or the Model Rules of Professional Conduct, whichever applies;

(B) fails to comply with the rules or orders of this court; or

(C) has been disciplined by a state or other court.

(2) **Records Sealed.** All records pertaining to disciplinary proceedings before the court must be filed under seal, unless the chief judge orders otherwise.

(3) **Scope of Discipline.** Discipline may include disbarment, suspension, reprimand, or other appropriate action. This rule does not limit the court's inherent contempt power or its authority under 28 U.S.C. § 1912 or 28 U.S.C. § 1927.

(4) **Initiation of Disciplinary Proceedings.** Formal disciplinary proceedings are initiated by an order to show cause, signed by the chief judge or by the circuit clerk, acting at the direction of the chief judge.

(A) **Order to Show Cause.** The court may issue an order to show cause on its own initiative or in response to a complaint filed by a member of the bar of this court or a party before the court.

(B) **Contents of Complaint.** A complaint of attorney misconduct must include:

(i) The name, address, and telephone number of the complainant;

(ii) The specific facts that require discipline, including the date, place, and nature of the alleged misconduct, and the names of all persons involved;

(iii) Copies of all documents or other evidence that support the factual allegations contained in subsection (ii), including a copy of any rule or order of this court that is alleged to have been violated; and

(iv) A statement under the penalty of perjury - at the end of the complaint - that the complainant has read the complaint and that the facts contained there are correct to the best of the complainant's knowledge.

(C) **Action by Chief Judge.** The clerk will send a complaint to the chief judge for initial review.

(i) If the chief judge determines that the complaint - on its face or after investigation - is without merit or does not warrant court action, the chief judge will dismiss the complaint.

(ii) If the chief judge determines that reasonable grounds exist for further investigation, the chief judge may order investigation. The chief judge may issue an order to show cause if the complaint appears meritorious, either before or after investigation.

(iii) If the chief judge issues an order to show cause, the clerk will mail the following to the respondent:

- the order to show cause;
- the complaint and supporting documents;
- a copy of Fed. R. App. P. 46;
- a copy of this rule; and
- a written statement that the respondent has 21 days from entry of the order to show cause to respond.

(iv) Alternatively, the chief judge may refer the matter to a state disciplinary authority for action.

(4) **Response.** A respondent has 21 days from entry of the order to show cause to file a response. The response must include:

(A) The name, address, and telephone number of the respondent;

(B) An admission or denial of each factual allegation in the complaint and order to show cause;

(C) A specific statement of facts on which respondent relies, including all other relevant dates, places, persons, and conduct;

(D) All relevant documents or other supporting evidence not previously filed with the complaint or order;

(E) A statement requesting or declining a hearing; and

(F) A statement under the penalty of perjury that the respondent has read the response and that the facts contained there are correct to the best of respondent's knowledge.

(5) **Summary Dismissal.** The chief judge may dismiss the complaint if the response shows that it is without merit.

(6) **Conformity with Other Discipline.** When a court or other disciplinary authority has disbarred or suspended the respondent and the respondent admits the action complained of or does not respond to the order to show cause, the chief judge may enter a final order imposing similar discipline.

(7) **Judicial Officer.** After a response is filed, the chief judge may appoint a circuit judge, district judge, or other judicial officer from the circuit to investigate the allegations. The judicial officer must review the documents, conduct hearings if necessary, and issue a written recommendation.

(8) **Hearing.** A disciplinary hearing will be held if the respondent timely requested one and the judicial officer determines that a hearing is necessary for proper disposition of the charges.

(A) **Notice.** When a hearing is necessary, the judicial officer will provide the respondent with at least 21 days written notice of the hearing. The notice must contain the date and location of the hearing and a statement that the respondent is entitled to be represented by counsel, to present witnesses and other evidence, and to confront and cross-examine adverse witnesses.

(B) **Procedure.** The judicial officer will conduct the hearing. The judicial officer has authority to resolve procedural and evidentiary disputes. Witnesses must testify under penalty of perjury. Hearings are confidential and will be recorded.

(C) **Rights of the Complainant and the Respondent.** During the hearing, the respondent is entitled to be represented by counsel, to present witnesses and other evidence, and to confront and cross-examine adverse witnesses. The judicial officer may permit the complainant to participate through counsel.

(D) **Burden of Proof.** The respondent's violation of the applicable standards of conduct or rules or orders of this court must be proven by clear and convincing evidence. A certified copy of a final order of disbarment or judgment of conviction for a felony offense, entered in any state or federal court, constitutes clear and convincing evidence.

(E) **Failure to Appear.** The respondent's failure to appear at the hearing is grounds for discipline.

(9) **Recommendation.** The judicial officer must recommend - in writing - a proposed disposition of the charges.

(A) **Filing of the Recommendation.** The judicial officer must file the recommendation and send copies to the respondent.

