RECEIVED
MAR 09 2026
KELLY L. STEPHENS, Clerk

2/28/2026

To: 6'th Circuit Court of Appeals

Potter Stewart U.S. Courthouse

100 East Fifth Street

Cincinnati, Ohio 45202

Re: Sanford Schulman

To Whom it May Concern:

I am writing you on behalf of my nephew, Samuel Alexander Kuhl, concerning his court-appointed Attorney, Sanford Schulman. He is concerned that Mr. Schulman has not been able to set up a private phone consultation with him at the facility he is currently incarcerated in, the Charles Egeler Reception and Guidance Center in Jackson, Michigan. Other inmate's attorneys have had success having private phone conversations with their clients at the Egeler Center (so my nephew tells me), but seemingly not Mr. Schulman. For Samuel (my nephew), at least, this failure to be able to arrange this consultation smacks of a lack of will on the part of Mr. Schulman to fight for him, and Sam's opinion is that if Mr. Schulman is unwilling to fight for him in this seemingly small matter, will he be willing to fight for him in his appeal brief? Sam believes that there are issues he raised in his trial (he acted as his own attorney, unfortunately) that he wanted addressed in the appellate brief, and wished to discuss them with Mr. Schulman (thinking that correspondence through the mail is too slow), but cannot because of the Egeler Center's lack of phone alternatives (other facilities have a phone alternative called "Pin Debit" where the inmate can call out to anyone, but not the Egeler Center). I have noticed that the Egeler Center's mail policy for friends and family is rather odd (I once attempted to send Sam a package of case law and law review articles but the Center refused to give him the package I sent him on the grounds that it violated their "Voluminous Mail" policy—friends and family can only send mail to an inmate in chunks of 12 single-sided pages or 6 double-sided pages per envelope—as you can see, this policy doesn't help inmates in doing the necessary legal research to aid their attorneys in their

defense).

Perhaps the real issue here is not a lack of will, but the lack of knowledge as to where the acceptable boundary-line lies as to what lengths an attorney may go to in order to defend his client's due process rights. Should an appellate attorney have to be a civil-rights attorney as well? Perhaps the 6'th Circuit should take matters in hand and appoint my nephew a criminal attorney specializing in civil rights as co-counsel to make the claim that the Egeler center is violating my nephew's Due-Process and Equal-Protection rights and blocking Mr. Schulman from being able to do his duty to his client under both the U.S. and Michigan Constitutions. If that won't work then what would you suggest?

Sincerely,

Thomas Benjamin

710 Collins St. Apt 807

Kalamazoo, Michigan

49001

Thomas Benjamin Kuhl
710 Collins St Apt. 807
Kalamazoo, michigan 49001

Sixth Circuit Court of Appeals
Potter Stewart U.S. Courthouse
100 East Fifth street
Cincinnati, Ohio 45202

RECEIVED
MAR 09 2026
KELLY L. STEPHENS, Clerk

45202$3945 C023

25-2065
JBD