No. 25-2065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 29, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL ALEXANDER KUHL,

Defendant-Appellant.

O R D E R

Before: GRIFFIN, Circuit Judge.

Samuel Kuhl appeals his criminal judgment, after a jury trial, for sexual exploitation of a minor and coercion and enticement. Sanford A. Schulman represents Kuhl under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Kuhl moves pro se to withdraw Schulman and for replacement counsel, and Schulman responds. Kuhl replies and moves to filed the reply ex parte and under seal.

***1. Motion to substitute counsel***

As an indigent defendant with appointed counsel, Kuhl "has no right to have a particular attorney represent him." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). He must therefore show "good cause to warrant substitution of counsel." *Id.* (citation modified). Kuhl's dissatisfaction must also be "justifiable." *Nerison v. Solem*, 715 F.2d 415, 418 (8th Cir. 1983). This court has previously suggested that "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict"

establishes good cause. *United States v. Hudson*, No. 21-4126, 2023 WL 1463701, at *4 (6th Cir. Feb. 2, 2023) (citation modified).

Kuhl has not shown good cause for the substitution of counsel as his dissatisfaction with Schulman is not justified. As support for his motion, Kuhl asserts an alleged lack of communication and Schulman's purported "palpable distaste . . . for [Kuhl]." Kuhl further expresses frustration with Schulman's alleged failure to provide him with the district court transcripts. Schulman responds that Kuhl attempted to terminate Schulman in advance of a scheduled video meeting. Schulman has now sent Kuhl the transcripts, and the brief raises 10 issues, "many of which were requested by [Kuhl]." Kuhl's reply largely complains about perceived inaccuracies in the brief.

Schulman was appointed to represent Kuhl, which includes filing a brief on his behalf. Schulman thus retains the authority to pursue the arguments he deems appropriate. *See McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) ("Trial management is the lawyer's province," which includes "what arguments to pursue." (citation modified)). "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (citation omitted). "In fact, the process of winnowing out weaker arguments on appeal is the hallmark of effective appellate advocacy." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citation modified).

Kuhl has no right to "to compel [Schulman] to press nonfrivolous points . . . if [Schulman], as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As Kuhl's counsel, Schulman was obligated to review the record and file a brief that satisfied this court's expectation of professional competence. Schulman's disregard of any of Kuhl's proposed arguments does not establish justifiable good cause for Schulman's

substitution. *Monzo*, 281 F.3d at 579 ("It is not necessary for appellate counsel to raise every nonfrivolous claim on direct appeal." (citation omitted)). As an indigent defendant requesting court-appointed counsel, Kuhl is bound by the brief Schulman filed, regardless of whether Kuhl agrees with it. That Schulman did not seek Kuhl's approval is not good cause to justify his replacement. *See Iles*, 906 F.2d at 1130.

Kuhl's pro se motion to withdraw Schulman is DENIED. Kuhl is advised that he has no right to hybrid representation on appeal, *United States v. Montgomery*, 592 F. App'x 411, 415-16 (6th Cir. 2014), and all filings must be presented through counsel.

***2. Motion to seal reply***

Kuhl also moves to file his reply under seal and seemingly ex parte. "[T]he public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, this court has long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). Accordingly, Kuhl must establish a compelling reason to overcome this presumption. Even if Kuhl demonstrates compelling cause to justify a seal, "the seal itself must be narrowly tailored to serve that reason." *Id.* This requires Kuhl to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Kuhl's motion to seal is perfunctory in nature, generally asserting attorney-client privilege. In evaluating privilege, we have held that:

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7)

> from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*United States v. Sadler*, 24 F.4th 515, 557 (6th Cir. 2022) (quoting *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998)). Although Kuhl alleges that his reply contains privileged information, he does not develop the argument or cite supportive authority. And, as the person asserting privilege, Kuhl carries the burden of establishing its existence. *See id*. (quoting *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999)). Kuhl does not here establish privilege or overcome the strong presumption of openness. He also does not justify an ex parte filing. The motion to seal the reply is thus DENIED.

The clerk is directed to reset the briefing schedule.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk