Case No. 25-2065

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SAMUEL ALEXANDER KUHL,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the Western District of Michigan, Southern Division
Case No. 1:23-cr-44
Honorable Jane M. Beckering, United States District Judge

---

# SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT SAMUEL ALEXANDER KUHL

---

SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
313-963-4740
Email: saschulman@comcast.net

Date: July 17, 2026

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .................................................................... ii

ISSUES PRESENTED FOR REVIEW ................................................. iii

INTRODUCTION AND SCOPE OF THIS BRIEF ....................................1

CORRECTION TO THE STATEMENT OF FACTS.................................2
ARGUMENT ..........................................................................................4

XI. THE SAMSUNG WARRANT FAILED THE PARTICULARITY REQUIREMENT..........................................................................4

XII. COUNT ONE WAS DUPLICITOUS AND THE VERDICT FORM PERMITTED A NON-UNANIMOUS CONVICTION…………………. 9

XIII. THE PROSECUTION'S REBUTTAL CLOSING DEPRIVED MR. KUHL OF A FAIR TRIAL ...................................................................13

CONCLUSION AND RELIEF REQUESTED .........................................17

CERTIFICATE OF COMPLIANCE .........................................................

CERTIFICATE OF SERVICE.................................................................

## TABLE OF AUTHORITIES

**Cases**

Berger v. United States, 295 U.S. 78 (1935) ........................................ 13

Darden v. Wainwright, 477 U.S. 168 (1986) ........................................ 14

Groh v. Ramirez, 540 U.S. 551 (2004) ........................................ passim

Massachusetts v. Sheppard, 468 U.S. 981 (1984) ................................ 8

Richardson v. United States, 526 U.S. 813 (1999) ............................... 10

Riley v. California, 573 U.S. 373 (2014) ................................................ 5

Stirone v. United States, 361 U.S. 212 (1960) ...................................... 11

United States v. Carroll, 26 F.3d 1380 (6th Cir. 1994) .......................... 14

United States v. Esch, 832 F.2d 531 (10th Cir. 1987) ............................ 9

United States v. Leon, 468 U.S. 897 (1984) ........................................... 8

United States v. Solivan, 937 F.2d 1146 (6th Cir. 1991) ....................... 14

United States v. Young, 470 U.S. 1 (1985) ........................................... 15

Wong Sun v. United States, 371 U.S. 471 (1963) .................................. 8

**Statutes, Rules, and Other Authorities**

U.S. Const. amend. IV passim

U.S. Const. amend. V 10

U.S. Const. amend. VI 10

18 U.S.C. § 2251(a) passim

Fed. R. App. P. 21

## ISSUES PRESENTED FOR REVIEW

XI. Whether the district court erred in denying Mr. Kuhl's oral motion to suppress the fruits of the search of the Samsung device, where the warrant did not describe any item to be seized from that device, where the executing officer had never reviewed the supporting affidavit and had no independent knowledge of the investigation, and where the court denied the motion on the ground that probable cause "comes from the presence of the warrants and the affiant," a rationale foreclosed by Groh v. Ramirez, 540 U.S. 551 (2004)?

Standard of Review: This Court reviews the denial of a motion to suppress de novo as to legal conclusions and for clear error as to findings of fact. United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc).

XII. Whether Count One was duplicitous, and whether the verdict form deprived Mr. Kuhl of his right to a unanimous verdict, where a single count charged four separate visual depictions produced across approximately ten months, the unit of prosecution under 18 U.S.C. § 2251(a) is each individual depiction, and the verdict form asked the jury only to identify which exhibits constituted "images of sexually explicit

conduct" rather than which depictions Mr. Kuhl was unanimously found to have used the minor to produce?

Standard of Review: Duplicity and the adequacy of a verdict form present questions of law reviewed de novo. Richardson v. United States, 526 U.S. 813, 817 (1999).

XIII. Whether the prosecution's rebuttal closing deprived Mr. Kuhl of a fair trial, where the prosecutor told the jury that Mr. Kuhl's courtroom emotion and jail attire were a deliberate attempt to manipulate them, urged the jury to direct its sympathy to the complaining witness instead, and where Mr. Kuhl's contemporaneous objection was neither ruled upon nor addressed by any curative instruction?

