No. 25-2065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 11, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL ALEXANDER KUHL,

Defendant-Appellant.

O R D E R

Before: MOORE, GIBBONS, and HERMANDORFER, Circuit Judges.

Samuel Kuhl appeals his conviction, after a jury trial, for sexual exploitation of a minor and coercion and enticement. Sanford A. Schulman represents Kuhl under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Kuhl renews his pro se motion to remove Schulman and appoint new counsel, and Schulman responds in opposition. Kuhl separately moves to proceed pro se on appeal. Finally, Schulman moves for leave to file a supplemental brief, tendering the supplemental brief, which the government opposes.

Upon review of the various motions and responses, we have reason to suspect that artificial intelligence was used to generate content in Defendant-Appellant Kuhl's appellant brief and tendered supplemental brief, both of which were submitted by counsel.

First, Kuhl's principal brief contains two cases that the Court has been unable to locate. On page xi of the appellant brief, Kuhl states: "The procedural dismissal of a suppression motion is reviewed for abuse of discretion." United States v. Gaitan, 171 F. App'x 523, 527

(6th Cir. 2006)." Kuhl Br. xi. A search for this case in Westlaw and LexisNexis does not provide any results. Page 51 of the appellant brief cites *United States v. Brown*, 66 F.4th 581, 586-87 (6th Cir. 2023), as additional authority for the statement that "[t]he Sixth Circuit has held that police may not extend a traffic stop to investigate matters unrelated to the stop's purpose without independent reasonable suspicion." Kuhl Br. 51. This case also does not appear in Westlaw or LexisNexis.

Further review suggests additional problems. For instance, on page 31 of the appellant brief, Kuhl states, "[t]his Court has recognized that the competency standard for self-representation may be higher than the competency standard for standing trial. See Godinez v. Moran, 509 U.S. 389 (1993); Edwards, 554 U.S. at 174-78." Kuhl Br. 31. Though *Godinez* is a real case, it stands for the opposite proposition. *See Godinez*, 509 U.S. at 391 ("This case presents the question whether the competency standard for…waiving the right to counsel is higher than the competency standard for standing trial. We hold that it is not.")

Next, on page 45, the appellant brief compares *United States v. Gagliardi*, 506 F.3d 140, 148 (2d Cir. 2007), with *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006). Kuhl Br. 45. The brief asserts that these cases illustrate that "circuits are divided on whether the government must prove the defendant knew the victim was a minor or merely that a reasonable person would have known. Kuhl Br. 24. However, *Gagliardi* actually cites to and then adopts the reasoning in *Tykarsky*. *Gagliardi*, 506 F.3d at 145, 147.

The court thus has reasons to believe that sanctions may be warranted against Kuhl's counsel under the Federal Rules of Appellate Procedure, this Court's inherent authority, and any other source of disciplinary or sanctioning power. *See, e.g.,* Fed. R. App. P. 38; *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Whiting v. City of Athens, TN*, 170 F.4th 455 (6th Cir. 2026).

Therefore,

(1) Sanford A. Schulman, counsel for the defendant, is ORDERED to SHOW CAUSE why he should not be sanctioned and/or disciplined based on the facts described in this order within fourteen (14) days from the date of this order.

(2) Schulman must provide the Westlaw or LexisNexis printouts of each authority cited in the appellant brief and the supplemental brief. Schulman must highlight the language in each authority for the proposition of law for which it is cited. If there are any discrepancies, Schulman is expected to address those in his responsive briefing.

(3) In addition to any arguments or factual submissions that he believes warrant the court's consideration, Schulman must also explain (a) who wrote the appellant brief and the tendered supplemental brief; (b) whether generative artificial intelligence was used in the drafting of these briefs, and (c) the processes that were used to cite-check both briefs.

(4) A ruling on the outstanding motions is DEFERRED pending receipt of Schulman's response.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk