No. 25-2065

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

SAMUEL ALEXANDER KUHL,
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Western District of Michigan, Southern Division
Honorable Jane M. Beckering

---

_

**RESPONSE OF DEFENDANT-APPELLANT'S COUNSEL, SANFORD A. SCHULMAN, TO THE COURT'S ORDER TO SHOW CAUSE**

---

SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Dated: September 25, 2026

## INTRODUCTION

NOW COMES the undersigned counsel, Sanford A. Schulman, and respectfully submits this response to the Court's Order to Show Cause. Counsel takes full personal responsibility for the deficiencies identified in this Court’s Show Cause order. In response to the questions posed in the order, the undersigned states as follows:

1. Counsel personally drafted and finalized the opening and supplemental briefs. Counsel prepared the initial draft of both briefs. For the opening brief, counsel then used Claude (AI tool) to organize the index of authorities, to add citations, including those in the standard of review section, and to suggest changes to the grammar in the statement of facts and argument. For the supplemental brief, counsel used Claude to assist with grammar, formatting, fonts, and review; counsel selected every issue and supplied every authority cited in the supplemental brief.

2. The undersigned was the only one involved in drafting and reviewing and submitting the briefs before they were filed. Counsel did not independently verify every citation before the briefs were filed, and that failure caused the errors identified in the Court's Order.

3. As to the processes used to cite-check the briefs: for the opening brief, counsel personally checked the authorities counsel located through counsel's own legal research, and checked some, but not all, of the citations carried forward from

Mr. Kuhl's pro se motions in the district court. Counsel did not independently verify the citations the AI tool supplied or verified at counsel's request, and did not check the Table of Authorities against the body of the brief. Every error described in Part III arose from citations counsel did not verify. For the supplemental brief, counsel checked each citation before filing and believed each to be an actual, applicable case. Counsel's later review of the LexisNexis printouts in Exhibit B confirmed that each of the fourteen cited cases exists, but found the errors in the supplemental brief described in Parts III.E and III.F.

Counsel has since adopted the following practices, effective immediately and without exception: (a) counsel will not use generative AI to generate, supply, or verify legal authority; (b) counsel will personally confirm every citation in every filing against LexisNexis before filing, regardless of its source, including citations drawn from a client's pro se filings or from a lower court's rulings; and (c) counsel will check every Table of Authorities against the body of the document it indexes before filing. As explained in detail below, counsel respectfully submits that the resulting errors were the product of an insufficiently rigorous verification practice on counsel's own part, not of any intent to mislead this Court.

## OVERVIEW

The task of drafting the appellate brief and supplemental brief presented significant challenges given the defendant filed more than 80 pro se motions and there were more than 900 pages of trial transcripts. This was the first time the undersigned utilized the assistance of AI and the undersigned takes full responsibility for the failure to ensure that all the citations were verified. There was no intention to mislead this Court but the use of this technology was not proper and accurate. The undersigned reviewed the entire lower court record and attempted to present the salient issues and arguments from the lower court record, together with counsel's own legal research and drafting. The briefs nonetheless contained several citation errors, each described in Part III below. The undersigned submits in support of this answer a LexisNexis printout of each case in the order it appears in the briefs and highlights the relevant portion.

The deficiencies identified in the Court's Order resulted from counsel's failure to independently verify citations before filing, not from any intent to mislead this Court, and respectfully requests that the Court accept this Response in satisfaction of the Order to Show Cause and decline to impose sanctions or discipline.

## I. THE COMPLEXITY AND PROCEDURAL HISTORY OF THIS APPEAL

This appeal arises from an unusually protracted and difficult district court proceeding. Counsel offers this history not as an excuse, but as context for how the errors addressed below came to occur.

Mr. Kuhl was initially found not competent to stand trial on December 20, 2023 (R. 28), and was committed for restoration treatment; he was not found competent to proceed until February 14, 2025 (R. 83), some fourteen months later. He was represented by three successive appointed attorneys in the district court before undersigned counsel was appointed for this appeal. Mr. Kuhl also proceeded pro se for a substantial portion of the district court proceedings.