(B) **Response to the Recommendation.** The respondent may file a written response to the recommendation within 14 days of service of the recommendation. The response must state concisely any inaccuracies, errors, or omissions that warrant a disposition other than the recommended disposition. The response must not exceed 25 pages.

(10) **Final Action on the Recommendation.** The court will enter a final order of disposition within 30 days of the filing of a response to the recommendation. It will send notice of the final order to the respondent and the complainant.

(11) **Reinstatement.** A suspended or disbarred attorney may petition the court for reinstatement. The petition must include a concise statement of the circumstances of the disciplinary proceedings, the discipline imposed, and the grounds that justify reinstatement.

(A) **Automatic Reinstatement.** The court will automatically reinstate an attorney suspended for a definite term at the end of the suspension period on receipt of:

- a petition for reinstatement; and
- an affidavit showing compliance with the suspension order.

(B) **Petition for Reinstatement.** The court will reinstate a disbarred or indefinitely suspended attorney on petition for reinstatement only for good cause shown. The chief judge will review the petition for clear and convincing evidence that the member has the moral qualifications, competency, and learning in the law required for readmission. After review, the chief judge will make a recommendation to the court.

(C) **Successive Petitions for Reinstatement.** A suspended or disbarred attorney may not petition for reinstatement within one year following an adverse determination on a prior petition.

(12) **Chief Judge's Designees.** The chief judge may designate a circuit judge or judges to perform the duties of the chief judge under this rule. References to “chief judge” in this rule include his or her designees.

(d) **Law Student Practice.**

(1) **Eligibility.** To make an appearance under this rule, a law student must:

(A) Be enrolled in a law school approved by the American Bar Association;

(B) Have completed legal studies for at least four semesters, or the equivalent if the school is on some basis other than a semester basis;

(C) Be certified - with certification filed - by the student's law school dean or authorized representative as being of good character and competent legal ability; and

(D) Certify in writing that he or she has read and is familiar with the Code of Professional Responsibility or Rules of Professional Conduct in force in the state where the student's law school is located.

(2) **Cases in Which a Law Student May Appear.** An eligible law student may appear in this court in the following circumstances:

(A) On behalf of an indigent, with the written consent of the indigent and the attorney of record.

(B) On behalf of the United States, with the written consent of the United States Attorney or authorized representative.

(C) On behalf of a state, with the written consent of the state attorney general or authorized representative.

In each case, the written consent must be filed with the clerk.

(3) **Preparation of Documents and Oral Argument.** An eligible law student may assist in the preparation of briefs and other documents to be filed in this court, but those briefs or other documents must also be signed by the attorney of record. The student may also participate in oral argument with leave of the court, but only in the presence of the attorney of record. The student must be introduced to the court by an attorney admitted to practice before it.

(4) **Responsibility of the Attorney of Record.** The attorney of record must assume personal professional responsibility for the law student's work and for supervising the quality of that work. The attorney must be familiar with the case and prepared to supplement any written or oral statement by the student.

(5) **Revocation.** The dean of the student's law school may withdraw certification at any time by mailing notice to the clerk. This court may terminate a student's

privileges under this rule at any time. Neither the law school nor this court are required to provide notice, hearing, or any showing of cause.

(6) **Compensation.** A law student appearing under this rule may not ask for or receive compensation or remuneration from the individual or party on whose behalf the student renders services. But an attorney, legal aid bureau, law school, public defender agency, state, or the United States may compensate the eligible law student. This rule does not prevent an entity from charging a client or other recipient for its services.

**6 Cir. I.O.P. 46 [Reserved]**

**FRAP 47 Local Rules by Court of Appeals**

(a) **Local Rules.**

(1) Each court of appeals acting by a majority of its judges in regular active service may, after giving appropriate public notice and opportunity for comment, make and amend rules governing its practice. A generally applicable direction to parties or lawyers regarding practice before a court must be in a local rule rather than an internal operating procedure or standing order. A local rule must be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. § 2072 and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States. Each circuit clerk must send the Administrative Office of the United States Courts a copy of each local rule and internal operating procedure when it is promulgated or amended.

(2) A local rule imposing a requirement of form must not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

(b) **Procedure When There Is No Controlling Law.** A court of appeals may regulate practice in a particular case in any manner consistent with federal law, these rules, and local rules of the circuit. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local circuit rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

## 6 Cir. R. 47 Rule Amendments

(a) **Notice of Proposed Amendments.** Generally, the clerk must provide notice and a 90-day comment period for proposed amendments to the rules. The clerk gives notice to the state bar association in each state in the circuit and to the distribution list that the clerk maintains. The clerk will include an interested publisher, bar association, or other law-related association in this list on request. The clerk must also provide notice to the general public by posting proposed amendments to the court's website.

(b) **Comments.** Comments should be filed in writing with the clerk.

(c) **Adoption After the Comment Period.** The court may adopt a proposed amendment any time after the comment period closes.