Standard of Review: Where the claim is preserved, this Court asks whether the remarks were improper and, if so, whether they were flagrant. United States v. Carroll, 26 F.3d 1380, 1385 (6th Cir. 1994).

## INTRODUCTION AND SCOPE OF THIS BRIEF

This Supplemental Brief is filed by leave of Court and is limited in scope. It raises three issues that were preserved by an on-the-record ruling in the district court, that are supported by controlling authority, and that were not presented in the Opening Brief filed April 9, 2026. (Doc. 24.) It also corrects one statement in the Statement of Facts of that brief. Mr. Kuhl continues to rely on the ten issues presented in the Opening Brief, which are incorporated by reference and are not restated here. The Statement of Jurisdiction, Statement of the Case, and Statement of Facts set out in the Opening Brief are likewise incorporated, as corrected below.

The issues are numbered XI, XII, and XIII to follow the ten issues in the Opening Brief.

## CORRECTION TO THE STATEMENT OF FACTS

The Opening Brief states that the four videos introduced as the charged visual depictions under Count One were "all purportedly extracted from Mr. Kuhl's iPhone 12 Pro Max." (Doc. 24 at 6, citing R. 320, Trial Vol. III, PageID.3240-3245; see also id. at 33.) That statement is withdrawn. The cited pages contain Agent DiPierro's testimony concerning Facebook message timestamps and do not address the device from which any video was recovered.

The record establishes the following. Two devices attributed to Mr. Kuhl were admitted: Exhibit 2, an iPhone 12 Pro Max, and Exhibit 6, a Samsung. (R. 320, PageID.3195, 3410.) Michael Fry, the forensic analyst, extracted only the iPhone, and testified that he never reviewed that extraction. (R. 320, PageID.3287-3294.) Before the videos were admitted, the Government advised the court that "20 is on the Iphone," that "the only missing piece so far is where it came from," and that "[i]t was found on the Iphone which we will establish as soon as Fry" testified. (R. 320, PageID.3234-3235.) The court then provisionally admitted Exhibit 20 and admitted Exhibits 21, 22, and 23. (R. 320, PageID.3235.) In closing, the Government told the jury that Mr. Kuhl "received these, saved them on his IPhone and a Samsung cellphone." (R. 320, PageID.3421.)

The record therefore does not support the assertion that all four charged depictions were recovered from the iPhone. The correction bears directly on Issue XI: the depictions and communications recovered from the Samsung are the fruits of the search challenged there.

## ARGUMENT

XI. THE WARRANT AUTHORIZING THE SEARCH OF THE SAMSUNG DEVICE FAILED THE PARTICULARITY REQUIREMENT, AND THE GOOD-FAITH EXCEPTION CANNOT RESCUE IT.

A. The Facts of Record

On October 13, 2022, Wyoming Police Department officers stopped a vehicle in which Mr. Kuhl was a passenger and seized two cellular telephones from him. (Doc. 24 at 7-8.) Det. Kroschel of the Wyoming Police Department applied for and obtained a search warrant. Kroschel did not execute the warrant. Sgt. Meredith did. (Doc. 24 at 52-53.)

The warrant's seizure-authorization provision did not identify the Samsung device. (Doc. 24 at 52; R. 320, PageID.3214.) At trial, Sgt. Meredith testified that he had never reviewed the affidavit supporting the warrant he executed and had no independent knowledge of the facts underlying the application.

The following day, Mr. Kuhl moved orally to suppress on that basis:

THE DEFENDANT: The issue is the man executed a warrant as a law officer without any probable cause affidavit for that search warrant and . . . he lied and said that the search warrant said the Samsung was mine when it did not, and it did not even list Samsung in the section of what to be seized, secured, and tabulated from . . . . (R. 320, PageID.3213-3214.)

The district court denied the motion on the record:

> THE COURT: Your motion is denied because the probable cause comes from the presence of the warrants and the affiant and that was not him so your motion is officially denied. Feel free to appeal that to the Sixth Circuit and bring it up to the Supreme Court. (R. 320, PageID.3215.) The issue is preserved.