The district court docket reflects eighty-six separate pro se motions filed by Mr. Kuhl, the large majority of them handwritten, addressing matters ranging from competency and discovery to multiple motions to dismiss, motions to suppress, motions in limine, and post-trial motions for acquittal, a new trial, and to set aside the verdict. During the pendency of the district court proceedings, Mr. Kuhl also filed six separate pro se interlocutory appeals to this Court, docketed as Case Nos. 25-1086, 25-1236, 25-1496, 25-1663, 25-1692, and 25-1781, each of which was ultimately dismissed for lack of jurisdiction or as moot.

The case proceeded to a four-day jury trial, June 24 through June 27, 2025, resulting in guilty verdicts on both counts, followed by sentencing on November 19, 2025, to a total of 420 months' imprisonment. The resulting transcript record, encompassing pretrial hearings, four days of trial, and the sentencing hearing, exceeds nine hundred pages. Before drafting the opening brief, counsel personally reviewed this entire transcript record, together with the full pretrial motion practice described above. The volume of this record does not excuse the citation errors addressed below, but it is offered to give the Court a complete picture of the circumstances in which this brief was prepared.

## II. THE STATUS OF THE CASE LAW CITED IN THE BODY OF THE OPENING BRIEF

Pursuant to the Court's Order, counsel searched LexisNexis for each of the 44 cases cited in the body of the opening brief. Forty-three are real, existing judicial decisions, and LexisNexis printouts of those 43, with the language supporting the cited proposition highlighted in each, are submitted herewith as Exhibit A. The 44th, United States v. Gaitan, cited on page xi of the brief, does not exist; that citation, and the real authority counsel now substitutes for it, are addressed in Part III.B below.

One additional citation, United States v. Brown, addressed in Part III.A below, gives a reporter citation (66 F.4th 581) that does not exist; the case Mr. Kuhl actually cited is a real, unpublished decision. The full list of the 44 citations,

in the order in which they appear in the brief, is set forth below, with these two exceptions marked.

The following are the case list in the order of appearance in the Opening Brief:

**OPENING BRIEF STANDARD OF REVIEW SECTION**

vi Indiana v. Edwards, 554 U.S. 164 (2008) (STANDARD OF REVIEW MISCITED; SEE PART III.B BELOW)
vii United States v. Carpenter, 360 F.3d 591 (6th Cir. 2004)
vii McKaskle v. Wiggins, 465 U.S. 168 (1984) (STANDARD OF REVIEW PARTLY SUPPORTED; SEE PART III.B BELOW)
viii Jackson v. Virginia, 443 U.S. 307 (1979) (STANDARD OF REVIEW PARTLY SUPPORTED; SEE PART III.B BELOW)
viii Liteky v. United States, 510 U.S. 540 (1994) (STANDARD OF REVIEW MISCITED; SEE PARTS III.B AND III.G BELOW)
ix United States v. Stevens, 559 U.S. 460 (2010) (STANDARD OF REVIEW MISCITED; SEE PART III.B BELOW)
x Bond v. United States, 564 U.S. 211 (2011) (STANDARD OF REVIEW MISCITED; SEE PART III.B BELOW)
x United States v. Overholt, 307 F.3d 1231 (10th Cir. 2002) (MISCITED; SEE PART III.B BELOW)
x United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (MISCITED; SEE PART III.B BELOW)
xi United States v. Gaitan, 171 F. App'x 523 (6th Cir. 2006) (No Case exists)