(d) **Adoption Without Prior Notice.** If the court determines that an immediate need exists, it may amend the rules without prior notice and comment. If the court does not provide prior notice, it will promptly provide notice and an opportunity for comment after the amendment.

## 6 Cir. I.O.P. 47 Advisory Committee On Rules

(a) **Membership.** The advisory committee on rules has 12 members, appointed by the chief judge. The committee includes:

(1) Three members from each state in the circuit;

(2) At least one member from each district in the circuit; and

(3) Broad representation of all aspects of litigation practiced before the court.

(b) **Terms of Office.** Each member is appointed for three years, in staggered terms. A member may not serve more than two successive three-year terms. An interim appointment of less than 2 years is not a term.

(c) **Meetings.** The committee meets annually. In even-numbered years, it meets during the judicial conference. In other years, the chair must call the annual meeting. When possible, the meeting is coordinated with the Sixth Circuit Rules Committee meeting. The chair or the chief judge may call additional committee meetings.

(d) **Recommendations.**

(1) **Recommendations from the Advisory Committee.** The advisory committee proposes amendments by resolution sent to the chief judge, with a copy to the chair of the Sixth Circuit Rules Committee.

(2) **Proposals from the Rules Committee.** The rules committee will send proposed amendments to the advisory committee for comment unless time or other circumstances make this impracticable.

**FRAP 48 Masters**

(a) **Appointment; Powers.** A court of appeals may appoint a special master to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court. Unless the order referring a matter to a master specifies or limits the master's powers, those powers include, but are not limited to, the following:

(1) regulating all aspects of a hearing;

(2) taking all appropriate action for the efficient performance of the master's duties under the order;

(3) requiring the production of evidence on all matters embraced in the reference; and

(4) administering oaths and examining witnesses and parties.

(b) **Compensation.** If the master is not a judge or court employee, the court must determine the master's compensation and whether the cost is to be charged to any party.

**6 Cir. R. 48 [Reserved]**

**6 Cir. I.O.P. 48 [Reserved]**

**6 Cir. R. 100 - Supplemental Procedural Rules**

**6 Cir. R. 101 [Reserved]**

**6 Cir. I.O.P. 101 [Reserved]**

**6 Cir. R. 102 [Reserved]**

**6 Cir. I.O.P. 102 [Reserved]**

**6 Cir. R. 103 [Reserved]**

**6 Cir. I.O.P. 103 [Reserved]**

**6 Cir. R. 104 [Reserved]**

**6 Cir. I.O.P. 104 [Reserved]**

**6 Cir. R. 105 [Reserved]**

**6 Cir. I.O.P. 105 Complaints of Judicial Misconduct**

A complaint of judicial misconduct filed with the circuit clerk will be referred to the circuit executive. See 28 U.S.C. § 351.

## 6 Cir. R. 200 - Administrative Rules

**6 Cir. R. 201 [Reserved]**

**6 Cir. I.O.P. 201 [Reserved]**

**6 Cir. R. 202 Sessions of Court**

(a) **Time and Place.** Sessions of this court are held when the court deems advisable. All sessions are at the Potter Stewart U.S. Courthouse in Cincinnati, Ohio, unless otherwise ordered.

(b) **Order of Business.** Before the call of the calendar, the court will entertain motions to admit attorneys to the bar of the court. The court will then call the calendar for the day. The court will hear cases in the order in which they appear on the calendar, unless it directs otherwise.

**6 Cir. I.O.P. 202 Sessions—Court Facilities and Personnel**

(a) **Courtroom Deputies.** The clerk's office provides courtroom deputies.

(b) **Physical Facilities.** The court is located in the Potter Stewart U.S. Courthouse at Fifth and Walnut Streets in Cincinnati, Ohio, 45202. The building contains three courtrooms for the Sixth Circuit and chambers for each active and senior circuit judge. The building also contains the circuit executive's office, the clerk's office, the staff attorneys' office, and the library.

(c) **Judges and Other Supporting Personnel.**

(1) **Judges.** The Sixth Circuit is authorized to have sixteen active judges. Each active judge is authorized to have three law clerks and two judicial assistants or, instead, four law clerks and one judicial assistant. The chief judge is authorized one additional law clerk and judicial assistant. The court is also served by senior circuit and visiting judges who sit with panels of the court.

(2) **Circuit Executive.** The circuit executive and staff are an arm of the Judicial Council of the circuit and provide administrative support to the court. The circuit executive's services are designed to assist judges to free them for their primary duty of adjudication and, particularly, to assist the chief judge with administrative duties.

(3) **Staff Attorneys.** The court appoints a senior staff attorney and supervisory staff attorneys to supervise the staff attorney's office. The office provides legal support to the court as a whole, rather than to individual judges by making dispositional recommendations in those cases that the court has decided do not require oral argument under Fed. R. App. P. 34(a)(2).