### B. The Warrant Was Facially Invalid Under Groh v. Ramirez

The Fourth Amendment requires that a warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In Groh v. Ramirez, 540 U.S. 551 (2004), the Supreme Court held that a warrant which fails to describe the items to be seized is "plainly invalid" on its face, notwithstanding that the supporting application described them adequately. Id. at 557. The Court rejected the argument that the application could cure the defect, holding that a warrant may incorporate a supporting document only where the warrant "uses appropriate words of incorporation" and the supporting document "accompanies the warrant." Id. at 557-58.

The parallel to this case is close, and the defect here is more complete. In Groh, the warrant described the place but omitted the things to be seized; here, the warrant's seizure-authorization provision omitted the Samsung device altogether. In Groh, the officer who executed the warrant was the affiant who had drafted it and personally knew what he intended to seize; here, the executing officer had never read the affidavit and knew

nothing of the investigation. If the affiant's own knowledge could not save the search in Groh, an executing officer's total ignorance cannot save this one.

The volume of data at stake sharpens the concern. A modern cellular telephone contains "the privacies of life," and its search implicates interests categorically different from those attending a physical container. Riley v. California, 573 U.S. 373, 393-97, 403 (2014). Sgt. Meredith conducted a full Cellebrite forensic extraction of a device the warrant never authorized him to touch, and the extraction was then passed to MSP Det. Gensterblum, who reviewed the entire contents. (Doc. 24 at 52-53.)

**C. The District Court's Rationale Is the One Groh Rejected**

The district court denied suppression because "the probable cause comes from the presence of the warrants and the affiant." (R. 320, PageID.3215.) That is precisely the reasoning Groh forecloses. The question is not whether probable cause existed in the mind of the affiant or on the face of an affidavit filed elsewhere. The question is whether the warrant itself particularly described what could be seized. It did not. "The fact that the application adequately described the 'things to be seized' does not save the warrant from its facial invalidity." Groh, 540 U.S. at 557.

### D. The Good-Faith Exception Does Not Apply

The good-faith exception of United States v. Leon, 468 U.S. 897 (1984), does not rescue this search. Groh held that no reasonable officer could believe a warrant that plainly failed the particularity requirement was valid, and that reliance on such a warrant is not objectively reasonable. 540 U.S. at 563-65. Massachusetts v. Sheppard, 468 U.S. 981 (1984), is not to the contrary: there, the executing officer was the affiant, had been assured by the issuing judge that the defect was cured, and knew the scope of the authorized search. Sgt. Meredith had none of those things.

### E. Relief

The evidence recovered from the Samsung, and all evidence derived from it, should have been suppressed as fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). That evidence is not marginal. The Samsung extraction is what MSP Det. Gensterblum reviewed when he opened the criminal sexual conduct investigation that produced this prosecution, and it is the source of communications the Government relied upon at trial. (Doc. 24 at 8, 52-53.) This Court should reverse and remand with instructions to suppress.

## XII. COUNT ONE WAS DUPLICITOUS AND THE VERDICT FORM PERMITTED A NON-UNANIMOUS CONVICTION.

### A. The Unit of Prosecution Under § 2251(a) Is Each Visual Depiction

Section 2251(a) punishes one who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). The unit of prosecution is each visual depiction, not a continuous course of conduct. In United States v. Esch, 832 F.2d 531 (10th Cir. 1987), the court held that "each use of a minor to create a visual depiction" constitutes "a separate and distinct violation" of the statute. Id. at 541-42.

Count One charged Mr. Kuhl in a single count with conduct producing four visual depictions dated October 27, 2021, May 19, 2022, May 27, 2022, and August 22, 2022, a span of approximately ten months. (Doc. 24 at 6; R. 320, PageID.3367-3368.) Under Esch, that is four offenses charged as one. The count was duplicitous.

### B. The Verdict Form Did Not Cure the Defect; It Compounded It

Duplicity is ordinarily curable by an instruction and a verdict form requiring the jury to agree unanimously on which discrete offense the defendant committed. The verdict form here did the opposite. Question 1A asked:

> In finding the defendant guilty of this charge we have unanimously agreed that the following images constitute images of sexually explicit conduct
> (R. 320, PageID.3367-3368.)