**OPENING BRIEF ARGUMENT SECTION (SEE PART III BELOW)**

12 Sylvester v. United States, 868 F.3d 503 (6th Cir. 2017)
16 Hopson v. Gray, 2021 WL 4894311 (N.D. Ohio Oct. 20, 2021)
17 United States v. Perry, 116 F.4th 578 (6th Cir. 2024)
17 Savoy v. United States, 604 F.3d 929 (6th Cir. 2010)
17 United States v. Shepard, No. CR 10-1032-TUC-CKJ (D. Ariz. Feb. 17, 2012)
24 United States v. Pulido, 133 F.4th 1256 (11th Cir. 2025) (NAMED IN THE BRIEF WITHOUT A REPORTER CITATION)
25 Faretta v. California, 422 U.S. 806 (1975)

30 Estelle v. Williams, 425 U.S. 501 (1976) (SEE PART III.G BELOW)
31 Godinez v. Moran, 509 U.S. 389 (1993) (MISCITED; SEE PART III.B BELOW)
31 Mapp v. Ohio, 367 U.S. 643 (1961)
32 Silverthorne Lumber Co. v. United States, 251 U.S. 385 (1920)
32 Wong Sun v. United States, 371 U.S. 471 (1963)
32 United States v. Ganias, 824 F.3d 199 (2d Cir. 2016) (en banc) (OVERSTATED; SEE PART III.C BELOW)
33 Franks v. Delaware, 438 U.S. 154 (1978) (SEE PART III.G BELOW)
33 United States v. Leon, 468 U.S. 897 (1984)
38 United States v. Baker, 807 F.2d 1315 (6th Cir. 1986) (SEE PART III.G BELOW)
38 United States v. Dawson, 64 F.4th 1227 (11th Cir. 2023) (SEE PART III.G BELOW)
38 United States v. Howard, 968 F.3d 717 (7th Cir. 2020) (SEE PART III.G BELOW)
38 United States v. Wright, 774 F.3d 1085 (6th Cir. 2014)
39 United States v. Hillie, 39 F.4th 674 (D.C. Cir. 2022)
43 Kolender v. Lawson, 461 U.S. 352 (1983)
43 Village of Hoffman Estates v. Flipside, 455 U.S. 489 (1982) (SEE PART III.G BELOW)
44 New York v. Ferber, 458 U.S. 747 (1982) (SEE PART III.G BELOW)
45 United States v. Gagliardi, 506 F.3d 140 (2d Cir. 2007) (MISCHARACTERIZED; SEE PART III.A BELOW)
45 United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006) (MISCHARACTERIZED; SEE PART III.A BELOW)
45 Grayned v. City of Rockford, 408 U.S. 104 (1972) (SEE PART III.G BELOW)
46 United States v. Lopez, 514 U.S. 549 (1995)
47 United States v. Morrison, 529 U.S. 598 (2000) (SEE PART III.G BELOW)
48 Crane v. Kentucky, 476 U.S. 683 (1986)
51 Rodriguez v. United States, 575 U.S. 348 (2015)
51 United States v. Whitley, 34 F.4th 522 (6th Cir. 2022)
51 United States v. Brown, No. 23-3657, 2024 WL 4240558 (6th Cir. Sept. 19, 2024) (unpublished) (CITED IN THE BRIEF AS 66 F.4th 581 (6th Cir. 2023), A CITATION THAT DOES NOT EXIST; SEE PART III.A BELOW)
52 United States v. Weaver, 99 F.3d 1372 (6th Cir. 1996)
53 Horton v. California, 496 U.S. 128 (1990)

Of these, a number warrant further explanation, addressed in Part III below. Two, the Brown citation and the Gagliardi and Tykarsky citations, are addressed in Part III.A. Four are addressed in Part III.B because, although the rule of law stated is correct, the case counsel cited to support it either does not exist, in the case of Gaitan, or does not stand for that proposition. Each of the four is corrected in Part III.B with a real, existing authority that supports the rule as stated. Ganias is addressed in Part III.C. The standard of review citations to Edwards, McKaskle, Jackson, Liteky, Stevens, and Bond are also addressed in Part III.B, and the additional errors counsel identified in a further review of each printout are addressed in Part III.G.