### 6 Cir. R. 203 Assignment of Judges; Quorum

(a) **Assignment of Judges; Quorum.** As provided in 28 U.S.C. § 46, the judges of this court shall be assigned to sit upon the court and its panels in such order, at such sessions, and for the hearing of such cases, as the court directs. Cases and controversies shall be heard and determined by a panel of three judges, unless a hearing or rehearing before the court en banc is ordered as provided by FRAP 40. A majority of the number of judges authorized to constitute the court or a panel thereof shall constitute a quorum.

(b) **Absence of Quorum; Adjournment.** If on any day less than a quorum is present, any judge in attendance may adjourn the court until a later time or, if no judge is present, the clerk may adjourn the court from day to day.

COMMITTEE NOTE: Former 6th Cir. R. 3.

### 6 Cir. I.O.P. 203 [Reserved]

### 6 Cir. R. 204 Court Library and Materials

The court's libraries are available to federal court personnel. When library staff is present, other federal personnel and attorneys admitted to federal practice may use the libraries during regular hours. The court librarian may admit other users. The court librarian may permit court personnel or counsel acting on a judge's request to remove materials from a library, but library materials may not be removed from local courthouses or federal buildings.

### 6 Cir. I.O.P. 204 Library Hours of Operation

The Cincinnati library is open from 8:00 a.m. to 5:00 p.m., Monday through Friday. The satellite libraries in Chattanooga, Cleveland, Columbus, Detroit, Grand Rapids, Louisville, Memphis and Nashville have varying hours of operation.

## 6 Cir. R. 205 Judicial Conference of the Sixth Circuit

(a) **Annual Conference.** Unless the court determines otherwise, it will hold an annual conference of the court's circuit, district, bankruptcy, and magistrate judges at a time and place the chief judge designates.

(1) **Open Conferences.** Open conferences are held in even-numbered years.

(2) **Judges-Only Conferences.** Judges-only conferences are held in odd-numbered years.

(b) **Purpose.** The purpose of the conference is to consider the state of the courts and to consider ways to improve the administration of justice in the circuit.

(c) **Attendees.** The circuit, district, bankruptcy, and magistrate judges of the circuit may attend all conferences. Members of the bar who meet the following qualifications may attend open conferences:

(1) Attorneys admitted to practice in one or more federal courts in this circuit; and

(2) Delegates appointed under subrule (d).

(d) **Delegates.**

(1) **Eligibility.** An attorney who has demonstrated a willingness to work to improve the judicial system is eligible to serve as a delegate. The attorney must have practiced actively for at least five years in one or more federal courts of the circuit, in a manner that reflects integrity, honesty, capability, and civility. The appointing judge should know the attorney.

(2) **Selection.** The judges in the circuit appoint delegates to the open conferences. Appointment as a delegate for one conference does not imply appointment to succeeding conferences. In appointing delegates, judges should consider the composition of their court's bar with respect to areas of practice, race, sex, national origin, and level of experience. Delegates consist of:

(A) two or more lawyers appointed by the chief judge of the circuit;

(B) two lawyers appointed by each other circuit judge; and

(C) one lawyer appointed by each district judge.

(e) **Life Members.**

(1) **Membership.**

**Membership by Attendance.** An attorney who has attended three conferences in one or more of the capacities below is a life member of the conference. For purposes of determining eligibility, an attorney may aggregate years of attendance as:

(A) A delegate;

(B) The president or president-elect of the state bar association of a state in the circuit;

(C) The vice presidents for the Sixth Circuit of the Federal Bar Association or a member of the Executive Committee of the Federal Bar Association who resides in the circuit;

(D) The dean or designated member of the faculty of an accredited law school in the circuit;

(E) A member of the Advisory Committee on Rules of the United States Court of Appeals for the Sixth Circuit;

(F) The United States Attorney for a judicial district in the Sixth Circuit;

(G) The Federal Public Defender or Executive Director of the Community Defender Organization for the judicial districts in the circuit that have established defender organizations; and

(H) The CJA attorney representative for each district in the circuit.

(2) **Retired or Former Judges.**

(A) A circuit or district judge who has retired from judicial office under honorable circumstances under 28 U.S.C. § 371(a) or who has resigned from judicial office under honorable circumstances after having served at least three years is a life member;

(B) A bankruptcy or magistrate judge who has retired from judicial office under honorable circumstances under 28 U.S.C. § 377(a) or who has resigned from judicial office under honorable circumstances after having served for a least ten years, is a life member if the majority of the district judges of the bankruptcy or magistrate judge's district recommend membership.

(3) **Petitioning for Membership.** An attorney who has attended three conferences since 2000 may petition the chief judge to become a life member. The chief judge will grant the petition if the attendee satisfies the requirements in subrule (e)(1). The chief judge's decision is final unless a majority of active circuit judges determines that the chief judge clearly erred. The petition must include:

(A) a statement that the attorney meets the eligibility requirements of a delegate under subrule (d)(1);

(B) evidence that the attorney attended at least three open conferences after actively practicing in one or more federal courts of this circuit for five years; and

(C) the favorable recommendation of a circuit or district judge of this circuit.