The jury was asked to agree on which exhibits depicted sexually explicit conduct. It was never asked to agree on which depiction Mr. Kuhl used the minor to produce, which is the actus reus of the offense. A juror could find Exhibit 20 sexually explicit and believe Mr. Kuhl solicited none of the four, and the form would still register a conviction.

The Government made the point itself in closing:

> we're going to ask you to tell us which or all of the videos you conclude constitute sexually explicit activity by S.D. It doesn't have to be all of them. It's got to be one just so we keep a record of how you unanimously voted as to those images.(R. 320, PageID.3421.)

"Sexually explicit activity by S.D." is not the charged offense. The charged offense is Mr. Kuhl's use of S.D. to produce a depiction. The verdict form and the Government's closing directed the jury's unanimity to the wrong question.

### C. The Defect Is of Constitutional Dimension

A federal criminal defendant is entitled to a unanimous jury verdict as to each element of each offense. Where a statute creates discrete violations, the jury must agree on which violation occurred; it is not enough that all jurors agree the defendant did something wrong. Richardson v. United States, 526 U.S. 813, 817-18 (1999). A duplicitous count also risks a conviction on a theory the grand jury never charged and obscures the record for double jeopardy purposes. Stirone v. United States, 361 U.S. 212, 217-19 (1960).

Mr. Kuhl preserved the issue. He challenged the duplicity of Count One in his pretrial motions. (R. 100, PageID.376-381; R. 101, PageID.385-386.) He raised the verdict form's failure to require unanimity in his Rule 33 motion for a new trial. (R. 357, PageID.3741.) [CONFIRM THE PRETRIAL PageID CITES AND THE PRECISE RULE 33 LANGUAGE.]

The conviction on Count One should be vacated.

## XIII. THE PROSECUTION'S REBUTTAL CLOSING DEPRIVED MR. KUHL OF A FAIR TRIAL, AND THE DISTRICT COURT NEVER RULED ON HIS OBJECTION.

A. What Was Said

In rebuttal closing, the prosecutor argued:

> Have you wondered why the defendant was dressed in jail clothes when he didn't have to be? Have you wondered why he got emotional during his opening and then got emotional when he cross examined S.D. and apologized to her yet kept her on the stand for four hours? He's manipulating you. He's trying to draw on your sympathy to get you not to follow your oaths as jurors because you feel sorry for him. Don't do it . . . . If you're going to have sympathy for anyone, have sympathy for S.D. He hurt her. She's still hurting.(R. 320, PageID.3453.) Mr. Kuhl objected immediately:

> THE DEFENDANT: I object, Your Honor.(R. 320, PageID.3454.)

The prosecutor answered the objection himself, and continued:

> This is where we do justice in this country. This is where we do justice in the United States, and it's wrong to hurt a kid. He did it, and I ask you to find him guilty.(R. 320, PageID.3454.)

The district court never ruled. It did not sustain the objection, did not overrule it, did not admonish the prosecutor, and gave no curative instruction. It proceeded directly to the deliberation charge: "You have heard the parties' arguments. Let me conclude by discussing your deliberations in the jury room and your possible verdict." (R. 320, PageID.3454.)

### B. The Remarks Were Improper

A prosecutor “may strike hard blows” but “is not at liberty to strike foul ones,” and his interest “is not that it shall win a case, but that justice shall be done.” Berger v. United States, 295 U.S. 78, 88 (1935). Two lines were crossed here.

First, the prosecutor asked the jury to draw an inference of guilt-adjacent manipulation from Mr. Kuhl’s courtroom demeanor and his clothing. Neither was evidence. Mr. Kuhl did not testify. His attire and his emotion during his own opening and cross-examination were not admitted for any purpose, were not subject to cross-examination, and bore on no element of either offense. The argument invited the jury to convict on non-record matter.