In addition, the undersigned submits as Exhibit B the fourteen cases cited in the appellant's proposed Supplemental Brief. Counsel checked each before filing and has since reviewed each against its LexisNexis printout. Each is an actual case, but counsel's review found that the Supplemental Brief misquoted one of them and overstated the holding of another, as described in Part III.E below, the balance of the brief contains accurate and relevant authority.

## III. OPENING BRIEF ERRORS AND OMISSIONS

Some of the citations in the opening brief first appeared in Mr. Kuhl's pro se motions in the district court. That does not lessen counsel's responsibility. Counsel was obligated to verify every citation, whatever its source, and did not. The specific errors are addressed below.

### A. **CASE CITATION ERRORS**

Mr. Kuhl's pro se Motion to Suppress Evidence [Third] (R. 190) cited United States v. Brown by its docket number, "23-3657 at 5 (6th Cir. Sep. 19, 2024)." (R. 190, PageID.1599.) The opening brief instead cited "United States v. Brown, 66 F.4th 581, 586–87 (6th Cir. 2023)." (Br. 51.) As the Court found, that citation does not correspond to any decision in LexisNexis. Mr. Kuhl did not supply it. It entered the brief during counsel's drafting, and counsel did not verify it before filing. The decision Mr. Kuhl cited is United States v. Brown, No. 23-3657, 2024 WL 4240558, 2024 U.S. App. LEXIS 23970, at *6–7 (6th Cir. Sept. 19, 2024) (unpublished), which recognizes that a traffic stop may not be prolonged beyond the time reasonably required to complete its mission. Counsel notes that the Brown panel affirmed the denial of suppression on its facts, and counsel cites it for the general rule only.

Mr. Kuhl filed his pro se Motion to Dismiss Count Two (R. 111) on March 13, 2025, in which he cited United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006), and United States v. Gagliardi, 506 F.3d 140 (2d Cir. 2007), together with United States v. Root, on whether an attempt conviction under 18 U.S.C. § 2422(b) requires an actual minor. (R. 111, PageID.592.) The opening brief used these cases for a different proposition, asserting that "the circuits are divided" on whether the government must prove the defendant knew the victim was a minor. (Br. ix, 27, 45, 46.) That characterization is incorrect. Neither decision addresses knowledge of the victim's age, and, as the Court observed, Gagliardi cites and adopts the reasoning of Tykarsky. Gagliardi, 506 F.3d at 145, 147. There is no circuit split between them. The error arose in counsel's drafting, not in Mr. Kuhl's motion, and counsel should have caught it. Counsel withdraws the circuit split characterization. The proposed Amended Opening Brief removes it from Issue VII, the Summary of the Argument, and the argument at pages 45 and 46.

Mr. Kuhl filed his pro se Motion to Appoint Advisory Co-Counsel (R. 229) on June 4, 2025, in which he cited McKaskle v. Wiggins, 465 U.S. 168, 176 (1984), and United States v. Shepard, No. CR 10-1032-TUC-CKJ (D. Ariz. Feb. 17, 2012), listing five duties of standby counsel from that order. (R. 229, PageID.1975–1976.) The opening brief (Br. 17) described this as "the five-part standby counsel role outlined in United States v. Shepard." United States v.

Shepard, No. 4:10-cr-01032-CKJ, ECF No. 744 (D. Ariz. Feb. 17, 2012) is a district court judge's order that sets forth eight post-trial duties of advisory and standby counsel and refers to the court's earlier order affirming the pretrial duties set by the magistrate judge. Mr. Kuhl's motion only listed the first five of those duties. The brief should have described the order accurately rather than as a five-part role.

In denying a motion for recusal, the district court judge's June 2, 2025 order (R. 222) cited Hopson v. Gray, 2021 WL 4894311, at *4 (N.D. Ohio Oct. 20, 2021), for the proposition that a judicial-misconduct complaint against a judge is not, by itself, a basis for recusal. The opening brief's Statement of Facts (Br. 16) describes this ruling. The Table of Authorities identified the case only as "Hopson v. Gray, No. citation (W.D. Mich.)" and did not provide the full citation, which is corrected in Part II above.