(4) **Eligibility to Attend Conferences; Responsibility.** A life member may attend all open conferences. The life members, acting through the Life Member Committee, organize life member programs and collegial activities of open conferences.

(5) **Maintaining Life Member Status.** To maintain active life member status, a life member must attend three open conferences each decade and pay annual dues. If these requirements are not met, the life member will be assigned to inactive status, subject to qualification as a senior life member. Inactive life members will not receive a letter of invitation or registration information for open conferences, nor are they required to pay dues.

(A) **Reinstating Active Life Member Status.** An inactive life member may return to active status by showing reasonable cause. The chief judge decides the request after considering the Life Member Committee's recommendation.

(B) **Senior Life Members Status.** At age 70, a life member may elect senior status. A senior life member will continue to receive a letter of invitation and conference registration materials but is not required to attend. A senior life member may - but is not required to - pay annual dues.

(6) **Dues.** Active life members must pay $100 annually. The Life Member Committee may change this amount. Dues will be turned over to the circuit executive for deposit and expenditure as directed by the chair of the Life Member Committee.

(f) **Committees.** The chief judge may appoint the following committees to help plan and carry out conferences:

(1) **Committee on Judicial Conference Planning.** The Committee on Judicial Conference Planning consists of a representative number of circuit, district, bankruptcy, and magistrate judges of this circuit and members of the bar. The committee plans and organizes the annual conferences. The chief judge appoints the chair and members of the Committee on Judicial Conference Planning. The Chair may appoint subcommittees to arrange particular aspects of an annual conference.

(2) **Life Member Committee.** The Life Member Committee consists of three life members from each of the four states in the circuit, with at least one member from each district. Members serve three-year terms. The chief judge may reappoint a committee member for one additional term. Alternatively, the chief judge may fix the length of terms so that approximately one-third of the terms expire each year. The chief judge appoints the chair of the Life Member Committee. The Life Member Committee organizes and oversees the life members' activities, including - in consultation with the chief judge and the chair of the Standing Committee on Judicial Conference Planning - the life members' participation in open conferences and dues collection.

(3) **Senior Counselors.** The members of the Life Member Committee and the life members serving on the Standing Committee on Judicial Conference Planning act as senior counselors to the circuit. Senior counselors provide advice, at the court's request, on issues, policies, and other matters of significant concern.

**6 Cir. I.O.P. 205 [Reserved]**

**6 Cir. R. 206 [Reserved]**

**6 Cir. I.O.P. 206 [Reserved]**

# SIXTH CIRCUIT GUIDE TO ELECTRONIC FILING

## Introduction

The United States Court of Appeals for the Sixth Circuit requires attorneys to file documents electronically, subject to exceptions set forth in the Sixth Circuit Rules and this Guide, using the Electronic Case File (ECF) system.

## Table of Contents

1. Definitions
2. Registration; Passwords
3. Mandatory Electronic Filing; Exceptions
4. [Reserved]
5. Record on Appeal and Appendices
6. Briefs on Appeal; Requirements; Proof Briefs
7. Documents Filed Under Seal
8. Signatures
9. Entry Onto the Docket; Official Court Record
10. Service of Documents
11. Access to Documents
12. Privacy Protection and Redactions
13. Filing Deadlines; Technical Failures
14. Training

## 1. Definitions

**1.1.** **ECF (Electronic Case Filing)** means the system maintained by the court for receiving and storing documents in electronic format.

**1.2.** **PACER (Public Access to Court Electronic Records)** is an electronic system that allows the user to view, print, and download electronically maintained docket information and court documents from the federal courts over the Internet.

**1.3.** **PDF (Portable Document Format)** means a non-modifiable electronic file containing the ".pdf" file extension. **Native PDF** form means a text-searchable PDF file generated from an original word-processing file.

**1.4.** **Registered Attorney** means an attorney who has registered under section 2 below and is therefore authorized to file documents electronically and to receive service on the ECF system.

**1.5.** **Initiating Filing** means the motion, petition, or other document initiating an original proceeding in this court, including those filed under Rules 5, 15 or 21 of the Federal Rules of Appellate Procedure.

**1.6.** **Document** means any order, opinion, judgment, petition, application, notice, transcript, motion, brief or other document filed in the court of appeals.

**1.7.** **Traditionally filed document** means a document submitted to the clerk in paper form for filing.

**1.8.** **NDA (Notice of Docket Activity)** is a notice generated automatically by the ECF system at the time a document is filed and a docket entry results. This notice sets forth the time of filing, the text of the docket entry, and the name of the attorney(s) required to receive notice of the filing. If a PDF document is attached to the docket entry, the NDA will also identify the person filing the document, the type of document, and a hyperlink to the filed document. Any document filed by the court will similarly list those to whom electronic notice of the filing is being sent.