Second, the prosecutor made an express appeal to sympathy for the complaining witness, then closed by telling the jury that the courtroom “is where we do justice” and that “it’s wrong to hurt a kid.” This Court has reversed where a prosecutor urged the jury to convict in order to vindicate community interests rather than on the evidence. United States v. Solivan, 937 F.2d 1146, 1151-53 (6th Cir. 1991). Such arguments are improper because they “inflame the passions and prejudices of the jury” and displace the evidentiary inquiry the oath requires. Id. at 1151.

### C. **The Remarks Were Flagrant**

This Court weighs four factors: whether the remarks tended to mislead the jury or prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury; and the strength of the evidence. United States v. Carroll, 26 F.3d 1380, 1385 (6th Cir. 1994).

Each favors Mr. Kuhl. The remarks were prejudicial: they told the jury that the defendant's conduct in the courtroom was a calculated fraud upon them. They were not isolated: they occupied the opening of the rebuttal and returned at its close. They were deliberate: this was prepared rebuttal, delivered after Mr. Kuhl's closing, and the prosecutor returned to the theme after an objection had been lodged. And the evidence was contested on the element that mattered. The complaining witness could not identify a specific request for each video, and testified only "I'm not saying all of them but most of them." The message immediately preceding Exhibit 23 was her own: "I miss you like crazy." (Doc. 24 at 7, 39.)

### **D. The Absence of Any Ruling or Curative Instruction Is Decisive**

This Court has treated a prompt curative instruction as the principal factor mitigating an otherwise improper appeal to the jury. United States v. Carroll, 26 F.3d at 1385, 1387; United States v. Solivan, 937 F.2d at 1157.

There was none here. Nor was there a ruling of any kind. The jury watched Mr. Kuhl object, watched the prosecutor answer him directly and press on, and watched the court say nothing before instructing them to deliberate. The likely message conveyed was not that the remarks were improper but that they were permitted.

The general charge that jurors should not be swayed by “bias, sympathy, or prejudice” does not cure the error. (R. 320, PageID.3411 [CONFIRM].) A generic instruction given before the improper remarks, and never repeated in response to them, is not a curative instruction. United States v. Young, 470 U.S. 1, 12-13 (1985). Indeed, the prosecutor turned that very instruction against Mr. Kuhl, invoking the jurors’ oath as the reason to disregard his demeanor and then asking them to extend their sympathy to the Government’s witness instead.

Viewed in the context of the entire trial, the remarks “so infected the trial with unfairness as to make the resulting conviction a denial of due process.” Darden v. Wainwright, 477 U.S. 168, 181 (1986). Mr. Kuhl is entitled to a new trial.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons stated in this Supplemental Brief and in the Opening Brief, Defendant-Appellant SAMUEL ALEXANDER KUHL respectfully requests that this Honorable Court reverse his convictions and remand for a new trial, and further requests that the Court remand with instructions to suppress the evidence recovered from the Samsung device and all evidence derived from it, and to vacate the conviction on Count One.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
313-963-4740
Email: saschulman@comcast.net

Date: July 17, 2026

## CERTIFICATE OF COMPLIANCE

1. This Supplemental Brief contains 3,134 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. The Opening Brief filed April 9, 2026 contains 11,805 words. The combined total of the Opening Brief and this Supplemental Brief is 14,939 words. To the extent this Court deems the two filings together to constitute Defendant-Appellant's principal brief, that total exceeds the 13,000-word limitation of Fed. R. App. P. 32(a)(7)(B)(i) by 1,939 words..

3. This Supplemental Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
313-963-4740
Email: saschulman@comcast.net

Date: July 17, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Supplemental Brief of Defendant-Appellant Samuel Alexander Kuhl was filed with the Court's CM/ECF system this 17th day of July, 2026, which provides electronic service to all parties of record, including Olivia Kay Ghiselli, Assistant United States Attorney, Office of the United States Attorney, Western District of Michigan, P.O. Box 508, Grand Rapids, Michigan 49501-0208. A true and correct copy of the foregoing was also served upon Defendant-Appellant by U.S. Mail at:

Samuel A. Kuhl, #731991
1728 W. Bluewater Highway
Ionia, Michigan 48846

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
313-963-4740
Email: saschulman@comcast.net

Date: July 17, 2026