### B. CITATIONS IN WHICH THE CORRECT LEGAL RULE WAS STATED BUT THE WRONG CASE WAS CITED

Four citations in the opening brief's standard-of-review and legal-background discussions state a correct rule of law but attribute it to the wrong case. Each arose in the same way. Having practiced federal criminal appellate law for more than thirty-six years, counsel was familiar with the governing standards of review and legal principles, and asked the AI tool, Claude, to supply or verify a supporting citation for each; in each instance, the tool returned a case that either

does not exist or does not support the rule as stated, and counsel did not verify the tool's output against the original authority before filing. Counsel addresses each instance individually below, together with the real authority now substituted for it.

The brief states that "the procedural dismissal of a suppression motion is reviewed for abuse of discretion," citing United States v. Gaitan, 171 F. App'x 523, 527 (6th Cir. 2006) (Br. xi). Counsel asked Claude AI tool to supply a citation supporting this rule; the tool returned Gaitan, which, as the Court found, does not exist, and counsel did not verify it before filing. The accurate case is United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002), which applies the abuse of discretion standard to a district court's refusal to reopen a suppression hearing, a closely related procedural ruling. Counsel offers Lawrence in place of Gaitan for that limited purpose and regrets that Gaitan was not verified.

Similarly, the brief states that "due process claims are reviewed de novo," citing United States v. Overholt, 307 F.3d 1231 (10th Cir. 2002) (Br. x). Counsel again asked Claude AI to supply a citation supporting this rule; the tool returned Overholt, an environmental-crimes appeal that does not address due process, and counsel did not verify it before filing. United States v. Jobson, 102 F.3d 214, 217 (6th Cir. 1996), reviews de novo a claim that the government's failure to preserve evidence violated due process. Counsel substitutes Jobson for Overholt and regrets that Overholt was not independently verified.

The brief states that "discovery violations are reviewed for abuse of discretion," citing United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (Br. x). Again, counsel asked Claude AI to supply a citation supporting this rule; the tool returned Presser, which addresses Brady/Giglio disclosure, not a standard of review for discovery violations, and counsel did not verify it before filing. United States v. Davis, 306 F.3d 398, 420 (6th Cir. 2002), holds that a district court's remedy for a discovery violation is reviewed for abuse of discretion. Counsel substitutes Davis for Presser and again regrets that Presser was not independently verified.

The brief states that "[t]his Court has recognized that the competency standard for self-representation may be higher than the competency standard for standing trial," citing Godinez v. Moran, 509 U.S. 389 (1993), together with Indiana v. Edwards, 554 U.S. 164 (2008) (Br. 31). As the Court observed, Godinez holds the opposite. 509 U.S. at 391. Counsel asked Claude AI tool to identify supporting authority for this rule and did not separately confirm that the resulting citations actually supported it. Edwards alone supports the proposition, and it is a decision of the Supreme Court, not of this Court. Counsel removes Godinez from this citation, attributes the rule to the Supreme Court in Edwards, and regrets that counsel did not independently verify Godinez.

Counsel's further review of the printouts in Exhibit A identified the same problem in other standard of review sentences. The brief cites Indiana v. Edwards, 554 U.S. 164, 174 (2008), for the proposition that competency to waive counsel is reviewed de novo (Br. vi); Liteky v. United States, 510 U.S. 540, 555 (1994), for de novo review of judicial bias claims (Br. viii); United States v. Stevens, 559 U.S. 460, 468 (2010), for de novo review of constitutional challenges to statutes (Br. ix); and Bond v. United States, 564 U.S. 211, 217 (2011), for de novo review of constitutional questions (Br. x). None of these decisions states a standard of appellate review. Edwards and Stevens are correctly cited elsewhere in the brief for substantive propositions, but not for the standard of review. In addition, the standard of review sentences for Issues III and IV attribute a de novo standard to McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984), and Jackson v. Virginia, 443 U.S. 307, 319 (1979). McKaskle supports the statement that the denial of self-representation is not subject to harmless error analysis, and Jackson supports the rational trier of fact standard, but neither decision uses the term de novo. The proposed Amended Corrected Opening Brief replaces each of these citations with authority that states the applicable standard of review. Where this Court's precedent on the standard is unsettled, as it is for decisions permitting or denying self-representation, the amended brief says so.