## 2. Registration; Passwords

**2.1.** To participate in the ECF system, an attorney must register to file and serve documents electronically. Registration constitutes consent to receive electronic service of all documents as provided by the Federal Rules of Appellate Procedure and the Rules of the Sixth Circuit, as well as to receive electronic notice of correspondence, orders, and opinions issued by the court.

**2.2.** To be eligible to register as a user of the ECF system, an attorney must be admitted to practice in this court, be a member in good standing, and have submitted to the PACER Service Center a completed ECF Attorney Registration form. Registration forms may be obtained from:

PACER Service Center
P.O. Box 780549
San Antonio, TX 78278
Tel. (800)676-6856 or (210)301-6440
http://pacer.psc.uscourts.gov

In addition, the attorney or the attorney's firm must have a PACER account and an e-mail address.

**2.3.** Upon receipt of the attorney's registration information from the PACER Service Center, the clerk will issue a login name and user password to the attorney, who may thereafter change the password as he or she wishes. All registered attorneys have an affirmative duty to inform the clerk immediately of any change in their e-mail address. Service on an obsolete e-mail address will still constitute valid service on a registered attorney if the attorney has failed to notify the clerk of a new address. Authorized use of an attorney's login name and password by another is deemed to be the act of the attorney. If a login name and/or password should become compromised, the attorney is responsible for notifying the ECF Help Desk immediately at (513) 564-7000 or ca06-ecf-help@ca6.uscourts.gov.

**2.4.** An attorney whose e-mail address, mailing address, telephone number, or fax number has changed from that disclosed on the attorney's original Attorney Registration Form shall file a notice of such change and serve the notice of such change on all parties in all cases in which the attorney has entered an appearance.

**3. Mandatory Electronic Filing; Exceptions**

**3.1.** Except as otherwise required by the Sixth Circuit Rules or by order of the court, all documents submitted by attorneys in cases filed with the Sixth Circuit must be filed electronically, using the Electronic Case Filing (ECF) system. The Sixth Circuit Rules and this Guide govern electronic filings. If the Sixth Circuit Rules and this Guide are inconsistent, the Sixth Circuit Rules control.

**3.2.** All electronically filed documents must be in PDF form and must conform to all technical requirements established by the Judicial Conference or the court. Whenever possible, documents must be in Native PDF form and not created by scanning. The following documents are exempted from the electronic filing requirement and are to be filed in paper format:

(1) Any document filed by a party that is unrepresented by counsel;
(2) Documents relating to complaints of attorney misconduct;
(3) Vouchers or other documents relating to claims for compensation and reimbursement of expenses incurred with regard to representation afforded under the Criminal Justice Act; and
(4) Documents that exceed any limit that the court may set for the size of electronic filings

**3.3.** No unrepresented party may file electronically; unrepresented parties must submit documents in paper format. The clerk will scan such documents into the ECF system, and the electronic version scanned in by the clerk will constitute the appeal record of the court as reflected on its docket.

**4. [Reserved]**

**5. Record on Appeal and Appendices**

**5.1.** In an appeal in which the entire record of the lower court or administrative agency is available to this court in electronic form, no paper record on appeal will be transmitted to the clerk. If part of the record below is maintained in paper form, only that part must be transmitted to the circuit clerk when the court of appeals requests that the record be transmitted.

**5.2.** Except as provided in 6 Cir. R. 30(a), appendices to briefs are no longer required. The clerk will not accept an appendix for filing in cases where it is not required.

5.3. In appeals from the district court where there is an electronic record in the district court, documents in the electronic record must not be included in an appendix. To facilitate the court's reference to the electronic record in such cases, each party must include in its principal brief a designation of relevant district court documents; see 6 Cir. R. 30(g)(1). The designation must include for each document the record entry number from the district court docket and a description of the document.

5.4. In some instances the court's electronic filing system may not be able to accept large scanned documents that may be necessary for an appendix. A filer encountering such a problem should contact the ECF Help Desk, available by phone at (513) 564-7000 during the hours 8:00 A.M. to 5:00 P.M. Eastern time, Monday through Friday, or by e-mail at ca06-ecf-help@ca6.uscourts.gov. The court will work with the filer to resolve technical problems with filing large documents. If necessary, the court will extend the deadline for filing an appendix when such problems are encountered.

## 6. Briefs on Appeal - Proof Briefs Eliminated

**6.1.** Proof briefs are no longer required to be filed. The clerk will not accept a proof brief for filing.

**6.2.** Only one version of each brief is to be filed. Each brief will cite with specificity those parts of the record to which reference is made. Citation shall be to the record item being referred to and to the page of the appendix, if there is an appendix. See 6 Cir. R. 28(a).