Highlighted copies of Lawrence, Jobson, and Davis, the authorities substituted above, are included in Exhibit A, together with copies of Overholt, Presser, and Godinez, the citations they correct, for the Court's comparison. No copy of Gaitan is included, because, as explained above, counsel could not locate any decision corresponding to that citation.

### C. UNITED STATES V. GANIAS

The opening brief cites United States v. Ganias, 824 F.3d 199 (2d Cir. 2016) (en banc), with a "See" signal for the proposition that re-examining data after a warrant has expired "constitutes a new search requiring fresh authorization." (Br. 32.) The accompanying parenthetical accurately describes Ganias as addressing the retention and re-examination of digital data. The en banc court, however, expressly declined to decide whether the government violated the Fourth Amendment and affirmed on good faith grounds. The "See" signal therefore overstated the support Ganias provides. The proposed Amended Opening Brief substitutes "Cf." and a parenthetical noting that the en banc court did not decide the question.

### D. THE TABLE OF AUTHORITIES ERROR

The brief's Table of Authorities lists ten cases that do not actually appear anywhere in the body of the brief: Ballard v. United States; Bank of Nova Scotia v. United States; Bowman Dairy Co. v. United States; Brady v. Maryland; Costello v. United States; Duncan v. Walker; Kyles v. Whitley; Solem v. Helm; Taylor v. Kentucky; and United States v. Swafford.

The Table of Authorities also omits six cases that are cited in the body (Gaitan, Ganias, Perry, Savoy, Shepard, and Pulido), and it identifies Hopson v. Gray only as "No. citation (W.D. Mich.)." The correct citation is Hopson v. Gray, No. 5:21-cv-704, 2021 WL 4894311 (N.D. Ohio Oct. 20, 2021). The proposed Amended Opening Corrected Brief contains a corrected Table of Authorities.

Apart from the errors described in this Part III, counsel is not aware of any other citation in the brief or the supplemental brief that refers to a case that does not exist or that fails to support the proposition for which it is cited. Counsel has obtained and attached LexisNexis printouts of the 43 real decisions cited in the Opening Brief, the three substituted authorities, and the 14 decisions cited in the Supplemental Brief, and does not ask the Court to rely on any broader assurance than that. Counsel has implemented, as a firm policy going forward, the practices described in the Introduction.

## E. THE CERTIFICATES OF COMPLIANCE

The opening brief's Certificate of Compliance, which the AI tool prepared, states that the brief contains 11,805 words. Counsel's count of the portions of the Amended Corrected Brief that Fed. R. App. P. 32(f) does not exclude is 12,899 words, which does not exceed the 13,000-word limit of Fed. R. App. P. 32(a)(7)(B)(i). The Supplemental Brief's Certificate of Compliance repeated the 11,805 figure. Counsel did not verify the count before filing and regrets both misstatements. The proposed Amended Opening Brief has been shortened, by removing repetitive material from its Statement of Facts, to 12,899 words, within the limit of Fed. R. App. P. 32(a)(7)(B)(i). It and the proposed Amended Supplemental Brief each state an accurate count.

## F. ADDITIONAL ERRORS IDENTIFIED IN COUNSEL'S FURTHER REVIEW

After assembling Exhibit A, counsel compared each highlighted printout against every sentence of the opening brief that cites it. That review identified the following additional errors. None involves a decision that does not exist, but several misstate what the cited decision says or where it says it. The proposed Amended Opening Brief corrects each one.