## 7. Documents Filed Under Seal

**7.1.** A motion to file documents under seal may be filed electronically unless prohibited by law, local rule, or court order. If the court grants the motion, the order authorizing the filing of documents under seal may be filed electronically unless prohibited by law.

**7.2.** Documents filed under seal in the court from which an appeal is taken shall continue to be filed under seal on appeal to this court. Documents filed under seal shall comply with all filing requirements of the court that originally ordered or otherwise authorized the documents to be filed under seal.

## 8. Signatures

**8.1.** Attorneys - A registered attorney's use of the assigned login name and password to submit a document electronically serves as that attorney's signature on that document for all purposes. The identity of the registered attorney submitting the electronically filed document must be reflected at the end of the document by means of an "s/[attorney's name]" block showing the attorney's name, followed by the attorney's business address, telephone number, and e-mail address. Graphic and other electronic signatures are discouraged.

**8.2.** Multiple attorney signatures - The filer of any electronically filed document requiring multiple signatures (e.g., stipulations) must list thereon all the names of other attorney signatories by means of an "s/ [attorney's name]" block for each. By submitting such a document, the filer certifies that each of the other attorneys has expressly agreed to the form and substance of the document, and that the filer has their authority to submit the document electronically. In the alternative, the filer *may* submit a scanned document containing all necessary signatures.

**8.3.** Clerk of Court or Deputy Clerks - The electronic filing of any document by the clerk or a deputy clerk of this court by use of that individual's login and password shall be deemed the filing of a signed original document for all purposes.

## 9. Entry onto the Docket; Official Court Record

**9.1.** The electronic transmission of a document, together with transmission of the NDA from the court, in accordance with the policies, procedures, and rules adopted by the court, constitutes the filing of the document under the Federal Rules of Appellate Procedure and constitutes the entry of that document onto the official docket of the court maintained by the clerk pursuant to Fed. R. App. P. 45(b)(1). All orders, decrees, notices, opinions and judgments of the court will be filed and maintained by the ECF system and constitute entry on the docket kept by the clerk for purposes of Rules 36 and 45(b)(1) and (c) of the Federal Rules of Appellate Procedure.

**9.2.** The electronic version of filed documents, whether filed electronically in the first instance or received by the clerk in paper format and subsequently scanned into electronic format, constitutes the official record in the case. Later modification of a filed document or docket entry is not permitted except as authorized by the court. A document submitted electronically is deemed to have been filed on the date and at the time indicated in the system-generated NDA.

**9.3.** The clerk's office will discard all paper documents once they have been scanned and made a part of the official record, unless the electronic file thereby produced is incomplete or of questionable quality.

## 10. Service of Documents

**10.1.** A certificate of service is required for all documents, and registered attorneys must comply with Fed. R. App. P. 25 when filing electronically. The ECF system will automatically generate and send by e-mail an NDA to all registered attorneys participating in any case. This notice constitutes service on those registered attorneys. Registration for electronic filing by the ECF system constitutes consent to service through the NDA. Independent service, either by paper or otherwise, need not be made on any registered attorney. *Pro se* litigants and attorneys who are not registered for electronic filing must be served by the filing party through the conventional means of service set forth in Fed. R. App. P. 25. The Notice of Docket Activity generated by the ECF system does not replace the certificate of service required by Fed. R. App. P. 25.

**10.2.** Except as may be otherwise provided by local rule or order of the court, all orders, opinions, judgments and other court-issued documents in cases maintained in the ECF system will be filed electronically, which filing will constitute entry on the docket maintained by the clerk under Fed. R. App. P. 36 and 45(b).

Any order, opinion, judgment, or other court-issued document filed electronically without the signature of the judge, clerk, or authorized deputy clerk has the same effect as if the judge or clerk had signed a paper copy of the filing.

**11. Access to Documents**

**11.1.** Access to all documents maintained electronically, except those filed under seal, is available to any person through the PACER system. PACER accounts can be established through the PACER Service Center at: http://pacer.psc.uscourts.gov, or by contacting the PACER Service Center, P.O. Box 780549, San Antonio, Texas 78278, or by telephone at (800) 676-6856 or (210) 301-6440.

**11.2.** Under the PACER system, parties and counsel of record are entitled to one free copy of each document filed in their cases, within fifteen days of filing. Parties are encouraged to download a copy of the document and save it to their hard drives during this period, as subsequent access to those documents is subject to billing fees as set forth on the PACER website.