The brief cites Liteky v. United States, 510 U.S. 540, 555 (1994), for the proposition that the Due Process Clause guarantees a criminal defendant a fair trial before an impartial judge. (Br. 40.) Liteky is a recusal decision under 28 U.S.C. §

455(a) and does not address the Due Process Clause. It supports the brief's next sentence, that judicial rulings alone rarely constitute a basis for a finding of bias. 510 U.S. at 555. The proposed Amended Corrected Opening Brief attaches the Liteky citation to that sentence.

The brief cites Estelle v. Williams, 425 U.S. 501, 504–05 (1976), for the proposition that the Supreme Court has recognized appearing before the jury in jail clothing as "inherently prejudicial." (Br. 30.) The majority opinion does not use that phrase, which appears only in the dissent. The Court recognized that such attire may impair the presumption of innocence. 425 U.S. at 504–05.

The brief states that the Supreme Court "upheld § 2251's constitutionality in New York v. Ferber, 458 U.S. 747 (1982)." (Br. 44.) Ferber upheld a New York statute, not 18 U.S.C. § 2251.

The brief cites Franks v. Delaware, 438 U.S. 154 (1978), for the proposition that the government bears the burden of establishing the applicability of any exception to the exclusionary rule. (Br. 33.) Franks does not address that question. The proposed Amended Opening Brief removes the citation and the sentence it supported.

The brief cites United States v. Dawson, 64 F.4th 1227 (11th Cir. 2023), and United States v. Howard, 968 F.3d 717 (7th Cir. 2020), with a "See" signal, together with Wright and Hillie, for the proposition that § 2251(a) has been applied

where the defendant filmed the minor surreptitiously or was present and directed the filming. (Br. 38.) Neither Dawson nor Howard involved surreptitious filming or direction of the filming. Dawson adopts a broader reading of "uses" than the brief describes, 64 F.4th at 1230, and Howard rejected the government's broader reading and vacated the § 2251(a) convictions, 968 F.3d at 718. The proposed Amended Opening Brief cites Howard with a "see also" signal and Dawson with a "but see" signal, each with an explanatory parenthetical.

The brief also contains several cites, quotation, and parenthetical errors. It cites United States v. Morrison, 529 U.S. 598, 618 (2000), for language that appears at page 617. (Br. 47.) It places "strict[er]" in quotation marks and attributes it to Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982), which states instead that "a more stringent vagueness test should apply." (Br. 43.) It places "trap for the innocent" in quotation marks, while Grayned v. City of Rockford, 408 U.S. 104, 108 (1972), states that vague laws "may trap the innocent." (Br. 45.) Its parenthetical describes United States v. Baker, 807 F.2d 1315 (6th Cir. 1986), as addressing "extended pre-hospitalization custody," while Baker holds that 18 U.S.C. § 4241(d) does not authorize confinement beyond four months absent the required finding. 807 F.2d at 1320. (Br. 38.) And it omits the en banc designation for United States v. Carpenter, 360

F.3d 591 (6th Cir. 2004) (en banc), at pages vii and xi. The proposed Amended Corrected Opening Brief corrects each of these.

Counsel's review of the trial transcripts also found errors in the brief's record citations. The brief cited the trial and sentencing transcripts by the page number of each filing rather than by PageID; the proposed Amended Opening Brief converts each to its PageID. The brief also placed in quotation marks a statement attributed to the district court, that it was Mr. Kuhl's "decision both to represent himself and to appear before the jury in that attire," which does not appear in the transcript. The court asked Mr. Kuhl whether it was his choice to wear jail-issued clothing and whether it was his choice to continue representing himself (R. 318, PageID.2690), and the proposed Amended Opening Brief now describes that exchange. Finally, the opening brief stated that the district court overruled Mr. Kuhl's pretrial objection to Exhibit 12. The court deferred ruling on that objection and later admitted the exhibit over a relevance objection. (R. 318, PageID.2698–2704; R. 320, PageID.3262–3263.) The proposed Amended Opening Brief corrects each of these statements.