**12. Privacy Protection and Redactions**

In accordance with Fed. R. App. P. 25(a)(5), registered attorneys must redact all documents, including briefs, consistent with the privacy policy of the Judicial Conference of the United States. Required redactions include social security numbers and taxpayer identification numbers (the filer shall include only the last four digits of a social security or tax identification number), birth dates (use year of birth only), minors' names (initials may be used), and financial account numbers (except those identifying property allegedly subject to forfeiture in a forfeiture proceeding). It is the responsibility of the filer to redact pleadings appropriately. Pursuant to the privacy policy of the Judicial Conference and applicable statutory provisions, remote electronic access to immigration and social security dockets is limited to the attorneys in the case who are registered in ECF. In this regard, the clerk will restrict electronic public access in these cases to judges, court staff, and the parties and attorneys in the appeal or agency proceeding. The court will not restrict access to orders and opinions in these cases. Parties seeking to restrict access to orders and opinions must file a motion explaining why that relief is required in a given case.

**13. Filing Deadlines; Technical Failures**

**13.1.** Filing documents electronically does not in any way alter any filing deadlines. Where a specific time of day deadline is set by court order or stipulation, the electronic filing must be completed by that time. An electronically filed

document is deemed filed upon completion of the transmission and issuance by the court's system of an NDA.

**13.2.** The clerk shall deem the court's website to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon (Eastern time) that day, in which case, filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings must be accompanied by a declaration or affidavit attesting to the filer's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay because of such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document electronically shall be the ECF Help Desk, available by phone at (513) 564-7000 during the hours 8:00 A.M. to 5:00 P.M. Eastern time, Monday though Friday, or by e-mail at ca06-ecf-help@ca6.uscourts.gov.

## 14. Training

**14.1.** The clerk shall post and maintain on the court's website instructions for counsel on how to use the ECF system, and shall update the website as necessary when changes are made to the procedures for using ECF. These instructions, in such form as the clerk determines most effective, shall be clear and concise, giving the prospective user the information necessary to successfully file documents.

**14.2.** The court shall also staff and maintain an ECF Help Desk to which users can turn to for direction in accessing the ECF system successfully. In addition, the clerk shall offer whatever other assistance is practicable to ensure that attorneys become proficient in the use of the ECF system.

**Appendix:**
**Length Limits Stated in the**
**Federal Rules of Appellate Procedure**

This chart summarizes the length limits stated in the Federal Rules of Appellate Procedure. Please refer to the rules for precise requirements, and bear in mind the following:

- In computing these limits, you can exclude the items listed in Rule 32(f).
- If you use a word limit or a line limit (other than the word limit in Rule 28(j)), you must file the certificate required by Rule 32(g).
- For the limits in Rules 5, 21, 27, and 40:
  - You must use the word limit if you produce your document on a computer; and
  - You must use the page limit if you handwrite your document or type it on a typewriter.
- For the limits in Rules 28.1, 29(a)(5), and 32:
  - You may use the word limit or page limit, regardless of how you produce the document; or
  - You may use the line limit if you type or print your document with a monospaced typeface. A typeface is monospaced when each character occupies the same amount of horizontal space.

| | Rule | Document type | Word limit | Page limit | Line limit |
|---|---|---|---|---|---|
| **Permission to appeal** | 5(c) | • Petition for permission to appeal<br>• Answer in opposition<br>• Cross-petition | 5,200 | 20 | Not applicable |
| **Extraordinary writs** | 21(d) | • Petition for writ of mandamus or prohibition or other extraordinary writ<br>• Answer | 7,800 | 30 | Not applicable |

| | Rule | Document type | Word limit | Page limit | Line limit |
|---|---|---|---|---|---|
| **Motions** | 27(d)(2) | • Motion<br>• Response to a motion | 5,200 | 20 | Not applicable |
| | 27(d)(2) | • Reply to a response to a motion | 2,600 | 10 | Not applicable |
| **Parties' briefs (where no cross-appeal)** | 32(a)(7) | • Principal brief | 13,000 | 30 | 1,300 |
| | 32(a)(7) | • Reply brief | 6,500 | 15 | 650 |
| **Parties' briefs (where cross-appeal)** | 28.1(e) | • Appellant's principal brief<br>• Appellant's response and reply brief | 13,000 | 30 | 1,300 |
| | 28.1(e) | • Appellee's principal and response brief | 15,300 | 35 | 1,500 |
| | 28.1(e) | • Appellee's reply brief | 6,500 | 15 | 650 |
| **Party's supplemental letter** | 28(j) | • Letter citing supplemental authorities | 350 | Not applicable | Not applicable |
| **Amicus briefs** | 29(a)(5) | • Amicus brief during initial consideration of case on merits | One-half the length set by the Appellate Rules for a party's principal brief | One-half the length set by the Appellate Rules for a party's principal brief | One-half the length set by the Appellate Rules for a party's principal brief |
| | 29(b)(4) | • Amicus brief during consideration of whether to grant rehearing | 2,600 | Not applicable | Not applicable |
| **Rehearing and en banc filings** | 40(d)(3) | • Petition for initial hearing en banc<br>• Petition for panel rehearing; petition for rehearing en banc<br>• Response if requested by the court | 3,900 | 15 | Not applicable |