## IV. THE SUPPLEMENTAL BRIEF

The Supplemental Brief cites United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc), in the standard of review for Issue XI, but its Table of Authorities omits Carpenter. In addition, the page references in the Supplemental Brief's Table of Contents and Table of Authorities do not match its pagination. The proposed Amended Supplemental Brief corrects both.

In reviewing the Supplemental Brief against the printouts in Exhibit B, counsel found three further problems. First, the brief placed in quotation marks the phrase "inflame the passions and prejudices of the jury" and attributed it to United States v. Solivan, 937 F.2d at 1151. That phrase does not appear in Solivan. The court's actual language is that such arguments are impermissible when "calculated to inflame passion and prejudice." 937 F.2d at 1152. Second, the brief cited United States v. Young, 470 U.S. 1, 12–13 (1985), for the proposition that a generic instruction given before improper remarks is not a curative instruction. Young does not so hold; it notes that "'[i]nvited responses' can be effectively discouraged by prompt action from the bench in the form of corrective instructions to the jury." 470 U.S. at 13. Third, the proposed supplemental brief contained two bracketed notes asking that record citations be confirmed, which should have been resolved before the brief was tendered.

The proposed Amended Supplemental Brief attached herein, corrects the Solivan quotation, cites Young with a "Cf." signal and an accurate parenthetical, and removes both notes after counsel verified the record citations against the district court record. That review also corrected two record citations: the jury instruction cited at PageID.3411 appears at PageID.3391, and the verdict form cited at PageID.3367–3368 appears at PageID.3368. The proposed corrected amended supplemental brief also describes Mr. Kuhl's pretrial motion (R. 100) more precisely and omits a citation to R. 101.

## IV. CORRECTED OPENING BRIEF AND SUPPLEMENTAL BRIEF

As noted, the undersigned includes a proposed Amended and Corrected Opening Brief as Exhibit C and a proposed Amended and Corrected Supplemental Brief as Exhibit D, which make each correction described supra, and respectfully asks the Court to accept them in place of the briefs previously filed and tendered.

## V. COUNSEL'S PROFESSIONAL EXPERIENCE AND DISCIPLINARY RECORD

Counsel has practiced criminal defense for more than 36 years and has filed approximately forty appellate briefs before the United States Court of Appeals for the Sixth Circuit and Tenth Circuit and the Supreme Court of the United States. Counsel has not previously been the subject of any order to show cause, sanction,

or disciplinary inquiry for any reason including the accuracy of citations in any brief filed in this or any other court.

## VI. CONCLUSION

To summarize, the approximately 91 pages that made up the Opening Brief and Supplemental Brief admittedly contained serious citation errors. Gaitan does not exist. The reporter citation for Brown does not exist. Godinez, Overholt, and Presser do not support the propositions for which they were cited. Gagliardi and Tykarsky were mischaracterized as creating a circuit split. Edwards, Liteky, Stevens, and Bond were cited for standards of review they do not state, and McKaskle and Jackson for a de novo standard they do not mention. Liteky, Estelle, Ferber, Franks, Dawson, and Howard were cited for propositions they do not support as stated, and several cites, quotations, and parentheticals were inaccurate. Ganias was cited with a signal that overstated its support, the Table of Authorities did not match the brief, and the Certificate of Compliance misstated the word count. The Supplemental Brief misquoted Solivan, overstated Young, and contained unresolved drafting notes. Each error resulted from counsel's failure to verify citations before filing, the improper use of AI and counsel accepts full responsibility for them.

Counsel respectfully submits that the deficiencies identified in the Court's Order resulted from counsel's failure to independently verify citations before filing, failure to consider the hazard of utilizing AI and not from any intent to mislead this Court, and respectfully requests that the Court accept this Response in satisfaction of the Order to Show Cause and decline to impose sanctions or discipline.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Date: September 25, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2026, I electronically filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record, including the United States Attorney's Office.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant-Appellant
SAMUEL ALEXANDER KUHL
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Dated: September 26, 2026